IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, : | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No.   4:97-cr-00141-ERW |
| | § | |
| BILLIE JEROME ALLEN, | § | |
| Defendant. | § | |

**MOTION FOR APPOINTMENT OF COUNSEL
TO PURSUE POST-CONVICTION REMEDIES, AND
<u>MEMORANDUM OF LAW IN SUPPORT</u>**

COMES NOW Billie Jerome Allen, an indigent death-sentenced inmate, and

through undersigned counsel moves this Court, pursuant to 18 U.S.C. § 3599(a)(2), to

appoint counsel to represent him in pursuit of any and all post-conviction remedies in

the above-styled cause.  Specifically, Mr. Allen asks for an Order appointing Elizabeth

Unger Carlyle of Kansas City, Missouri and Columbus, Mississippi, and Joseph Cleary

of Indianapolis, Indiana.  In support of same, Mr. Allen provides the following:

1.      On June 11, 1998, judgment was entered sentencing Mr. Allen to death

pursuant to 18 U.S.C. §3591, *et seq.*  His direct appeal to the United States Court of

Appeals for the Eighth Circuit was unsuccessful.  *See United States v. Allen*, 357 F.3d

745 (8th Cir. 2004).  Upon petition for writ of certiorari, the United States Supreme Court

remanded Mr. Allen's case to the Eighth Circuit for consideration in light of *Ring v.*

*Arizona,* 534 U.S. 584 (2002).  On remand, the Eighth Circuit again denied relief.

*United States v. Allen,* 406 F.3d 940 (8th Cir. 2005).  The United States Supreme Court

denied Mr. Allen's petition for writ of certiorari on December 11, 2006.

2.      Having exhausted his avenues of relief on direct appeal, Mr. Allen now

wishes to pursue every avenue of post-conviction relief, including clemency if necessary. In order to do this, Mr. Allen will need the assistance of competent counsel. As the time limit for filing his motion for post-conviction relief pursuant to 28 U.S.C. §2255 has already begun to tick away, Mr. Allen respectfully asks that this Court appoint counsel at the earliest opportunity.

3.      Applicable federal law requires the appointment of qualified counsel in this case. Specifically, 18 U.S.C. §3599 (effective March 9, 2006) requires the appointment of "one or more attorneys" for indigent inmates seeking relief from their federal capital convictions and sentences of death in §2255 proceedings or in any other post-conviction proceedings including clemency.[1] Mr. Allen is such an inmate. His indigent status was previously determined by this Court. See Docket Entries Nos. 4 and 6. He is, therefore, entitled to the appointment of qualified counsel to pursue all available post-conviction remedies.

4.      Prior to the effective date of §3599, counsel were appointed for indigent death-sentenced inmates in §2254 and §2255 proceedings under the provisions of 21 U.S.C. § 848(q), which was repealed when § 3599 was enacted, but had identical provisions. In interpreting that provision, the United States Supreme Court also recognized the right to qualified counsel due to "the seriousness of the penalty and . . .

---

[1] The statute provides:

In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

18 U.S.C. § 3599(a)(2).

the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. §848(q)(7)).

5.      As with the prior §848(q) right to counsel, the right to counsel under §3599 attaches prior to the filing of a motion under 28 U.S.C. §2255 to vacate, set aside, or correct the sentence.  To interpret the statute otherwise would leave condemned prisoners without meaningful access to the courts.  As the Supreme Court declared with respect to the prior provision:

> Congress' provision of a right to counsel under §848 (q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7).  An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland*, 512 U.S. at 855-56 (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

6.      In construing §848(q)(4)(B) to require appointment of counsel prior to the filing of the petition, the Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need, and that since these services "may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed prior to the filing of the habeas petition.  *McFarland*, 512 U.S. at 855.

7.      From this analysis, it is plain that the right to counsel provided by §3599 is a right to assistance in identifying, developing, and pleading all available claims for

relief, including the claims already apparent from the trial and appeal proceedings and the claims not raised in those proceedings because they are derived from non-record facts which require access to investigative and expert resources.

8.      The appointment provision of §3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years experience in the handling of appeals in that court in felony cases.  18 U.S.C. §3599(c).  Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."  18 U.S.C. §3599(d).

9.      Mr. Allen requests that this Court appoint Elizabeth Unger Carlyle as lead counsel.  Ms. Carlyle has been licensed in Texas since 1977 and in Missouri since 1991 and is a member of the bars of Texas, Missouri, the Eighth Circuit Court of Appeals, the Seventh Circuit Court of appeals, and the United States Supreme Court.

10.      Ms. Carlyle has practiced criminal law, either as a defense attorney or as a prosecutor, since 1977. In Missouri, she has provided representation in a variety of capital and non-capital habeas corpus cases since 1991.  She currently or formerly represented seven defendants sentenced to death in Missouri in federal habeas corpus proceedings in the Eastern and Western Districts of Missouri and the Eighth Circuit. She also has an active appeal and post-conviction practice in the state courts of Missouri, and has represented approximately six persons under sentence of death in state court in Missouri, either on the trial, post-conviction or appeal levels.  Pending

cases include those of Richard D. Clay, Cecil Clayton, Leon Taylor, and David Barnett. Ms. Carlyle has also represented a number of clients in non-capital proceedings under 28 U.S.C. §2255 in the Eastern (Bar no. 51877) and Western Districts of Missouri and the Eighth Circuit (admitted approximately 1992).

11.     In addition to private practice, Ms. Carlyle has presented and assisted continuing legal education presentations in the area of federal habeas corpus in Missouri and Mississippi.  Most recently she participated in the training offered by the Administrative Office of the U.S. Courts in capital post-conviction litigation in Kansas City, Missouri in approximately May, 2006, and in Oxford, Mississippi in October, 2006.

12.     Ms. Carlyle maintained an office in Lee's Summit, Missouri from November, 1991 until July 1, 2006.  She has now relocated to Columbus, Mississippi, but maintains a full-time Missouri appeal and post-conviction practice.  She travels to Missouri approximately once a month, and would have no difficulty undertaking the aspects of this representation which would require her presence in St. Louis, Missouri, without special travel arrangements, particularly in light of the ECF system.

13.     Mr. Allen also requests that this Court admit Joseph M. Cleary *pro hac vice* and appoint him as counsel.  Mr. Cleary has been licensed to practice in the State of Indiana since 1988.  He holds a Bachelors of Arts degree from the University of Notre Dame (1985) and graduated from the Indiana University (Bloomington) School of Law in 1988.  Mr. Cleary is a member in good standing of the Bars of the State of Indiana (bar number 14212-49), the United States Supreme Court, Seventh Circuit Court of Appeals and, Southern District of Indiana.  Mr. Cleary is not under suspension or disbarment from any bar.

14.     From 1988 until January of 1995, Mr. Cleary was employed at the Office of the State Public Defender in Indianapolis, Indiana.  The State Public Defender is a state agency charged with representing indigent inmates seeking state post-conviction relief.  Mr. Cleary was principally charged with representing capitally charged inmates. At the time Mr. Cleary left the State Public Defender he was the Asst. Chief Deputy of the Capital Litigation Unit.   Among Mr. Cleary's clients were: Gregory Van Cleave, *State v. Van Cleave,* 694 N.E.2d 1293 (Ind. 1996) (post-conviction relief as to Van Cleave's sentence of death affirmed); William Spranger, *State v. Spranger*, 650 N.E.2d 1117 (Ind. 1995) (post-conviction relief as to Spranger's sentence of death affirmed)and Phillip McCollum (negotiated settlement reached during post-conviction appeal, modifying McCollum's sentence of death to term of years).

15.     Since 1995 Mr. Cleary has been in the private practice of law.  His practice is almost exclusively devoted to the practice of criminal law in the state and federal courts.  Mr. Cleary has represented capitally charged and sentenced offenders at every level of the process including; trial (James Games, Jerry Thompson[2] and currently, James P. Harrison), appeal (Jerry Thompson), state post-conviction (Benjamin Ritchie), and federal habeas corpus (James P. Harrison and Matthew Eric Wrinkles).   The district court granted Mr. Harrison's Writ of Habeas Corpus and ordered a new trial.  The Seventh Circuit affirmed, *Harrison v. McBride*, 428 F.3d 652 (7th Cir. 2005).  Mr. Cleary represents Harrison on his re-trial.

---

[2]Mr. Cleary represented Jerry Thompson on the direct appeal from his murder conviction and sentence of death.  The conviction and sentence were reversed by the Indiana Supreme Court. *Thompson v. State*, 690 N.E.2d 224 (Ind. 1997). Mr. Cleary represented Mr. Thompson on his re-trial and sentence of death.  His representation of Mr. Thompson continued into direct appeal.  Mr. Thompson's

16.    Mr. Cleary is a member of the CJA panel of the Southern District of Indiana.  As such, he routinely represents indigent criminal defendants in federal court in the Southern District of Indiana.  Mr. Cleary has been appointed by the State Public Defender as a Special Deputy in matters in which the Public Defender has a conflict. Most recently, he was appointed to represent Robert Bassett Jr., in his direct appeal from his multiple convictions of murder and sentence of life imprisonment without parole.  Prior to that he was appointed to represent Benjamin Ritchie in his pursuit of post-conviction relief from his sentence of death.

17.    In 2001, Mr. Cleary received the Indiana Public Defender Council's Gideon Award for "zealous advocacy of indigent persons accused of crime".  This award stemmed in part from Mr. Cleary's representation of Jerry Watkins.  In 1999, Mr. Cleary was appointed to represent Mr. Watkins on his petition for Writ of Habeas Corpus.  In 2000, the Hon. David F. Hamilton granted Mr. Watkins' Writ of Habeas Corpus.  Mr. Watkins was released from prison in July of 2000 after serving 14 years in prison for a crime he did not commit.   *Watkins v. Miller,* 92 F.Supp.2d 824 (S.D. Ind. 2000).

18.    Mr. Allen opened communications with Ms. Carlyle and Mr. Cleary over four years ago, when this case was proceeding through the Eighth Circuit the first time, and have established a good rapport and a strong foundation for a good working relationship.

**Conclusion**

case had been fully briefed and argued when Mr. Thompson was murdered in prison.

For these reasons, Mr. Allen respectfully requests that this Court appoint Elizabeth Unger Carlyle of Kansas City, Missouri, and Joseph Cleary of Indianapolis Indiana, to represent him in §2255 proceedings relevant to his conviction and sentence in the above-styled case.

A proposed Order is attached to this Motion, for the Court's convenience.

Respectfully submitted,


/s/ John William Simon

P.O. Box 26412
Kansas City, Missouri  64196-9998

(314) 604-6982
*simonjw@charter.net*

*Attorney for Mr. Allen*

<u>CERTIFICATE OF SERVICE</u>

This will certify that, on today's date, this motion was served upon counsel for the United States government by filing via CM/ECF.

/s/ John William Simon
John William Simon