Allen v. United States of America

Doc. 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:97CR00141 ERW |
| ) | |
| **BILLIE JEROME ALLEN,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on defendant's motion for appointment of counsel [Doc. #661] filed December 15, 2006.

### Background

A jury convicted the defendant of one count of killing a person in the course of a bank robbery, in violation of 18 U.S.C. § 2113(a) and (e) (Count I), and of murdering a person with a firearm used during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (j)(1) (Count II). The jury further determined that a sentence of life imprisonment was justified on Count I and that a sentence of death was justified on Count II. This Court sentenced defendant accordingly.

On direct appeal, a divided panel of the Eighth Circuit Court of Appeals affirmed defendant's convictions and sentences in all respects. See United States v. Allen, 247 F.3d 741 (8th Cir. 2001). The Supreme Court granted defendant's petition for a writ of certiorari, vacated the Eighth Circuit's judgment, and remanded

the case to the Eighth Circuit for further consideration in light of Ring v. Arizona, 536 U.S. 584 (2002). On remand, the Eighth Circuit again affirmed defendant's convictions and sentences. United States v. Allen, 406 F.3d 940 (8th Cir. 2005). The Supreme Court denied defendant's petition for a writ of certiorari. Defendant is currently confined at the United States Penitentiary located in Terre Haute, Indiana (USP-Terre Haute).

## Discussion

In the instant motion for appointment of counsel, defendant requests the appointment of Ms. Elizabeth Carlyle Unger, an attorney who resides in Columbus, Mississippi, and Mr. Joseph Cleary of Indianapolis, Indiana, so that defendant may "pursue every avenue of post-conviction relief, including clemency if necessary."[1] Specifically, defendant requests that counsel be appointed as soon as possible because the one-year limitation period for filing a motion to vacate, set aside or correct judgement under 28 U.S.C. § 2255 is already running.

---

[1] Mr. John William Simon was appointed to represent defendant by this Court on September 24, 1997 [Doc. #149]. Mr. Michael A. Gross was appointed to represent the defendant by the Eighth Circuit Court of Appeals (after Mr. Richard H. Sindel was allowed to withdraw) on October 22, 1998 [Doc. #544]. Both Mr. Simon and Mr. Gross continue to represent defendant "throughout every subsequent stage of judicial proceedings . . . and all available post-conviction process . . . and proceedings for executive clemency as may be available to the defendant" unless replaced by qualified counsel. See 18 U.S.C. § 3599(e); see also 21 U.S.C. § 848(q)(8) (repealed). Consequently, the instant motion is more correctly characterized as a motion to substitute counsel, rather than a motion to appointment counsel for a defendant who currently has no counsel representing him.

2

Because defendant seeks appointment of counsel so that he may file a § 2255 motion, the Court will order the Clerk of Court to remove the instant motion from this case file and file it as a separate case initiating defendant's "post-conviction proceeding" under § 2255. Cf. McFarland v. Scott, 512 U.S. 849, 854 (1994) (concluding that 'post-conviction proceeding' within the meaning of 21 U.S.C. § 848(q)(4)(B) is commenced by the filing of a capital defendant's motion requesting the appointment of his counsel for his federal habeas corpus proceeding).[2] This is consistent with the procedural treatment given to a similar motion to appoint counsel filed by Norris Holder, the co-defendant in this case. See Holder v. United States, No. 4-03-CV-923 ERW (E.D. Mo.).

With respect to the request made in the instant motion (i.e., to substitute Ms. Unger and Mr. Cleary for Mr. Simon and Mr. Gross), the Court notes that the Government has no objection to defendant's motion. The Court, however, has several questions about appointing Ms. Unger and Mr. Cleary. Therefore, the Court will conduct a telephone conference with counsel for all parties

---

[2]The policy of this Court is to file and docket a movant's § 2255 motion as a separate civil case and address movant's request for § 2255 97-cr-141relief in that case rather than in the closed criminal file. By filing defendant's motion for appointment of counsel as a separate action, the Court can address both pre-filing issues (like appointment of counsel for the § 2255 motion) and the substance of defendant's § 2255 motion in a single case. If the Court waits for the filing of the actual § 2255 motion to open a new action, then part of the proceeding's record would be contained in the closed criminal file which may create confusion.

before ruling on the instant motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall remove from this file defendant's motion for appointment of counsel [Doc. #661] and file and docket the motion as a post-conviction proceeding commenced under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remove from this file the Government's response to the motion for appointment of counsel [Doc. #663] and file and docket the response in the post-conviction case opened pursuant to this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall retain a copy of defendant's motion for appointment of counsel [Doc. #661] and the Government's response to the motion [Doc. #663] in the instant criminal file.

**IT IS FURTHER ORDERED** that a telephone status conference concerning defendant's motion to appoint counsel [Doc. #661] will be held on **January 19, 2007, at 11:00 a.m.** This Court will initiate the telephone conference with counsel for all parties on the date and time stated above.

So Ordered this 8th Day of January, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**

4