**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:07CV00027 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**ORDER**</u>

This matter is before the Court upon the motion of Joseph M. Cleary, attorney at law, for admission to the bar of this Court pro hac vice [Doc. #6]. A telephone status conference was held on January 19, 2007, regarding a motion to appoint Mr. Cleary and Ms. Elizabeth Unger Carlyle as counsel for Billie Jerome Allen, movant, a federal inmate under a sentence of death [Doc. #1]. At that hearing, the Court's intention and understanding was that Mr. Cleary would become a regular member of this bar, not a member of this bar pro hac vice. The Court is informed that, after having been advised of the Court's intention and understanding, Mr. Cleary will apply for admission as a regular member of this Court. Consequently, the Court will deny Mr. Cleary's motion for appointment pro hac vice.

The Court emphasizes that the denial of Mr. Cleary's pro hac vice motion is not a negative reflection on Mr. Cleary's character or fitness. Instead, the Court's Criminal Justice Act Plan, 18 U.S.C. § 3006A(a), provides that attorney appointments

will be made from the Court's CJA Panel which is comprised of the regular members of the Court's bar.  Additionally, because this case involves the death penalty and because Mr. Cleary will have a primary role in Mr. Allen's representation, the Court believes that regular membership is preferable to pro hac vice admission.

The Court notes that the fee for pro hac vice admission, which Mr. Cleary has submitted, is $100.  The fee for regular admission is $150.  It is not the Court's intention to make Mr. Cleary pay a combined $250 in admission fees.  Rather, the $100 already submitted by Mr. Cleary for his pro hac vice admission should be applied to the $150 fee for regular admission.  In sum, Mr. Cleary will be required to submit an additional $50 to this Court for his application for regular admission.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the application of Joseph M. Cleary for admission to the bar of this Court pro hac vice [Doc. #6] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that no later than February 16, 2007, Mr. Cleary shall apply for admission to the bar of this Court as a regular member as provided in Local Rule 12.01.

2

**IT IS FURTHER ORDERED** that the Clerk of Court shall refund the $100 pro hac vice fee paid by Mr. Cleary from the Court's non-appropriated fund.  The refund shall be made payable to the Clerk of Court and shall be applied by the Clerk to Mr. Cleary's application for admission to the bar of this Court as a regular member.

**IT IS FURTHER ORDERED** that if Mr. Cleary fails to apply for admission to the bar of this Court as a regular member by the above date, then the Clerk of Court shall refund the $100 from the non-appropriated fund to Mr. Cleary.

So Ordered this 29th Day of January, 2007.

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**

3