**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN**<br>    **Petitioner** | §<br>§<br>§<br>§ | |
| **vs.** | §<br>§ | **Cause No.  4:07-CV-27-ERW** |
| **UNITED STATES OF AMERICA**<br>    **Respondent** | §<br>§ | |

**REQUEST FOR LEAVE TO FILE MOTION FOR EXPERT FUNDS
*EX PARTE* AND UNDER SEAL**

Petitioner Billie Allen requests leave of this court to file his Sealed Ex Parte Motion for Financial Assistance *ex parte* and under seal.  The proposed *ex parte* motion is being physically transmitted to this Court at the time of filing of this motion, and should arrive in this Court on Monday, March 26, 2007.  The motion seeks funds for investigative assistance in the areas of mitigation and innocence, and paralegal assistance in managing the extensive file in this case.  In support of his motion, petitioner states as follows:

In *Ake v. Oklahoma*, 470 U.S. 68, 82-83 (1985), the Supreme Court recognized the accused's right to proceed before the court *ex parte* when requesting funds for expert assistance.  The reasoning behind allowing *ex parte* application to the court in these circumstances is so the defense is not forced to reveal its strategy before the required time.

Prior to its amendment by the AEDPA, 21 U.S.C. §848(q)(9) (now 18 U.S.C. §3599(f)) provided as a matter of course that applications for appointment of investigators or experts for the defense could be made *ex parte*. By amending Section

**REQUEST FOR LEAVE TO FILE *EX PARTE* AND UNDER SEAL** – Page 1

848(q)(9) to provide for *ex parte* applications upon a showing of need, Congress apparently reasoned that confidential proceedings generally would be unnecessary in federal habeas proceedings under 28 U.S.C. *§2254* because in the ordinary case a petitioner would already have investigated and developed the grounds for relief in state postconviction proceedings.  Accordingly, "all claims should [already be] out on the open" by the time the petitioner reached federal court.  CONG. REC. S7803-01, S7819 (daily ed. June 7, 1995) (statement of Senator Hatch).

This reasoning, of course, does not apply to a  federal defendant like Mr. Allen, for whom the present proceeding is his first and only opportunity to develop facts and claims for relief outside the trial record.  The scope and purpose of federal review under Section 2255 is fundamentally different from the  corresponding review made available by Section 2254. The AEDPA contemplates that a state prisoner claiming constitutional violations should receive the most searching review of those claims in state court, with subsequent federal intervention appropriate only when the state courts' decision is "unreasonable," as opposed to simply mistaken.  See generally 28 U.S.C. §2254(d)(1)-(2) (barring federal court from granting habeas relief where state court has already reviewed merits of the claim, unless state court's adjudication of issues of  law or fact was unreasonable).  Federal review in such cases serves a limited, secondary role.  Given that the facts and legal issues in such a case necessarily have already been identified and developed by the time the case reaches federal court, see 28 U.S.C. §2254(b)(1), there is correspondingly less justification for permitting state prisoners to proceed ex parte on applications for investigative or expert assistance in the federal forum.

**REQUEST FOR LEAVE TO FILE *EX PARTE* AND UNDER SEAL** – Page 2

In contrast, a federal capital defendant such as Mr. Allen has not yet had any opportunity for post-conviction counsel to explore facts outside the trial record which might warrant relief from his conviction or sentence, and this Court's review of any such claims will constitute the only safeguard for Mr. Allen's constitutional rights.  Mr. Allen thus maintains an ongoing interest in shielding "the theory of his defense from the prosecutor's scrutiny."  See *United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir. 1973); see also *United States v. Edwards*, 488 F.2d 1154, 1162 (5th Cir. 1974) ("Dissemination of information critical to the defense permits the government to enjoy unauthorized discovery which is forbidden under our concept of criminal procedure and the statute.").  The basis for Mr. Allen's request for funding will reveal undersigned counsels' strategy in preparing Mr. Allen's post-conviction motion as well as the general nature of communications from Mr. Allen.  For the reasons set forth in the *ex parte* application, undersigned counsel have reason to believe that it is essential to the full and fair development of the facts, and this Court's reliable and accurate disposition of Mr. Allen's forthcoming motion under 28 U.S.C. 2255, that Mr. Allen's investigative strategy remain confidential for the time being.

Little published law addresses what constitutes a "proper showing" under Section 848(q)(9) or 18 U.S.C. §3599(f) for purposes of establishing the need to proceed *ex parte*.  The Court in *Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D.Tex. 1999), adopted the following procedure:

> [A petitioner seeking expense authorization shall] file and
> serve a brief motion seeking generally authorization for
> investigative or expert expenses, [including] a short case-
> specific statement of the need for confidentiality.  The
> statement of need for confidentiality merely must identify
> generically the type of services needed and the broad issue

**REQUEST FOR LEAVE TO FILE *EX PARTE* AND UNDER SEAL** – Page 3

> or topic (e.g. innocence) for which the services are necessary.  Simultaneously, the petitioner must file ex parte and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of fees or expenses likely to be incurred.  The petitioner must provide factual support for the funding request.  The motion, but not the application with supporting materials, must be served on the respondent.

See also *Shields v. Johnson*,48 F.Supp.2d 719  (S.D. Tex. 1999) (adopting this approach). Counsel suggest that this is an appropriate procedure to follow in Mr. Allen's case, and so are filing this motion electronically and simultaneously transmitted to the court, *ex parte* and under seal, the detailed motion for financial assistance.

18 U.S.C. § 3599(f) allows *ex parte* consideration of a request for expert funds where petitioner shows the need for confidentiality.  Petitioner's Sealed Ex Parte Motion for Financial Assistance demonstrates the need for confidentiality.  If the Court is not inclined to allow the filing of petitioner's motion *ex parte*, petitioner requests leave of Court to amend his motion and attempt to remove matters of defense strategy and attorney-client privilege from the motion before disclosure to respondent.[1]

---

[1] Obviously, petitioner believes the court is in a much better position to understand and recognize his need for expert assistance if he is able to share with the court the matters of defense strategy and attorney-client privilege that are currently contained in the motion.

**<u>REQUEST FOR LEAVE TO FILE *EX PARTE* AND UNDER SEAL</u>** – Page 4

Wherefore, petitioner respectfully requests this Court to enter its order granting him leave to file his Sealed Ex Parte Motion for Financial Assistance *ex parte* and under seal of the Court.  In the alternative, petitioner requests leave to amend his motion to delete matters of defense strategy and attorney-client privilege before disclosure of the motion to respondent.

Respectfully submitted,

/S/ ELIZABETH UNGER CARLYLE

Elizabeth Unger Carlyle #51877
P.O. Box 962
Columbus, MS  39701
Missouri Bar No. 41930
(816) 525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

ATTORNEYS FOR PETITIONER

CERTIFICATE REGARDING SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on March 23, 2007 upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE

**REQUEST FOR LEAVE TO FILE *EX PARTE* AND UNDER SEAL** – Page 5