**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | § | |
| Petitioner | § | |
| | § | |
| | § | |
| **vs.** | § | **Cause No.  4:07-CV-27-ERW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| Respondent | | |

## MOTION FOR COPIES OF JURY QUESTIONNAIRES

Billie Jerome Allen, by counsel, moves the court to direct the district clerk to provide to his counsel copies of the jury questionnaires completed in his underlying criminal case, No. 4:97-CR-141-ERW-2, by the jurors and alternates.  In support of this motion, Mr. Allen states:

1.  Counsel received from trial counsel copies of jury questionnaires completed by most members of the panel from which Mr. Allen's jury was selected.  However, the questionnaires completed by the jurors and alternates were not included.

2.  In order to determine whether there was information in those questionnaires which should have been the subject of inquiry by counsel or formed the basis for a challenge for cause or peremptory challenge, it is necessary for post-conviction counsel to review these questionnaires.

3.  The copies provided need not contain the names and addresses of jurors, since the copies originally provided to trial counsel did not do so.  Thus, the privacy of the jurors can be respected since Mr. Allen and his counsel will have no means of identifying them from the questionnaires.

1

4.  A component of effective assistance of counsel is the use of available tools to select a fair and impartial jury.  See American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Revised Edition, February 2003, Guideline 10.10.2.  Failure to make adequate use of jury questionnaires has been found to be ineffective assistance of counsel requiring reversal.  *State v. Lamere*, 112 P.3d 1005 (Mont. 2005); *Knese v. State*, 85 S.W.3d 628 (Mo. 2002).

5.  Counsel have no way of determining whether trial counsel made proper use of the material in the jurors' and alternates' questionnaires without reviewing their written responses.

For the foregoing reasons, Mr. Allen prays the court to direct the district clerk to provide counsel for Mr. Allen with copies of the questionnaires completed by the jurors and alternates in his criminal case.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 962
Columbus, MS  39701
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

2

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on November 28, 2007 upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE