**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | § | |
| **Petitioner** | § | |
| | § | |
| | § | |
| **vs.** | § | **Cause No.  4:07-CV-27-ERW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| **Respondent** | | |

**MOTION FOR LEAVE TO INTERVIEW TRIAL JURORS**

Petitioner Billie Jerome Allen  respectfully moves the Court to permit counsel or their representative to contact and interview the jurors in Mr. Allen's case., pursuant to L. Cr. R. 47-7.01(B)(1).  Such an opportunity is essential to secure rights guaranteed to Mr. Allen by 28 U.S.C. § 2255, 21 U.S.C. § 848(q)(4)(B), and the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution.  In support of this motion, Mr. Allen states:

**Topics to be covered in interview.**  In preparing the petition in this capital habeas corpus case, counsel for Mr. Allen have discovered three issues as to which inquiry needs to be made of jurors.  None of them concern the jurors' discussions concerning the ultimate issues to be resolved in the case.  Rather, they are external to the specific issues before the jury.  The issues as to which discussion is sought are:

1. *Whether the jurors were aware that the Lindell Bank was robbed again during the trial, and how this affected them.*  Trial counsel brought this issue to the attention of the court during trial, but was denied the right to have the jurors questioned, and took no further action.  The jury was not sequestered.  Depending on the response of the jurors, it is possible that Mr. Allen was denied his constitutional right to an impartial jury.

1

2.  *Whether the jurors were prejudiced against Mr. Allen as a result of the secrecy as to their identity during the jury selection proceedings.*  The trial court required that the prospective jurors be addressed by their numbers only.  This had the potential for making the jurors believe that they were in some danger from the defendant due to their jury service.  If they so believed, Mr. Allen was denied his constitutional right to an impartial jury and to the presumption of innocence.

3.  *Whether the jurors were aware that Mr. Allen wore a stun belt throughout the proceedings, and how this affected them.*  Clearly, the jurors' knowledge of the existence of restraints would  be prejudicial to the defendant.  If the jurors were aware of the belt, Mr. Allen was denied his constitutional right to an impartial jury and to the presumption of innocence.

This is a death penalty case—one of fewer than two dozen in the entire nation in which a federal jury has imposed a death sentence since 1988.  Protecting a defendant's right to a fair trial is especially critical in a capital case, because of the qualitative difference between the penalty of death and all other punishments.  *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976); see *Gardner v. Florida*, 430 U.S. 349, 357-58 (1977) ("From the point of view of the defendant, [death] is different in both its severity and its finality.  From the point of view of society, the action of the sovereign in taking the life of one of its citizens also differs dramatically from any other legitimate state action.  It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion").  Because Mr. Allen faces execution based on the verdict of this jury, this Court must employ "extraordinary measures to ensure that [he] is afforded

process that will guarantee, as much as is humanly possible, that the sentence was not imposed out of whim, passion, prejudice, or mistake." *Eddings v. Oklahoma*, 455 U.S. 104, 118 (1982) (O'Connor, J., concurring).  The record before the Court now establishes a disquieting likelihood that the jurors' verdict that Mr. Allen be put to death may have been contaminated by extraneous influences, and thus a product of "whim, passion, prejudice, or mistake" in precisely the manner condemned by the Supreme Court. To ensure fundamental fairness and heightened reliability, this Court should authorize counsel to contact and interview the jurors in Mr. Allen's case.

For the foregoing reasons, Mr. Allen prays the court for authorization to interview the trial jurors.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 962
Columbus, MS  39701
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

3

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on December 7, 2007, upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE