## DECLARATION OF KEVIN McNALLY

1. I currently serve as the Director of the Federal Death Penalty Resource Counsel Project. This Project assists court-appointed and defender attorneys charged with the defense of capital cases in the federal courts throughout the United States.  Declarant has served as Resource Counsel since the inception of the Resource Counsel Project in January, 1992.  The Project is funded and administered under the Criminal Justice Act by the Office of Defender Services of the Administrative Office of the United States Courts.

2. My responsibilities as Director of the Federal Death Penalty Resource Counsel Project include, among other duties, the monitoring of all federal capital prosecutions throughout the United States in order to collect information regarding district court practices in federal capital trials.[1]

3. In order to carry out the duties entrusted to us, the Resource Counsel Project maintains a comprehensive list of federal death penalty prosecutions and detailed information regarding district court practices in these cases.  We accomplish this by reviewing dockets and by downloading and obtaining indictments, pleadings of substance (including sealed documents), notices of intent to seek or not seek the death penalty, and by telephonic or in-person interviews with experts, defense counsel and/or consultation with chambers. This information is regularly updated, and is checked for accuracy whenever possible against any available United States government information regarding federal capital prosecutions.  The Project's information regarding practices in federal capital

---

[1]The work of the Federal Death Penalty Resource Counsel Project is described in the report prepared by the Subcommittee on Federal Death Penalty Cases, Committee on Defender Services, Judicial Conference of the United States, FEDERAL DEATH PENALTY CASES: RECOMMENDATIONS CONCERNING THE COST AND QUALITY OF DEFENSE REPRESENTATION (May, 1998), at 28-30.  The Subcommittee report "urges the judiciary and counsel to maximize the benefits of the Federal Death Penalty Resource Counsel Project ..., which has become essential to the delivery of high quality, cost-effective representation in death penalty cases ..." *Id.* at 50.  http://www.uscourts.gov/dpenalty/1COVER.htm.

prosecutions has been relied upon by the Administrative Office of the United States Courts, by the Federal Judicial Center and by various federal district courts.

4. Resource counsel collect comprehensive, accurate data concerning various practices that have emerged since the federal courts resumed trying capital cases in 1990. This collection of data includes the intervals of time between various pretrial milestones and trial. The federal courts have, with few exceptions, permitted considerable time between the indictment and mitigation submission and between the government's notice of intent to seek the death penalty and the commencement of trial.

5. The average time between indictment and trial in federal capital cases is approximately 20.5 months. The average time between indictment and notice of intent to seek the death penalty is 12.5 months. The average time between notice of intent to seek the death penalty and trial is approximately 12.6 months.[2]

6. Pursuant to declarant's responsibilities as Federal Death Penalty Resource Counsel, declarant has compiled the above information regarding federal capital cases in the regular course of the business of the Federal Death Penalty Resource Counsel Project.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of November, 2007.

Kevin McNally

---

[2]The Project has obtained the date for 367 indictments, 417 notices of intent to seek the death penalty and 410 trials. This accounts for the apparent disparity in the figures above.

2