UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:07CV00027 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION FOR LEAVE TO INTERVIEW TRIAL JURORS**

Comes now the United States of America, by and through its attorneys, Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri and Joseph M. Landolt and Steven E. Holtshouser, Assistant United States Attorneys for said District, and responds to petitioner's motion for leave to interview trial jurors as follows:

**I. Petitioner's Motion**

Petitioner seeks to interview trial jurors, allegedly limited to three (3) topics: 1) whether the jurors were aware of an unrelated robbery of the Lindell Bank and Trust during the trial; 2) whether their anonymity had any prejudicial effect on their deliberations; and 3) whether they were aware that petitioner was wearing a "stun" belt under his clothes during trial as a security measure.  In the motion petitioner's counsel claims that they have "discovered three issues as to which inquiry needs to be made of jurors."  The motion fails to provide any details concerning the basis for this alleged "discovery."  In fact, the extent of any justification for the requested inquiry is, as follows: "[t]he record before the Court now establishes a disquieting likelihood that the jurors' verdict that Mr.

1

Allen be put to death may have been contaminated by extraneous influences . . . ." The motion contains no explanation of what this so-called "record" is or why it establishes a "disquieting likelihood" that "extraneous influences" contaminated the verdict.

On the contrary, there is, as yet, no record in this anticipated habeas action and petitioner's request to question jurors almost 10 years after their service is completely without support or basis. Essentially, petitioner seeks to go on a fishing expedition without any basis for believing whether the jury had knowledge of the issues in question and whether said speculative knowledge had any impact on them. Such a fishing expedition should not be permitted, especially where petitioner has not established that, even if he were to be successful in establishing the three circumstances referred to in his motion, he would be legally entitled to relief.

## II. Applicable Law

Federal Rule of Evidence 606(b) prohibits the inquiry sought by petitioner:

[A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict on the verdict form.

Fed. R. Ev. 606(b). The rationale for this prohibition is that without it "[j]urors will not be able to function effectively if their deliberations are to be scrutinized in post-trial litigation." Note to Subsection (b), 1974 Enactment of Federal of Evidence 606(b). Under the rule, even where there is extraneous prejudicial information or outside influences which are improperly brought to bear on the jury, the rule "does not permit juror testimony about any matter or statement occurring during the course of the jury's deliberations." Id.

2

Similarly, Eastern District of Missouri Local Rule 47-7.01(B)(1) prohibits contact with petit jurors unless ordered to do so by the Court.  In addition, consistent with Federal Rule of Evidence 606(b), the circumstances under which the Court may permit such inquiry are limited to receipt of "evidence of misconduct" in which case, "the Court may conduct an investigation to establish the accuracy of the misconduct allegations."  The local rule clearly envisions that the Court conduct and control any questioning, perhaps *in camera*, rather than permitting a party to question and contact jurors independently or otherwise.  In addition, the local rule clearly requires evidence of misconduct, not mere suspicion or speculation, before permitting the requested inquiry.

The principle protected by the local and federal rules has long been recognized by the judiciary.  In McDonald v. Pless, 238 U.S. 264 (1914), the Supreme Court stated:

> Jurors would be harassed and beset by the defeated party in an effort to seccure from them evidence of facts which might establish misconduct sufficient to set aside a verdict.  If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation - to the destruction of all frankness and freedom of discussion and conference.

Id. at 267.  Post-Rule 606(b) cases demonstrate that post-verdict interviews of jurors are discouraged and that a strong, preliminary threshold showing must be made by the moving party to obtain any level of juror contact.  *See, e.g.*, U.S. v. Wright, 2007 WL 3261539 (10th Cir., Nov. 6, 2007)(District Court has wide discretion to restrict post-trial contact with jurors to protect jurors from "fishing expeditions" by losing attorneys); U.S. v. Barber, 147 Fed.Appx. (11th Cir. 2005)(Court properly denied post-trial request to contact jurors, despite anonymous juror report that other jurors had not supported guilty verdict); U.S. v. Sherrill, 388 F.3d 535 (6th Cir. 2004)(District Court properly denied post-verdict request to interview juror who was alleged to have slept through trial; defendant only made vague assertion that juror was sleeping and that he was prejudiced thereby); U.S. v.

3

Walsh, 75 F.3d 1 (1st Cir. 1996)(Rule 606(b) protects important interests in finality of verdict and privacy of deliberations); U.S. v. Hooshmand, 913 F.2d 725 (11th Cir. 1991)(post-trial motion to interview jurors denied even though one juror had stated that verdict was not her verdict and that there were "things" that she did not want to publish; showing insufficient to warrant relief); U.S. v. Gravely, 840 F.2d 1156 (4th Cir. 1988)(absent preliminary showing of improper outside influence, defendant not entitled to interview jurors); U.S. v. Felton, 2003 WL 40508 (D.Mass. 2003)(post-verdict interviews of jurors are forbidden except in extraordinary circumstances; here jurors told journalist they were aware of defendant's biracial background, but said background was covered in voir dire by some and defense did not object or remove them); U.S. v. Volpe, 62 F.Supp.2d 887 (E.D.N.Y. 1999)(Court must be especially careful in supervising post-verdict questioning of jurors where the jury was anonymous); U.S. v. Dunn, 961 F.Supp 249 (D.Kan. 1997)(interviews of jurors are permitted only in extreme situations; court must balance considerations of protecting jurors from harassment, preserving finality of judgments and ensuring that verdicts are based on accuracy and fairness); U.S. v. Kanahele, 951 F.Supp. 928 (D.Haw. 1996)(federal courts disfavor post-trial inquisition of jurors); U.S. v. Ruggiero, 850 F.Supp 186 (E.D.N.Y. 1994)(inquiry denied 5 years after trial and 3 years after affirmance where jurors had been promised anonymity, despite proffered evidence of bribe to dismissed juror and tape-recording of conversation between dismissed juror and defense counsel); Economou v. Little, 850 F.Supp. 849 (N.D.Ca. 1994)(preliminary showing of juror misconduct that extraneous prejudicial information was improperly brought to jury's attention or that outside influence was improperly brought to bear upon any juror required before court will permit post-verdict inquiry into jury deliberations); U.S. v. Militello, 673 F.Supp. 141 (D.N.J.

1987)(high threshold preliminary showing required to obtain permission to conduct post-verdict interviews of jurors).

Applying Rule 606(b), Local Rule 47-7.01(B)(1) and the above cases requires that petitioner's motion be denied.  Petitioner's motion fails to even allege any misconduct on the part of the trial jurors and offers no basis for this Court to suspect that jurors were aware of another robbery or defendant's stun belt.  There is also no basis to suspect that jurors were prejudicially influenced by their anonymity.  Defense counsel was aware of the  alleged robbery, the fact that defendant was wearing a stun belt and the fact that jurors were anonymous.  The impact of anonymity also could have been investigated during voir dire, but was not.  Yet defense counsel never saw any reason during the trial or immediately thereafter to suspect that any of these tangential facts were improperly brought to the juror's attention or had any prejudicial effect.  Petitioner's present counsel offers no rational basis for questioning the propriety of trial and appellate counsel's conduct or lack thereof.

As close as petitioner comes to justifying the basis for his request is to remind this Court of the obvious, namely that this was a capital case.  However, neither the language of Rule 606(b) nor any court decision cited by petitioner creates any "capital case" exception to the historic and codified prohibition that protects the integrity and privacy of jury deliberations.

Even if this Court were to consider making an exception to the local rule, and case law, in the absence of supported for allegations of juror misconduct, a habeas petitioner should be required to meet a high burden of proof before being entitled to such an inquiry.  For example, petitioner should be required to establish that there is a causal link between any of these three areas of inquiry and a likelihood of petitioner obtaining the relief.  Petitioner could not have been substantially

5

prejudiced by any juror being aware of the robbery of the Lindell Bank and Trust during his trial, because petitioner was not charged with another robbery for which he obviously could not have been responsible.

The fact that each juror was assigned a number and that their identity may not have been known to the parties is also not something that could have possibly prejudiced Mr. Allen's right to a fair trial. The evidence of the violent conduct by petitioner in this case would have generated far more concern about their safety from the defendant as opposed to the minor marginal increase in that anxiety caused by their anonymous status. Such anxiety is also something that could have been explored in voir dire and would have been cured by the Court's instructions to not base their verdict on anything other than the evidence and the law.

Finally, the Government does not believe that there is any way that any juror could have been aware that Mr. Allen wore a stun belt, because said belt was always concealed under his clothing and very few individuals besides the defendant and the U.S. Marshals were aware of such restraint. Had there been an instance during the trial when any juror even accidentally was able to observe Mr. Allen's belt, no juror would have necessarily known what it was and petitioner's counsel was in a position to have made a record on such an event. Jurors were obviously aware that there were security personnel in the courtroom, this Court placed a curtain in front of defense table to protect the jury from observing any restraints on petitioner and this Court always made sure that petitioner was in the courtroom and seated behind defense table before any juror was permitted to enter the courtroom. If there had been a violation of this procedure, trial counsel was in a position to raise it and complain about it.

Alternatively, if this Court rejects the above, any inquiry should be strictly limited and controlled conducted by the Court.  Even where there are instances of alleged misconduct, the local rule states that the Court may conduct an investigation - not the parties independently and without any supervision.  Should this Court grant petitioner's motion, the Government respectfully requests that any inquiry be conducted by the Court *in camera* in a way that preserves their anonymity.  In addition, the inquiry should be strictly limited to the jurors' awareness of relevant facts and not the thought processes  by which the testifying juror or other jurors reach their verdicts.

**WHEREFORE**, the Government respectfully requests that petitioner's motion for leave to interview trial jurors be denied.

Respectfully submitted,

CATHERINE L. HANAWAY
United States Attorney

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER, #24277
Assistant United States Attorney
111 South 10th Street - 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Elizabeth U. Carlyle
P.O. Box 962
Columbus, MS 39703

Joseph M. Clearly
Hammerle and Allen
1455 N. Pennsylvania
Indianapolis, IN 46202

7

/s/Steve E. Holtshouser
Assistant United States Attorney