**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN**<br>    **Petitioner** | §<br>§<br>§<br>§ | |
| **vs.** | §<br>§ | **Cause No.  4:07-CV-27-ERW** |
| **UNITED STATES OF AMERICA**<br>    **Respondent** | §<br>§ | |

**REPLY SUGGESTIONS IN SUPPORT OF
MOTION TO INTERVIEW JURORS**

The government emphasizes the need to protect the jurors from unwarranted invasions of their privacy, and characterizes Mr. Allen's request as a "fishing expedition."  While the privacy of the jurors, and their freedom from harassment, are important, Mr. Allen is facing far greater consequences than mere inconvenience:  the loss of his life.  Thus, the balance of equities weighs strongly in his favor, and this Court should exercise its discretion to permit the interviews requested here.

Mr. Allen does not seek to ask the jurors to discuss their deliberations on the issues in his case, or to impeach their verdict.  Rather, he seeks their responses on three specific factors extraneous to the evidence in the case which had a strong possibility of improperly affecting those deliberations.  This limited inquiry should not be burdensome to the jurors.

The jurors in this case were not promised anonymity.  Their names were not used during jury selection, but the names were available to trial counsel and to Mr. Allen, and the jury was never told otherwise.  Mr. Allen is willing to accept reasonable safeguards in the interview process to protect the jurors from harassment.

1

The three issues as to which the jurors' response is sought all relate to specific extraneous influences which are likely to have affected the jury.  Trial counsel requested that the court question the jurors as to one of these influences, the second robbery of the same bank during the trial, but that request was denied.  As to the other two, the wearing of the stun belt and the secrecy of the jurors' identities during the trial, no trial objection was made.  Without talking to the jurors now, there is no way of knowing whether Mr. Allen's jury was improperly influenced by matters extraneous to the evidence in the case without asking them.

For the foregoing reasons, and the reasons discussed in the motion, Mr. Allen prays the court to permit his counsel to interview the trial jurors in his case.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 962
Columbus, MS  39701
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on ?, upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE