UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BILLIE JEROME ALLEN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:07CV00027 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Motion for Leave to Interview Trial Jurors [doc. #46].

Petitioner seeks to interview trial jurors on three topics: (1) whether the jurors were aware of an unrelated robbery of the Lindell Bank and Trust during the trial; (2) whether their anonymity during jury selection had any prejudicial effect on their deliberations; and (3) whether they were aware that petitioner was wearing a "stun" belt under his clothes during trial as a security measure. Federal Rule of Evidence 606(b) states that:

> [A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) *whether extraneous prejudicial information was improperly brought to the jury's attention,* (2) *whether any outside influence was improperly brought to bear upon any juror,* or (3) whether there was a mistake in entering the verdict onto the verdict form.

(emphasis added).

"District courts have 'wide discretion' to restrict contact with jurors to protect jurors from 'fishing expeditions' by losing attorneys." *United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007). For the Court to authorize such a post-verdict inquiry, Petitioner must make "a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

proper preliminary showing." *Economou v. Little*, 850 F. Supp. 849, 852-53 (N.D. Cal. 1994); (*citing United States v. Eagle*, 539 F.2d 1166, 1170-71 (8th Cir. 1976)). Essentially, Petitioner must make a preliminary showing that either (1) "extraneous prejudicial information was improperly brought to the jury's attention" or (2) that an "outside influence was improperly brought to bear upon any juror." Federal Rule of Evidence 606(b).

Petitioner has not made a threshold showing for either category enumerated above, and in the absence of such a showing, the Court will not allow Petitioner to engage in post-verdict questioning of jurors. *See Tanner v. United States*, 483 U.S. 107 (1987); *United States v. Gravely*, 840 F.2d 1156, 1159 (4th Cir. 1988); *Big John, B.V. v. Indian Head Grain Co.*, 718 F.2d 143, 150 (5th Cir. 1983). In filing this motion, Petitioner has "essentially requested leave to interview jurors for the purpose of discovering possible grounds" for Petitioner's § 2255 motion. *Economou*, 850 F. Supp. at 853. Without first making a threshold showing of extraneous prejudicial information or improper outside influence, Petitioner's "request is a mere fishing expedition." *Gravely*, 840 F.2d at 1159; Federal Rule of Evidence 606(b).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Interview Trial Jurors [doc. #46] is **DENIED.**

Dated this 4th Day of January, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com