**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | § | |
| **Petitioner** | § | |
| | § | |
| **vs.** | § | **Cause No.  4:07-CV-27-ERW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| **Respondent** | § | |

**MOTION TO DISQUALIFY**
**THE HONORABLE E. RICHARD WEBBER**

Billie Jerome Allen, the petitioner herein, by counsel, respectfully moves this

Court to disqualify itself from presiding over or deciding any further issues in this matter.

In support of this motion, Mr. Allen states:

**Introduction**.

This motion is based on the following grounds:

1. That Judge Webber has "personal knowledge of disputed evidentiary facts

concerning the proceeding," (28 U.S.C. §455(b)(1)), in particular with respect to

Grounds B and D of the amended petition for writ of habeas corpus.

2. That Judge Webber's "impartiality might reasonably be questioned" (28 U.S.C.

§455(b)(1)), creating an appearance of impropriety, in particular with respect to Ground

J of the amended petition for writ of habeas corpus.


**1.  Personal knowledge of disputed evidentiary facts.**

In Ground B of his amended petition, Mr. Allen asserts that the Court required

him to wear a stun belt.  Because trial counsel failed to object, there was no hearing on

1

this issue prior to trial, and there are no facts in the record as to why the Court required Mr. Allen to wear a stun belt.  These are facts that are exclusively within the Court's knowledge, and Mr. Allen is entitled to develop them in support of his 28 U.S.C. §2255 claim for constitutional relief.  The Court will need to be a witness on this issue, and therefore cannot sit in judgment of it.

Similarly, in Ground D of his amended petition, Mr. Allen asserts that the Court empaneled an anonymous jury without explanation and without objection by trial counsel.  In the absence of such an objection, there was no hearing on this issue; there was no evidence in the record about how the safety of the venirepersons would be jeopardized by revealing their names, and the facts behind the Court's decision to allow the jury to remain anonymous are unknown to Mr. Allen.  He is entitled to develop and present these facts in support of his constitutional claim.  The Court cannot sit in judgment of a claim about which it is a witness.

**Appearance of impropriety.**

Mr. Allen was brought to trial on February 9, 1998, only six months after the death penalty in his case was authorized.  On January 29, 1998, trial counsel moved for a continuance and presented evidence that they had not completed the penalty phase investigation.  This Court denied the motion, and the court of appeals affirmed.

This ruling is at issue in Ground J of Mr. Allen's amended petition.  That Ground alleges that Mr. Allen was denied effective assistance of counsel because trial counsel failed to investigate and present evidence at the penalty phase of his trial.  Unlike most assertions of ineffective assistance, this ground does not depend exclusively on the actions of trial counsel in failing to investigate or present evidence.  Rather, it depends

in considerable part on this Court's refusal to allow trial counsel adequate time to perform the required investigation, and the Court's conclusion in denying the continuance motion that trial counsel could do an effective job within six months, a time that is far shorter than that of other federal capital cases.

Mr. Allen respectfully asserts that this Court cannot be impartial with regard to the effectiveness of Mr. Allen's trial counsel's performance because the Court's own action in denying the continuance trial counsel sought in order to pursue investigations critical to preparing for the penalty phase of Mr. Allen's trial was based on the assumption that counsel's performance could be effective without the continuance. The Court's sitting in judgment of this issue gives the appearance of impropriety, first because the Court will be in the position of evaluating its prior ruling on the motion for continuance, which was integral to counsel's inability to offer Mr. Allen a constitutionally adequate defense. Also, this Court—in denying the continuance motion—implicitly ruled that the time before trial was sufficient to perform a mitigation investigation and prepare Mr. Allen's mitigation case for trial. The Court therefore cannot appear to be, or actually be, impartial in evaluating Mr. Allen's claim that even the six months between authorization and trial was a woefully inadequate amount of time for his trial lawyers to prepare for his capital sentencing phase, and that trial counsel did not adequately use even that time.

3

**AUTHORITIES IN SUPPORT OF MOTION**

**I. The Due Process Clause and disqualification pursuant to 28 U.S.C. § 455(b)(1) require the Court's recusal.**

**A.  Due process right to impartial tribunal.**

The fair trial guarantees of the Due Process Clause of the Fifth Amendment encompass a litigant's right to have "a neutral and detached judge" preside over judicial proceedings. *Ward v. Village of Monroe*, 409 U.S. 57, 62 (1972). In *In re Murchison,* 349 U.S. 133 (1959) the Supreme Court observed:

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias. But our system of law has always endeavored to prevent even the probability of unfairness. . . . Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way "justice must satisfy the appearance of justice." [citations omitted].

So important is this constitutional guarantee that its denial is not subject to the harmless error rule. See, e.g., *Tumey v. Ohio*, 273 U.S. 510 (1927).

**B.  Personal knowledge of court.**

Under 28 U.S.C. §455(a)(1) and (2), a judge "shall" disqualify himself if "he has... personal knowledge of disputed evidentiary facts concerning the proceeding;" or "the judge. . . has been a material witness concerning" the "matter in controversy."  *See Murray v. Scott*, 253 F.3d 1308 (11th Cir. 2001) (citing *United States v. State of Alabama*, 828 F.2d 1532, 1541 (11th Cir.1987).

4

This Court's resolution of the issues of whether Mr. Allen's wearing of a stun belt and the empaneling of an anonymous jury were prejudicial to Mr. Allen would at least appear to be impacted by the fact that the same Court ordered these practices.  In addition, the Court possesses personal knowledge concerning the basis for these practices which was not available to defense counsel and is not otherwise on the record because of defense counsel's failure to object to the Court's rulings on these issues. Mr. Allen is entitled to develop and present evidence of the Court's reasons for ordering the stun belt and juror anonymity, which will not be possible if this Court is both a witness to these §2255 issues and presiding over Mr. Allen's §2255 proceedings.

### C.  Judicial bias and the appearance of impropriety.

Congress has enacted 28 U.S.C. §455 (Disqualification of Justice, Judge, or Magistrate), which provides in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding *in which his impartiality might reasonably be questioned*.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding*; . . .
>
> (5) *He* or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: . . .
>
>> (iv) *Is to the judge's knowledge likely to be a material witness in the proceeding. . . .*

(Emphasis added).

Subsection (a) of §455 creates a "catchall" recusal provision, covering both "interest or relationship" and "bias and prejudice" grounds. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). This provision reflects Congress' intent to root out even the *appearance* of bias or prejudice and requires an objective evaluation not of the reality of bias or prejudice, but of even its appearance. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification under §455(a) is:

> triggered by an attitude or state of mind so resistant to a fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings. . . . Thus, under §455(a), a judge should be disqualified only if it *appears* that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.

*Id.* at 557-558 (Kennedy, J. concurring in the judgment, emphasis added. Thus, "[i]t is the appearance of bias or partiality that matters here, not actual bias." *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996), citing *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981).

Thus, even if this Court believes recusal is not required because the Court is likely to be called as a witness in this proceeding, he should still recuse to avoid the appearance of impropriety. Avoidance of the appearance of impropriety, and the assurance of an impartial tribunal, are particularly important in death penalty cases.

Death penalty cases are quite different from ordinary felony cases because the "finality" of death and its "qualitative differen[ce] from a sentence of imprisonment, however long," magnifies the "need for reliability" and, accordingly, the need for reliable fact-determination procedures. *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). The judge's role under federal law literally gives him the power of life and death. In

keeping with the principle that death is different, recusal issues are treated differently in death penalty cases. *See, e.g., Peek v. State*, 488 So.2d 52 (Fla. 1986); *Isaacs v. State,* 355 S.E.2d 644 (Ga. 1987); *West v. State, Miss.*, 519 So.2d 418 (1988); *State v. Vickers*, Ariz., 675 P.2d 710 (1983). Mr. Allen's post-conviction motion contains assertions of error on the part of this Court. In the interest of fairness and reliability, as well as the Congressional policy of avoiding even "the appearance of bias or partiality," *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996), Mr. Allen's motion for relief should be heard and adjudicated by a different judge.

The difficulties between counsel for the defendant and the court were held to require recusal under §455 in *United States v. Waskom*, 179 F.3d 303 (5th Cir. 1999), and *United States v. Anderson*, 160 F.3d 231, 233-234 (5th Cir. 1998) ("This Court recognizes that it is essential to avoid even the appearance of impropriety because it is as important in developing the public confidence in our judicial system as avoiding the impropriety itself"); *see also In re: Kensington International Limited*, 368 F.3d 289, 303-304 (3rd Cir. 2004) (ordering recusal where the court's presiding over the proceedings created the appearance of impropriety where court's appointment of advisory counsel appeared to create a conflict of interest); *In Re United States*, 441 F.3d 44, 57 (1st Cir. 2006) (noting that any doubts in a recusal case should be resolved in favor of recusal where court improperly delayed a trial to investigate grand jury proceedings).

7

WHEREFORE, for the foregoing reasons, counsel for Mr. Allen respectfully requests that this Court disqualify itself from presiding over or deciding any further issues in this matter and enter such further order as the Court deems appropriate.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 866
Columbus, MS  39701
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on April 16, 2008, upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle

ELIZABETH UNGER CARLYLE

8