UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLIE JEROME ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07 CV 0027 ERW |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## RESPONSE TO PETITIONER'S MOTION
## TO DISQUALIFY HONORABLE E. RICHARD WEBBER

COMES NOW, the United States of America, by and through Catherine L. Hanaway,

United States Attorney for the Eastern District of Missouri, and Steven E. Holtshouser and

Joseph M. Landolt, Assistant United States Attorneys for said District, and states as follows:

Introduction

Petitioner Billie Jerome Allen ("Allen" or "petitioner") has moved this Honorable Court

to disqualify itself in this proceeding pursuant to 28 U.S.C. §455 (b)(1) on the grounds that this

Court has knowledge of disputed evidentiary facts concerning the proceeding and that this

Court's impartiality might reasonably be questioned. Allen's motion seeks unprecedented relief

from circumstances which are exceedingly ordinary. The motion is without foundation in law or

fact and should be summarily denied.

§2255 Motions are intended to be heard before the court which imposed sentence.

"The very purpose of Section 2255 is to hold any required hearing in the sentencing court

. . ." United States v. Hayman, 342 U.S. 205, 220 (1952). Rule 4(a) of the Rules Governing

Section 2255 Proceedings for the United States District Courts directs that the motion be

1

forwarded promptly to "the judge who conducted the trial and imposed sentence or, if the judge who imposed the sentence was not the trial judge, to the judge who conducted the proceeding being challenged."   One of the primary purposes of §2255, as revealed by its legislative history and subsequent case law, is to make it possible for the judge to rule upon motions in the nature of habeas corpus petitions attacking the validity and regularity of prior proceedings before him. United States v. Smith, 337 F.2d 49, 52-52 (4th Cir. 1964).   In fact, §2255 was designed to correct situations arising in habeas corpus litigation  which required the trial judge, without an opportunity to supplement the record as to what had occurred at trial, to be heard as an ordinary witness.  This anomaly resulted in the "intolerable situation . . . of having the testimony of the trial judge and the word of a convicted felon pitted against each other."  Id.  The reasoning behind the current Rule was first expressed in Carvell v. United States, 173 F.2d 348, 349 (4th Cir. 1949), and has been virtually unanimously endorsed since:

> Complaint is made that the judge who tried the case passed upon the [§2255] motion.  Not only was there no impropriety in this, but it is highly desirable in such cases that the motion be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegation as to what occurred.

Id.     See also, Clemmons v. Wolfe, 377 F.3d 322, 329 n. 5 (3rd Cir. 2004) (noting propriety of holding §2255 proceedings before trial court);  DeLuca v. United States , 243 F.Supp. 2d 982, 986 (E.D. Mo. 2003) (denying recusal motion in §2255 proceeding; motion had "collateral effect of subverting" the Congressional goal in enacting §2255); United States v. Battle, 235 F. Supp. 2d 1301, 1350 (N.D.Ga. 2001) (denying recusal motion in §2255 motion filed in Federal Death Penalty case, and holding that binding circuit precedent indicates  policy behind §2255's requirement that the sentencing judge handle the §2255 motion is sound);  United States v. Rice,

815 F. Supp. 158, 159 (W.D.N.C. 1993) (denying recusal motion in §2255 proceeding and noting §2255 clearly rests "the authority to hear a motion to correct an illegal sentence with 'the court which imposed the sentence'").

Allen cites to no authority which requires that a court other than the original sentencing court hear a §2255 motion. This meritless motion should be denied. Battle, 235 F.Supp at 1350.

District Court's knowledge of disputed evidentiary facts learned through participation in the case is not grounds for recusal .

Allen's argument that this Court must recuse itself because it has personal knowledge of "disputed evidentiary facts," or in this case, knowledge of its own rulings requiring Allen to wear a stun belt and empaneling an anonymous jury, runs directly contrary to Congress's legislative intent in enacting §2255. Congress intended that claims relating to the regularity of proceedings in the trial court brought under the aegis of §2255 should be decided by the court most familiar with the facts and surrounding circumstances, i.e., the trial court itself.

Although Allen contends recusal is mandated because this Court made two of the challenged rulings, the recusal issue is moot if Allen is not entitled to an evidentiary hearing on his §2255 motion. See United States v. Pollard, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (district court properly declined recusal in §2255 motion where within its discretion to deny a hearing); (DeLuca v. United States , 243 F.Supp. 2d at 986 (because district court did not grant §2255 hearing it will not be a witness and recusal is not required under §455). Moreover, judicial rulings alone almost never constitute a valid basis for a bias motion under 28 U.S. C. §455, Liteky v. United States, 510 U.S. 540, 555 (1994). Allen's recusal claim is based on such a premise. Where, as here, the grounds asserted as establishing bias are not derived from extrajudicial sources, " but [are] on the basis of facts introduced or events occurring in the

3

course of the current proceedings, or of prior proceedings," Allen must prove that the objectionable conduct displayed "deep seated and unequivocal antagonism that would render fair judgment impossible." Id. at 556.  This he fails to do.

Considering that the trial court is charged under §2255 with the initial determination of the correctness of its rulings in the underlying criminal matter, it is unsurprising that the "disputed evidentiary facts," which are a condition precedent for recusal under 28 U.S.C. §455(b)(1), must come from "extrajudicial" sources.  Knowledge gained from th judge's discharge of his judicial function is not a ground for disqualification under §455(b)(1).  Omega Engineering Inc. V. Omega, S.A., 432 F.3d 437, 447-48 (2nd Cir. 2005).  The two matters of "disputed evidentiary facts" at play presently, both occurred during the course of the underlying criminal matter.  Motion to Disqualify The Honorable E. Richard Webber ("Allen's motion"), pp. 3-5.  Thus, they are excluded under §455(b)(1) as grounds for the recusal of this Court. United States v. Pollard, 959 F.2d. at 1031 ( denying recusal in §2255 proceeding and stating, "[t]he district court did not need to recuse itself under §455(b)(1) because only personal knowledge of disputed evidentiary facts gained in an extrajudicial capacity is grounds for recusal, and any knowledge [the district court] had concerning the government's sentencing submissions came directly from his participation in the case").  See also: West v. United States, 994 F.2d 510, 512-13 (8th Cir. 1993) (no error in district court's failure to recuse himself *sua sponte* in §2255 proceeding as "facts learned in judicial capacity cannot be basis for disqualification"); United States v. Widgery, 778 F.2d 325, 328 (7th Cir. 1985) (no basis for recusal of district court in §2255 proceeding under §455(b) as "[k]nowledge of disputed facts requires disqualification only if knowledge has an extrajudicial source");   Firestone Tire and

4

Rubber Company v. Hale, 756 F.2d 1322, 1329 (8th Cir. 1985) (§455(b) disqualification motion

denied as "[f]acts learned by a judge in his judicial capacity cannot be basis for disqualification"

and adverse evidentiary rulings do not, by themselves, demonstrate bias).

In United States v. Battle, supra, a §2255 proceeding in a Federal death penalty case,

defendant Battle sought the trial court's recusal from the §2255 matter under §455(b)(1),

claiming that the trial court had personal knowledge of disputed evidentiary facts, including the

issues of sleeping jurors, Battle's deteriorating physical and mental condition, comments made

by the trial court to U.S. Marshals and comments made to the jurors about their verdict.  The

court denied the recusal motion for the reasons that:

> Trial judges routinely observe and acquire knowledge concerning the
> case over which they preside, but that does not automatically mean that
> that the trial judge is a necessary or even appropriate witness in a collateral
> attack on the sentence or judgement.  As to all of the topics mentioned
> by defense counsel, there would be innumerable witnesses other than
> the trial judge who could be called to testify. If there are indeed disputes
> of fact, the Court can fairly resolve them based upon the evidence.  The
> mere fact that a trial judge has residual mental impressions from the trial
> is not disqualifying. *In fact, it is very much in the interest of the fair and*
> *efficient administration of justice that the judge most familiar with the*
> *case handle the post-conviction proceedings*. . . Section 455(b)(1) does
> not require disqualification merely because the judicial officer has
> knowledge about a party or an issue based on prior judicial proceedings
> before the officer.

Battle, 235 F. Supp 2d at 1349-50 (emphasis supplied).

This Court should deny Allen's recusal motion for symmetrical reasons.

Allen fails to demonstrate the bias of this Court.

As observed above, it is Supreme Court precedent that judicial rulings alone almost never

constitute a valid basis for a §455 motion and that opinions formed by the judge on the basis of

facts introduced or events occurring in the course of prior proceedings do not constitute a basis

for a bias motion unless they display "a deep-seated favoritism or antagonism that would make

fair judgement impossible." Liteky v. United States, 510 U.S. at 555.  This is so because:

> The judge who presides at trial may, upon completion of the evidence,
> be exceedingly ill disposed toward the defendant who has been shown
> to be a thoroughly reprehensible person.  But the judge is not thereby
> recusable for bias or prejudice, since his knowledge and opinion it
> produced were properly and necessarily acquired in the course of the
> proceedings, and are indeed sometimes (as in a bench trial)  necessary
>  to the completion of the judge's task. . . 'Impartiality is not gullibility.
> Disinterestedness does not mean child-like innocense.  If the judge
> Did not form judgements of the actors in those court-house dramas
> called trials, he could never render decisions. . . Also not subject to
> deprecatory characterizations as 'bias' or 'prejudice' are opinions
> held by judges as a result of what they learned in earlier proceedings.
> *It has long been regarded as normal and proper for a judge to sit
> in the same case upon its remand, and to sit in successive trials
> involving the same defendant.*

Id. at 550-51 (emphasis supplied).   Not only does Allen abjectly fail to demonstrate that this

Court harbors the type of "deep-seated favoritism or antagonism" necessary to prevail under

§455, he fails even to allege it.  Allen's motion, pp. 2-7.

A brief survey of the available precedent regarding recusal of district courts on the

grounds of bias reflects the futility of Allen's motion.  See, e.g.: Liteky v. United States, 510

U.S. at 556 (grounds for recusal consisting of judicial rulings, routine trial administration efforts,

and ordinary admonishments to counsel and witnesses insufficient to require recusal); United

States v. Pollard, 959 F2d at 1030-31 (claim that district court improperly considered

information conveyed to him *ex parte* by government in sentencing defendant could not support

disqualification for bias because bias alleged must stem from extrajudicial source and result in an

opinion on the merits on some basis other than information learned from judge's participation in

case); Holloway v. United States, 960 F. 2d 1348, 1351 (8th Cir. 1992) (denial of petitioner's

6

motion to disqualify district court in §2255 proceeding based on district court's friendship with deceased district court judge who originally imposed sentence upon defendant affirmed); United States v. Probst, 792 F.2d 111, 113 (8th Cir. 1986) (denial of §455 motion to disqualify district court in §2255 proceeding on grounds that "impartial observer would question impartiality of district judge because the actions of the district judge were being challenged" affirmed. "A reasonable person would not believe that a district judge could impartially consider and decide these claims. Merely alleging . . . that the district judge ultimately found against [petitioner] on these claims does not show bias sufficient to require disqualification"); United States v. Faul, 784 F. 2d 1204, 1210-11 (8th Cir. 1984) (in prosecution for murder of U. S. Marshals, claim that district court was not impartial because of deceased marshals' contact with court insufficient to require recusal); Levine v. United States, 25 F.Supp. 2d 900 (N.D. In. 1998) (denial of petitioner's recusal motion affirmed, where motion was based upon bias of district court in §2255 proceeding and predicated on claims that district court's numerous trial mistakes and adverse rulings showed that "the Court had it in for him personally," including district court's denial of petitioner's motion to amend §2255 motion and district court's temperament and brevity of some rulings. "[R]ecusal-justifying bias or prejudice are not established by 'expressions of impatience, dissatisfaction, annoyance and even anger . . . A judge's ordinary efforts at courtroom administration . . . remain immune,' quoting Liteky).

Battle is again instructive. In that matter, the petitioner alleged, in support of his motion to disqualify the district court in the §2255 proceeding collaterally attacking his Federal death sentence, the following indicia of bias, inter alia: (1) comments made by the district court in a conference with trial counsel concerning the negative impact on the public's perception of the

justice system when trial counsel are routinely accused of unprofessional conduct; (2) the district court's decision not to appoint a particular attorney as substitute counsel and that attorney's husband as investigator; (3) the district court's decision not to reconsider the issue of petitioner's competency; (4) the district court's advice to petitioner that he had the right to testify; (5) the district court's decision not to allow petitioner to voluntarily absent himself from the courtroom and the district court's decision to exclude defendant from courtroom and require him to view proceedings over closed circuit television after defendant became unruly; (6) the district court's refusal to allow in court questioning of jurors about their views on the death penalty; (7) that the district court was aware of jurors sleeping during portions of the trial but took no action; (8) that the district court excused the African-American foreperson of the jury during the penalty phase yet treated a white juror more favorably; (9) that the district court permitted highly prejudicial hearsay testimony from corrections workers during the penalty phase but gutted hearsay testimony of the defense social historian, and; (10) that following the death verdict the district court told the jurors they had made the right decision.  Each of these allegations was found insufficient to support the recusal of the district court on the basis of bias.  Battle, 235 F.Supp. 2d at 1342 - 1350.

Petitioner's contention that this Court's rulings, which  required  him to wear a stun belt[1] and  empaneled an anonymous jury, somehow evidence bias and prejudice must fail.   A reasonable person would not believe that this Court could not impartially consider and decide

---

[1] See United States v. Battle, 173 F.3d 1343, 1346-47 (11th Cir. 1999) regarding the propriety of restraining defendant during a federal death penalty trial.  Ironically, defendant Battle complained that the district court required that he appear in court in shackles when a less conspicuous "stun apparatus" was available.

these claims. Allen's mere allegations that this Court ultimately found against him does not show bias sufficient to require disqualification. See United States v. Probst, 792 F.2d at 113.

The novelty of Allen's motion is demonstrated by his inability to direct this Court to a single instance in which a recusal motion was granted under even remotely similar conditions. The cases cited by Allen are inapposite. The district court erred in United States v. Waskom, 179 F.3d 303, 315-16 (5th Cir. 1999) by not recusing itself with respect to one of the charged defendants where that defendant's attorney *had provided testimony before a special investigative committee of the Fifth Circuit which was adverse to the district court*. The decision in Waskom was dictated by earlier circuit decisions, including United States v. Anderson, 160 F.3d 231, 233-34 (5th Cir. 1998), which involved the same attorney and district court judge and was premised on the attorney's testimony against the court. Id.; Waskom, 179 F.3d at 316.

Kensngton International Limited, 368 F.3d 289 (3rd Cir. 2004), also cited by Allen, was a complex, consolidated asbestos-related bankruptcy case. The district court appointed two "neutral advisors" to inform him about asbestos issues, and the two advisors simultaneously served as advocates in an unrelated asbestos-related bankruptcy, representing future asbestos personal injury claimants. The circuit court found that the two advisors' conflict of interest tainted the district court, especially where the two had *ex parte* discussions with the district court on the merits of the litigation. Unsurprisingly, the Fifth Circuit found that under these unusual circumstances disqualification was appropriate under §455(a). Id. at 294, 306-312.

In re United States, 441 F.3d 44 (1st Cir. 2006), also relied upon by Allen, was a mandamus action brought by the United States seeking the recusal of a district court who had indefinitely stayed a criminal trial to conduct an investigation into possible government

9

misconduct relating to the grand jury.  The government sought recusal of the district court under §455(a), unlike Allen who seeks recusal under §455(b)(1).  The First Circuit, citing Liteky v. United States, supra, held that §455(a) requires recusal in some circumstances where §455(b) does not.  In particular, the Court held that under §455(a), the appearance of prejudice may be sufficient.  The Court noted that a judge's rulings, even erroneous rulings, are ordinarily not enough to warrant recusal.  However, the government's argument for recusal was not based upon the district court's ordinary efforts at courtroom administration or judicial remarks, but upon the district court's investigation of the prosecutor's office under the label of government misconduct, which poses the risk that the line will be crossed between executive and judicial roles, and between the formulation and evaluation of positions in litigation.  441 F.3d at 67.  Under the unique set of circumstances presented, the Court held that the government had established a reasonable basis for questioning the impartiality of the district court judge under §455(a).  Id. at 68.  The facts and circumstances which supported the government's §455(a) recusal motion in In re United States do not similarly aid Allen in his §455(b)(1) motion.

Conclusion.

For all of the foregoing reasons, Allen's motion should be summarily denied.

Respectfully submitted,

CATHERINE L. HANAWAY
United States Attorney

*s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER #24277
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333

St. Louis, Missouri 63102
(314) 539-2200

 *s/ Joseph M. Landolt*
JOSEPH M. LANDOLT #6484
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Elizabeth Unger Carlyle, P.O. Box 866, Columbus, MS 39701 and Mr. Joseph M. Cleary, 1455 N. Pennsylvania, Indianapolis, IN 46202.

*s/ Joseph M. Landolt*
JOSEPH M. LANDOLT #6484
Assistant United States Attorney