**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN**<br>    **Petitioner** | § <br> § <br> § <br> § | |
| **vs.** | § <br> § | **Cause No.  4:07-CV-27-ERW** |
| **UNITED STATES OF AMERICA**<br>    **Respondent** | § <br> § | |

**REPLY SUGGESTIONS IN SUPPORT OF MOTION TO DISQUALIFY
THE HONORABLE E. RICHARD WEBBER**

Petitioner Billie Jerome Allen files these reply suggestions in support of his motion.

**1.  While most 28 U.S.C. §2255 motions should be heard by the sentencing judge, this case presents an exception.**  Mr. Allen acknowledges that judicial economy normally dictates that §28 U.S.C. §2255 proceedings be heard by the judge who imposed sentence.  See, e.g., *United States v. Rice*, 815 F. Supp. 158, 159 (W.D.N.C. 1993), cited by the government.  However, 28 U.S.C. §455 applies to §2255 proceedings just as it does to other federal proceedings.

As the Court  put it in *United States v. Hayman*, 342 U.S. 205, 219 (1952):

> Nowhere in the history of Section 2255 do we find any
> purpose to impinge upon prisoners' rights of collateral attack
> upon their convictions. On the contrary, the sole purpose
> was to minimize the difficulties encountered in habeas
> corpus hearings by affording the same rights in another and
> more convenient forum.

Thus, Mr. Allen should have the same rights to present evidence and to an unbiased tribunal in this case brought under  28 U.S.C. §2255 as he would have  in any other case.

1

**2. The trial judge is a witness.** The Court in *United States v. Hayman*, 342 U.S. 205, 219 (1952), further noted the importance of hearings concerning disputed issues of fact in §2255. Here, if the trial court fails to recuse, Mr. Allen will be deprived of the right to present evidence at his hearing which can only come from the testimony of the trial judge. None of the cases cited by the government present this situation. In *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-448 (2nd Cir. 2005), the court held that recusal was properly denied because the potential testimony at issue was that of a magistrate judge who had presided over a settlement conference but was not involved in the negotiations. The magistrate judge thus had no information which was not available from other witnesses. Here, on the other hand, the facts considered by the trial judge at the time he decided to empanel an anonymous jury and to force Mr. Allen to wear a stun belt are known to the judge alone. There was no objection to these acts at trial, and therefore no factual findings were made. And an understanding of those facts is highly relevant to the issue of whether Mr. Allen was prejudiced by his counsel's failure to object either to the anonymous jury or to the stun belt.

In *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992), the court found that recusal was not required because the issue before the court was whether the court had received *ex parte* communications, the court attested that he had not done so, and the court then properly denied a hearing on the issue.[1] The defense evidence presented in *Pollard* merely speculated that the judge might have received *ex parte* submissions but presented no issue of fact. Here, on the other hand, the pleadings clearly present a factual issue. Both the empanelling of an anonymous jury and the

---

[1] Similarly, in *DeLuca v. United States*, 243 F.Supp. 2d 982, 986 (E.D. Mo. 2003), the court denied the recusal motion because the issue to which the judge's testimony was pertinent was procedurally defaulted so no hearing was required.

order that the defendant be restrained are decisions which, under federal law, require case-specific findings.  *Deck v. Missouri*, 544 U.S. 622, 634 (2005) (Shackling requires case-by-case determination); *United States v. Darden*, 70 F.3d 1507, 1532 (8th Cir. 1995) (Anonymous jury proper only when "there is strong reason to believe the jury needs protection. . . .").  Mr. Allen is entitled to present evidence of the facts considered by the trial judge to demonstrate that those facts were insufficient to justify the challenged decisions, and that he was thus prejudiced by trial counsel's failure to object. Unlike *United States v. Battle*, 235 F. Supp. 2d 1301, 1350 (N.D .Ga. 2001), on which the government relies heavily, the evidence at issue here cannot be obtained from other witnesses.  It is in the judge's mind.

For these reasons, as discussed in the motion, this Court should disqualify under 28 U.S.C. §§455(b)(1).


**3.  Recusal is appropriate to avoid the appearance of impropriety.**  Unlike the petitioner in *United States v. Battle*, 235 F. Supp. 2d 1301, 1350 (N.D .Ga. 2001), Mr. Allen's motion to recuse is not grounded on general disapproval of the judge's handling of the trial and habeas proceedings.  Nor is he complaining about the judge's relationship with any witness, as was the defendant in *West v. United States,* 994 F.2d 510, 512-513 (8th Cir. 1993), cited by the government. There, the defendant sought recusal because the trial court delayed in ruling of his §2255 motion and had a supervisory relationship with the probation officer whose credibility was questioned in the case.

Mr. Allen's ground for refusal is much more specific. With respect to his ground for relief that the penalty phase representation was inadequate, the judge should recuse to avoid the appearance of impropriety under 28 U.S.C. §455(a) because his own actions were a substantial factor in causing the problem.  Counsel for Mr. Allen expect to present evidence that even had trial counsel used the entire time available after the case was authorized for the death penalty for a mitigation investigation, they could not have properly completed such an investigation prior to trial.  Because the scheduling of the case was entirely the province of the trial judge, having the same judge evaluate this evidence creates the appearance of impropriety.

**Conclusion.**  Finally, the government   asserts, "The novelty of Allen's motion is demonstrated by his inability to direct this Court to a single instance in which a recusal motion was granted under even remotely similar conditions."  This fact does not demonstrate the novelty of Mr. Allen's motion.  Rather, it flows from the fact that when a recusal motion is granted, that action is virtually unchallengeable.  Therefore, it is not surprising that there are few published opinions granting motions to recuse, or opinions sustaining the trial court's recusal action.  But see *United States v. Okoronkwo*, 46 F.3d 426, 437 (5th Cir. 1995) (Trial judge's recusal before sentencing because of death threat from co-defendant was neither abuse of discretion nor prejudicial to appellant).

4

To allow the full presentation of evidence and avoid the appearance of improbity in this most serious case in which Mr. Allen's life is in the balance, this Court should act to disqualify itself.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 866
Columbus, MS  39703
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on May 5, 2008, upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE

5