UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLIE JEROME ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV0027 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Motion to Disqualify the Honorable E. Richard Webber [doc. #63] pursuant to 28 U.S.C. § 455.

### I.    BACKGROUND

On April 17, 1997, Billie Jerome Allen ("Petitioner"), was indicted in a two-count indictment, with one count of bank robbery by force or violence in which a killing occurred, and one count of carrying or using a firearm during a crime of violence which resulted in a murder. Pursuant to 18 U.S.C. §§ 3591-93, the Government filed a notice of intent to seek the death penalty on August 8, 1997.  The Court granted Petitioner's motion to sever his trial from that of his co-defendant, and Petitioner's trial began on February 9, 1998.

The Court called 425 venire persons for voir dire and empaneled an anonymous jury, referring to each juror only by number.  During the course of the trial the Court approved the United States Marshal's request that Petitioner wear a stun belt, a device worn under the clothing and used by officers to deliver a shock to noncompliant prisoners.  Petitioner was found guilty on both counts of the indictment.  After the penalty phase of Petitioner's trial, the jury determined that the sentence of life imprisonment without parole was appropriate for the count of bank robbery by force or violence in which a killing occurred and that a sentence of death was justified

for the count of carrying or using a firearm during a crime of violence which resulted in a murder. On June 11, 1998, the Court entered judgment in accordance with the jury's findings.

A divided panel of the Eighth Circuit affirmed Petitioner's conviction and sentence in all respects. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). The United States Supreme Court granted Petitioner's writ of certiorari in light of its decision in *Ring v. Arizona*, 536 U.S. 584 (2002), and vacated the Eighth Circuit's judgement, remanding the case for further consideration. *Allen v. United States*, 536 U.S. 953 (2002). On remand, the Eighth Circuit found that there was error in the indictment; however, the error was harmless and the Eighth Circuit affirmed Petitioner's conviction and sentence. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005). On December 11, 2006, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Allen v. United States*, 127 S. Ct. 826 (2006). Pursuant to 28 U.S.C. § 2255, Petitioner has filed the pending action, asking the Court to vacate, set aside, or correct his sentence.

Pending before the Court is Petitioner's Motion to Disqualify the Honorable E. Richard Webber. Petitioner asserts that the assigned judge should disqualify himself from hearing the pending action due to his alleged personal knowledge of disputed evidentiary facts regarding two of the grounds for relief Petitioner raises in his Section 2255 Motion. Additionally, Petitioner argues that disqualification is appropriate because the appearance of impropriety would exist if the same judge who heard Petitioner's ineffective assistance of counsel claim heard the initial trial.

## II.    LEGAL STANDARD

The standard under which a judge should disqualify himself or herself is set forth in 28 U.S.C. § 455. Generally a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, a judge "shall

also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Within the Eighth Circuit "the standard to be used in deciding whether to recuse is an objective one: '[w]ould the average person, knowing the facts alleged by the parties seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?'" *Veneklase v. City of Fargo*, 236 F.3d 899, 901 (8th Cir. 2000) (*quoting O'Bannon v. Union Pac. R.R. Co.*, 169 F.3d 1088, 1091 (8th Cir.1999)).

Actual bias or prejudice need not be present before disqualification is required under Section 455, instead the Court must ask whether, "an objective, disinterested observer fully informed of facts underlying the grounds on which recusal [is] sought would entertain significant doubt that justice would be done." *United States v. Walker*, 920 F.2d 513, 517 (8th Cir. 1990) (*quoting Union Carbide Corp. v. United States Cutting Serv., Inc.*, 782 F.2d 710, 715 (7th Cir. 1986)). Although there does exist a narrow exception for prejudice and bias arising from a judge's earlier participation in a case, *see Liteky v. United States*, 510 U.S. 540, 551, 555 (1994), the "judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Ouachita Natl. Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1982). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Additionally, any opinion that a judge forms "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless [the opinion displays] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

A judge must disqualify himself from hearing an action when he has "personal knowledge of disputed evidentiary facts concerning the proceeding" or when the judge "[i]s to the judge's

3

knowledge likely to be a material witness in the proceeding." 28 U.S.C. §§ 455(b)(1), (5)(iv). However, "only personal knowledge of disputed evidentiary facts gained in an extrajudicial capacity is grounds for recusal." *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992); *see also Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-48 (2d Cir. 2005) (holding that "[k]nowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)."). This rule is practical, requiring "disqualification only if the knowledge has an extrajudicial source. . . . Were it otherwise, no judge could rule on post-trial motions claiming error in the conduct of the trial *United States v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985). The Court notes that "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky*, 510 U.S. at 551.

## III. DISCUSSION

Petitioner, places reliance on 28 U.S.C. § 455(a) and 18 U.S.C. § 455(b)(1). In particular, Petitioner argues that the Trial Judge has "personal knowledge" regarding grounds B and D of his Section 2255 Motion, and that an appearance of impropriety arises if he were to review Ground J of Petitioner's Section 2255 Motion. Petitioner's arguments must fail where the Trial Judge has no knowledge of disputed evidentiary facts, so no appearance of impropriety can exist if the Trial Judge hears the Section 2255 Motion. The Court will separately consider each of Petitioner's arguments.

### A. *PERSONAL KNOWLEDGE OF DISPUTED EVIDENTIARY FACTS: GROUND B*

Petitioner asserts that the Trial Judge has personal knowledge of disputed evidentiary facts regarding the stun belt that Petitioner was ordered to wear during the course of the trial. This

4

argument fails because there is no disputed issue that Petitioner wore a stun belt.[1] The Court finds that Ground B of Petitioner's Section 2255 Motion does not present any issues of fact where the Trial Judge would be a material witness or have relevant personal knowledge.

Furthermore, a trial judge may rely on recollections from the criminal proceedings in deciding a Section 2255 motion without testifying. *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006). A trial judge may also "supplement the record with his own recollections of and notes from the proceedings." *United States v. Moore*, 87 Fed. App'x 668 (9th Cir. 2004).

Additionally, disqualification in the absence of sound lawful authority is inconsistent with resolution of 28 U.S.C. § 2255 proceedings. Habeas petitions are to "be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him." *See Clemmons v. Wolfe*, 377 F.3d 322, 329 n.5 (3d Cir. 2004); Rules Governing § 2255 Cases, Rule 4(a). Habeas actions are directed to the court that presided at trial and sentencing because Congress "considered it desirable that district judges be required to review proceedings over which they had presided, . . . [and wanted] the Judge whose proceedings were being attacked in the first instance hear and determine the validity of the attack." *Farrow v. United States*, 580 F.2d 1339, 1349-50, n.14 (9th Cir. 1978) (*quoting Woods v. Rogers*, 275 F.Supp. 559, 561 (D.D.C. 1967)). The knowledge a district judge attains through participation in prior proceedings was one of the very reasons Rule 4(a) was passed into law. *See id.*

---

[1] The issue of why Petitioner was required to wear a stun belt is not a material fact in this Section 2255 action. The Court's knowledge of the United States Marshal's request to fit petitioner with a stun belt, and the Court's acquiescence was a judicial function, and not considered "personal knowledge" under 28 U.S.C. § 455(b)(1). *See Omega Engineering, Inc.,* 432 F.3d at 447-48.

5

The Court denies Petitioner's request for recusal as to Ground B of Petitioner's Section 2255 Motion, which presents no issues of fact to which the Trial Judge would be a material witness or to which the Trial Judge would have personal knowledge.  To the extent the knowledge of a trial judge is necessary to rule a matter, that judge is permitted to "rely on his or her recollections of the criminal proceedings in deciding a Section 2255 motion without testifying."  *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006).  Finally, Petitioner's Motion fails as disqualification would be contrary to the policy behind 28 U.S.C. § 2255 proceedings.

### B.     *PERSONAL KNOWLEDGE OF DISPUTED EVIDENTIARY FACTS:  GROUND D*

Petitioner claims that the Trial Judge must disqualify himself due to his personal knowledge regarding empaneling the jury anonymously.  Resolving Ground D of Petitioner's Section 2255 Motion does not require recitation of the Trial Judge's state of mind.  Ground D of Petitioner's Section 2255 Motion asserts that Petitioner's counsel was ineffective when his trial and appellate counsel did not object to the anonymous empaneling of the jury.

It is undisputed that the jury was empaneled anonymously.  The Court's decision to empanel the jury anonymously is not at issue.[2]  Petitioner alleges error for failure of his trial counsel and appellate counsel to object to the anonymous empaneling of the jury.  Only when a judge possesses "personal knowledge of disputed evidentiary facts" is disqualification required.  28 U.S.C. § 455(b)(1).  The Trial Court's personal knowledge is not at issue in Petitioner's

---

[2] Even if the Court's Order was at issue, recusal is not appropriate where knowledge was gained through the exercise of a court's judicial function, and would not be considered "personal knowledge."  *See Omega Engineering, Inc.*, 432 F.3d at 447-48.

challenge that his counsel did not make this objection.³ Additionally, as discussed in the preceding section, disqualification would be contrary to the policy underlying 28 U.S.C. § 2255. *Farrow*, 580 F.2d at 1349-50. Therefore, Petitioner's assertion that the Trial Judge must recuse himself due to Ground D of Petitioner's Section 2255 Motion fails.

C. *APPEARANCE OF IMPROPRIETY: GROUND J*

Petitioner's claim that an appearance of impropriety would arise if the Trial Judge reviews Ground J of Petitioner's § 2255 Motion must also fail. In Ground J, Petitioner asserts that he received ineffective assistance of counsel when his attorney did not object to the Court's denial of Petitioner's motion for continuance.

A judge should disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, "[a] prior adverse ruling against a defendant does not meet" the standard for disqualification under Section 455(a). *See United States v. Walton*, 2007 WL 1662332, at *2 (N.D. Iowa Jun. 5, 2007) (*citing Terra Intern., Inc. v. Robinson*, 113 Fed. App'x 723, 725 (8th Cir. 2004). Additionally, the Supreme Court has stated that judicial rulings:

> In and of themselves (i.e., apart from surrounding comments or accompanying opinion) . . . cannot possibly show reliance upon an extrajudicial source. . . Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal. . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

---

³ Any knowledge of the Trial Court regarding the actions of these attorneys would be the result of presiding over prior proceedings at the trial. It is well established that knowledge attained in this manner does not constitute personal knowledge as understood under 28 U.S.C. § 455(b)(1). *See Pollard*, 959 F.2d at 1031.

7

*Liteky*, 510 U.S. at 555.

Claimed ineffective assistance of counsel for failure to object to the Court's denial of Petitioner's Motion for Continuance, and the Trial Court's determination of that claim does not raise the specter of impropriety under 28 U.S.C. § 455. Petitioner does not allege that the Court relied on an extrajudicial source in ruling on Petitioner's motion. The reasons for the denial of Petitioner's Motion for Continuance are stated in the record of the hearing held on January 30, 1998. The Court finds that no appearance of impropriety would exist if the Trial Judge considers Ground J of Petitioner's § 2255 Motion.

### IV.   CONCLUSION

The Court concludes that there is no basis for disqualification in this case. Petitioner has failed to make a showing that the Trial Judge has "personal knowledge of disputed evidentiary facts concerning the proceeding" or that the Trial Judge is "likely to be a material witness in the proceeding." 28 U.S.C. §§ 455(b)(1), (5). Petitioner has also not presented evidence that an appearance of impropriety would arise if the Trial Judge hears the pending action. Therefore, Petitioner's motion for disqualification must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Disqualify the Honorable E. Richard Webber [doc. #63] is **DENIED**.

Dated this 11th Day of July, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

8