**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

_____          :

BILLIE JEROME ALLEN,                             :          No. 4:07-CV-27 ERW

                Petitioner,          :

       -v-                                      :

UNITED STATES OF AMERICA,                        :

               Respondent.          :

_____          :

**PETITIONER'S MOTION FOR EXTENSION OF TIME**
**TO REPLY TO GOVERNMENT'S RESPONSE TO**
**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

Petitioner, Billie Jerome Allen, through counsel, respectfully moves the Court for an extension of time of 90 days to reply to the government's response to Petitioner's motion under 28 U.S.C. § 2255.

**Procedural Background**

1.      On February 11, 2008, Petitioner filed a 56-page Amended Motion under 28 U.S.C. § 2255 (the "Motion"), raising 18 separate grounds for relief from Petitioner's convictions and death sentence. Pursuant to its Case Management Order of December 11, 2007, the Court initially allotted 45 days each for the government's Response to the Motion (the "Response") and for Petitioner's subsequent reply.

1

Accordingly, the government's Response was due on March 27, 2008.

2.      However, on March 6, 2008, on May 29, 2008, and again on August 22, 2008, the government requested – each time with Petitioner's consent – extensions of time to file its Response.  The Court granted the government's requests and set the final due date for the Response on October 31, 2008, <u>263 days</u> after Petitioner filed the Motion.

3.      On October 31, 2008, the government filed its Response.  The Response is <u>153 pages long</u>, to which 10 addenda containing an additional 55 pages of discovery and case documents are attached.

4.      Pursuant to the order of December 11, 2007, Petitioner's reply to the Response is currently due on December 15, 2008.

**Request for Extension of Time**

5.      Counsel continue to work diligently on Petitioner's case.  Since receiving the government's Response on October 31, 2008, counsel has begun reviewing and researching the government's various factual and legal arguments.[1]

---

[1]Among its legal arguments, the government erroneously invokes 28 U.S.C. § 2266(b)(1)(A) to contend that the Court must issue its final judgment in this matter by May 7, 2009.  (<u>See</u> Resp. 3.)  Section 2266(b) does not apply to motions filed under 28 U.S.C. § 2255, <u>see</u> 28 U.S.C. § 2261(a), and the government cites no authority to the contrary.  Indeed, to the knowledge of undersigned counsel, the government's argument has been raised and addressed in only one other case: the § 2255 proceedings in this Court of Petitioner's co-defendant, Norris Holder.  There,

6.    Despite this diligent effort, however, it has become apparent that counsel will need additional time to file Petitioner's reply.  This is an extremely complex case, involving many thousands of pages of records and transcripts and numerous complicated constitutional issues.  During the eight-and-a-half months it had to respond to the Motion, the government crafted an exhaustively detailed Response. Indeed, the Response is about three times longer than Petitioner's Amended Motion, addressing each of Petitioner's 18 claims in great detail.  To properly review, research, and reply to the Response, counsel require more than the 45-day time period currently allotted.  Given counsel's significant workloads in other cases, Petitioner requests a 90-day extension until March 15, 2009.

---

the Court squarely rejected the government's claim that the time limits of § 2266(b) applied in § 2255 proceedings, stating:

> The Court notes that the 180-day time limit in 28 U.S.C. § 2266 does not apply to § 2255 motions.  Section 2266 states that the 180-day limit applies to "any application for a writ of habeas corpus brought *under this chapter*. . ." 28 U.S.C. § 2266 (emphasis added).  Section 2266 is in Chapter 154, and Chapter 154 encompasses only § 2254 motions, unless otherwise specifically noted.  *See* 28 U.S.C. § 2261(a). Accordingly, the 180-day limit does not apply in this case.

Holder v. United States, No. 4:03-CV-923ERW at 1-2 (E.D. Mo. Dec. 2, 2004) (Scheduling and Transport Order).  Despite this ruling, and despite the fact that this Court issued final judgment more than 4 years after Mr. Holder filed his § 2255 motion, the government here revives its argument that § 2266(b)'s time limits apply to § 2255 cases.  The Court should again reject the government's claim.

7. Counsel has contacted the government about this motion and the government has indicated it has no objection to an extension.

WHEREFORE, for all of the foregoing reasons, undersigned counsel respectfully request a 90-day extension until March 15, 2009 to submit Petitioner's reply to the government's response to petitioner's amended motion under 28 U.S.C. § 2255.

Respectfully Submitted,

/s/ Elizabeth Unger Carlyle                 /s/ Joseph M. Cleary

_____            _____
Elizabeth Unger Carlyle                     Joseph M. Cleary
P.O. Box 866                                1455 N. Pennsylvania
Columbus, Mississippi 39703                 Indianapolis, Indiana 46202
(816)525-6540                               (317)630-0137
elizcar@bellsouth.net                       Jcleary498@aol.com

/s/ Michael Wiseman

_____
Michael Wiseman
Chief, Capital Habeas Corpus Unit
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Michael_Wiseman@fd.org

Dated:  November 26, 2008
    St. Louis, Missouri

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and accurate copy of the foregoing was served filed electronically on this 26th day of November 2008. Notice of filing will be sent to United States Attorney's Office for the Eastern District of Missouri by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

           /s/Joseph M. Cleary
           Attorney for Petitioner

Joseph M. Cleary
Hammerle & Cleary
1455 N. Pennsylvania St.
Indianapolis, Indiana 46202
(317)630-0137