IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BILLIE JEROME ALLEN            §
    Petitioner             §
                           §
    vs.                    §        Cause No.  4:07-CV-27-ERW
                           §
UNITED STATES OF AMERICA        §
    Respondent             §

## MOTION TO INSPECT

Petitioner, Billie Jerome Allen, through counsel, moves for an order permitting his counsel to inspect the discovery provided to Petitioner's trial counsel, the government's exhibits admitted at trial, and other evidence that was not admitted at trial but was available for inspection by Petitioner's trial counsel.

### Background

1. On February 11, 2008, Petitioner filed an *Amended* Motion under 28 U.S.C. § 2255 (the "*Amended Motion*").  The Amended Motion raised 18 grounds for relief, including several claims of ineffective assistance of trial counsel.  The government filed its *Response* to the *Amended Motion* on October 31, 2008.  Mr. Allen's reply to the *Response* is due on June 15, 2009.

2. In order to properly investigate, evaluate and reply to the government's *Response*, Mr. Allen's current counsel wish to review the discovery provided to trial counsel, the exhibits (including physical evidence), introduced at trial, and any other evidence made available for trial counsel's inspection that was not introduced at trial.

3. The District Court clerk has informed counsel that the government's exhibits from Mr.

1

Allen's trial are in the custody of the United States Attorney's Office.  Accordingly, in

December 2008, undersigned counsel first contacted the United States Attorney's Office seeking

to inspect the materials sought in this *Motion*. Counsel thereafter remained in contact with  the

United States Attorney's Office in an effort to arrange inspection of those materials, without

involving the Court.   The United States Attorney's Office has acknowledged to counsel that it

and/or the FBI have custody over the requested materials.  However, the United States

Attorney's Office has repeatedly denied counsel's requests for inspection.  The government's

position seems to be that it is not opposed to the inspection, but wishes counsel to identify

specific items, rather than permit inspection of all of the materials requested herein.

4.    Petitioner is entitled to inspect all of the requested materials.  Exhibits admitted into

evidence at a public trial are subject to a right of inspection.  *Nixon v. Warner Communications,*

*Inc.*, 435 U.S. 589, 597 (1978).  Petitioner's current counsel is entitled to review the same

discovery materials as Petitioner's trial counsel.[1]  Indeed, to properly fulfill its obligations in

these proceedings, counsel has a duty to inspect this evidence to insure that they possess the

entire relevant record.  *See American Bar Association Guidelines for the Appointment and*

*Performance of Defense Counsel in Death Penalty Cases*, 10.7(B)(2)  (2003) ("Counsel at every

stage have an obligation to satisfy themselves independently that the official record of the

proceedings is complete").[2]  Moreover, counsel have a need to see not only things that trial

counsel reviewed, but those things that counsel may not have reviewed, even though provided

---

[1]Current counsel has received some discovery documents from prior counsel.  However, there are significant gaps in the discovery documents received.

[2]The *ABA Guidelines* repeatedly have been cited as constituting well-defined norms governing counsel duties and performance in capital cases.  *See Wiggins v. Smith*, 539 U.S. 510, 537 (2003).

the opportunity.  That is because trial counsels' effectiveness must be judged based not just on actions taken, but on omissions as well. *Strickland v. Washington*, 466 U.S. 668, 690 (1984) (in assessing claim of counsel ineffectiveness court must consider whether "the identified acts or omissions were outside the wide range of professionally competent assistance").   Obviously, counsel cannot assess omissions without seeing all of the options that were available to trial counsel.

5.      Counsel is unaware of any legal ground which permits the government to refuse to allow the requested inspection.  The only ground thus far propounded by the government relates to the burden placed on it by the request.  Counsel, appreciates that this request places a burden on the government and has articulated its willingness to accommodate the government's schedule and other logistics related to the request.

WHEREFORE, for the foregoing reasons, undersigned counsel respectfully move the Court for an order permitting inspection of the discovery provided to Petitioner's trial counsel, the exhibits admitted at trial, and other evidence that was not admitted at trial but was available for inspection by Petitioner's trial counsel.

Respectfully Submitted,

/s/ Elizabeth Unger Carlyle                /s/ Joseph M. Cleary

_____        _____
Elizabeth Unger Carlyle                          Joseph M. Cleary
P.O. Box 866                                        1455 N. Pennsylvania
Columbus, Mississippi 39703                  Indianapolis, Indiana 46202
(816)525-6540                                       (317)630-0137
elizcar@bellsouth.net                             Jcleary498@aol.com


/s/ Michael Wiseman

_____
Michael Wiseman
Chief, Capital Habeas Corpus Unit
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Michael_Wiseman@fd.org

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2009, the foregoing Petitioner's Motion to Inspect was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Joseph M. Landolt
United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Mr. Steven Holtshouser
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102.

/s/ Elizabeth Unger Carlyle

_____

Elizabeth Unger Carlyle
Counsel for Petitioner