**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No.    4:07CV00027ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO INSPECT**

Comes now, the United States of America, by and through its attorneys, Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri and Steven E. Holtshouser and Joseph M. Landolt, Assistant United States Attorneys for said District, and responds to petitioner's motion to inspect as follows:

**I. Background:**

Throughout the 12 years since Mr. Allen murdered Richard Heflin, he has been represented by capable counsel.  During trial he was represented by Richard Sindel and John Simon.  During the appeal process, he was represented by both Michel A. Gross and John Simon.  Attached as Exhibit 1 is a letter dated March 18, 1006, in which Mr. Gross made arrangements to obtain a complete second copy (the first copyl having been produced to former trial counsel Richard Sindel and Mr. Simon) of discovery materials made for him.  Attached as Exhibit 2 is a letter dated August 24, 2006 making final arrangements to have the materials professionally copied at Mr. Gross' expense and the copy was subsequently made.  Mr. Allen's present habeas counsel moved to enter their appearance in January, 2007, just a month after Mr.

Allen's petition for a writ of certiorari was denied by the Supreme Court.  In November, 2007, habeas counsel requested the Government to consent to a 90-day extension of the statute of limitations.  Attached as Exhibit 3 is a copy of the e-mail advising habeas counsel that the Government did not object to that requested extension. Attached as Exhibit 4 is a copy of habeas counsels' motion.  Said motion recited the fact that counsel obtained 25 boxes of materials from trial counsel on February 23, 2007, and additional boxes on September 25, 2007. (Doc. 41) Thus, said counsel has known what materials they did or did not possess for over 2 years.

This Court's Memorandum and Order dated November 13, 2007 (Doc. 42), essentially rejected Mr. Allen's claims for equitable tolling of the statute of limitations, but granted the request based on the Government's generous lack of opposition.  The first habeas motion was filed December 10, 2007 (Doc. 47).  On February 11, 2008, petitioner filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 61).  Mr. Allen raised 18 separate grounds and none of these is based on the failure of the Government to produce anything to the defense or the failure of trial counsel to utilize any particular discovery or any particular exhibit.   Mr. Allen's motion was noteworthy for its complete lack of supporting evidence, record citations or affidavits, despite the length of time that Mr. Allen's various counsel had to familiarize themselves with the record.  The government filed its response on October 31, 2008.  The petitioner's reply to the government's response is presently due on June 15, 2009.

In December 2008, ten months after it filed its § 2255 petition, present counsel for Mr. Allen initiated communication with the government requesting review of the government's exhibits.  Attached as Exhibit 5 is a copy of the e-mail from Elizabeth Carlyle.  Ms. Carlyle requested to review only the Government's trial exhibits.  Attached as Exhibit 6 is the

Government's responsive e-mail denying the request due to the lack of any justification or nexus to any issue raised in the §2255 motion. Attached as Exhibit 7 is an e-mail dated December 29, 2008, in which Mr. Allen expanded his request beyond trial exhibits to include all items "available" for inspection by trial counsel. Again, this request was declined because it was not linked in any way to Mr. Allen's pending claims and new claims would be barred by the statute of limitations. Attached as Exhibit 8 is a letter dated December 30, 2008 from Elizabeth Carlyle reiterating her earlier requests, again without any specific justification or linkage to any of the pending claims. Attached as Exhibit 9 is the Government's responsive letter dated January 6, 2009. In that letter the Government indicated that it <u>would be willing to accommodate substantial portions of the request if</u> counsel could identify by number the exhibits they wished to inspect so that the Government could determine the location of said exhibits and make other logistical arrangements. Thereafter, there was no communication from Mr. Allen's counsel until March 16, 2009, in a letter attached as Exhibit 10, which stated that counsel was "missing" portions of discovery and demanded to review: "1) All discovery provided to trial counsel 2) All admitted exhibits at trial 3) All evidence that was not admitted but which counsel either inspected prior to trial or could have inspected pre-trial, if they had requested to do so." The Government's response is attached as Exhibit 11, a letter dated March 27, 2009, stating:

> In particular, the discovery provided to trial counsel was bates marked. You don't indicate which pages your have and which pages you don't have. Exhibits admitted at trial were numbered. You don't indicate which exhibits your have and which you don't have. We have previously asked you for the numbers of the exhibits that you wish to review so that we can determine their present location. You again refuse to provide this information. Your third request is incapable of a response, because we have no record of what evidence was inspected by counsel prior to trial that was not admitted into evidence other than that reflected in the discovery materials.

On May 2, 2008, the petitioner filed the Motion to Inspect presently before this Court, requesting to review materials including discovery provided to trial counsel, the exhibits introduced at trial

and any other evidence made available for trial counsel's inspection that was not introduced at trial. The request does not contain references to specific materials Mr. Allen wishes to review or identify which of his 18 claims to which the materials pertain. Rather, the petitioner claims a general right to inspection[1] of discovery provided to trial counsel, as well as exhibits entered into evidence and exhibits reviewed but not entered into evidence.

## II. Legal Principles:

The rules governing habeas corpus proceedings pursuant to § 2255 provide in pertinent part:

> **Rule 6: Discovery**.
>
> (a) **Leave of Court Required**.  A judge may, <u>for good cause</u>, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. ...
>
> (b) **Requesting Discovery**.  A party requesting discovery <u>must provide reasons</u> for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

<u>See</u> 28 U.S.C. § 2255 Rule 6 (emphases added).

A habeas petitioner is not entitled to discovery as a matter of ordinary course, but rather must show good cause supporting a discovery request.  <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997).  Specifically, to meet the standard set forth in Rule 6, the petitioner must "(1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show good cause for the discovery."  <u>United States v. Johnson</u>, 2007 WL 1193257 *1

---

[1]Although a petitioner has a right to inspect exhibits admitted into evidence at a public trial, that right is curbed by the discretion of the district court.  <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597-99 (1978) (The decision as to the right to access is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

(N.D.Ill. March 12, 2003).  Good cause is found "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief."  Bracy, 520 U.S. at 909 (internal citation omitted); Lecroy v. United States, 2009 WL 973564 *1 (N.D.Ga. April 9, 2009).

A district court should only exercise its discretion and permit discovery in habeas cases where the petitioner makes a prima facie showing of what specifically he intends to find and prove.  Marshall v. Hendricks, 103 F.Supp.2d 749, 764 (D.N.J. June 23, 2000).  A court cannot "sanction fishing expeditions based on a petitioner's conclusory allegations."  Id., citing Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997); see also  Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (District court properly denied habeas discovery request where petitioner did not show good cause and did not specify what materials were sought);  Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007) (A habeas proceeding is not a fishing expedition, and a discovery request may be denied for lack of specificity); Brown v. United States, 583 F.Supp.2d 1330, 1336 (S.D.Ga. 2008) ("bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing ... neither do they provide a basis for imposing on the state the burden of responding in discovery to every habeas petitioner who chooses to seek discovery." (internal citations omitted)).

In addition to specifying materials sought, a habeas discovery request must suggest how the materials requested for review are relevant to a claim in the petition.  Payne v. Bell, 89 F.Supp. 967, 973 (W.D. Tenn. 2000) (District court properly denied several discovery requests where there was no suggestion how the evidence is relevant to any claim in the petition).

**III. Argument:**

Here, Mr. Allen does not support his request with a good cause showing, nor does the petitioner specify the materials he wishes to review or point to specific claims which the requested materials would support.  Rather, the petitioner requests general materials which were provided to and likely still in possession of trial and appellate counsel.  Yet, the petitioner does not indicate that he has tried, and exhausted, all avenues to obtain the materials from other sources such as trial and appellate counsel.  Petitioner merely requests discovery of a wide breadth of material to "Investigate, evaluate and reply" to the government's response (motion ¶ 2).  The governments's response included citations to the transcript, documents and exhibit numbers, yet the petitioner does not reference even a category of exhibits to inspect.

If the court does grant discovery, the government notes that the one year statute of limitations on filing the § 2255 petition and any amendments thereto expired in December, 2007, one year after the denial of Allen's petition for writ of certiorari when the judgment became final. See Allen v. United States, 549 U.S. 1246 (2006); 28 U.S.C. § 2255(f)(1).  Therefore, even if the court grants the petitioner's request, the government notes that the only discovery Mr. Allen may be entitled to must be tethered to the claims found in the Amended Motion under § 2255 filed on February 11, 2008.  The petitioner may not seek to bring additional grounds for relief based on the grant of habeas discovery.

The government has not denied Mr. Allen access to trial materials.  On the contrary, the government has repeatedly stated its willingness to coordinate access to the requested exhibits, documents, etc.  However, due to the requirements under Rule 6, as well as the logistical implications of coordinating evidence review, the government requests that the petitioner comply with Rule 6 and existing precedent to show cause for discovery and identify specific materials as

6

they relate to the grounds set forth in the petitioner's § 2255 motion.  In addition, the Government had provided a complete set of discovery to Mr. Allen's counsel twice - once to Mr. Sindel during trial and against to Mr. Gross in 2006.  The discovery materials are bates-marked.  Mr. Allen's counsel refuses to even specify which bates pages they possess so that the Government can complete their set or why they have been unable to obtain a complete set from either Mr. Sindel or Mr. Gross.  Trial exhibits were numbered and part of an exhibit list and yet Mr. Allen's counsel refuses to specify which exhibits it wishes to view or why it needs to review said exhibits to establish the merit of any habeas ground.

Finally, the Government is completely incapable of complying with the third category of Mr. Allen's request.  There is no record of which exhibits Mr. Sindel inspected before trial, but he certainly was able to inspect all of them by and during trial.  There is no record of whether any physical or documentary items contained in the discovery yet not introduced at trial were inspected by Mr. Sindel and Mr. Simon.  It would seem that Mr. Allen's counsel could determine that information by contacting Mr. Sindel and Mr. Simon.  The motion to inspect makes no reference to whether said contact has been attempted and, in fact, the habeas motion was not even supported by any affidavit from any trial counsel.  The Government, on the other hand, obtained an affidavit from Mr. Sindel in connection with pertinent issues and supplied it to the court.

In sum, the record demonstrate that the Government has cooperated reasonably with Mr. Allen's requests, including a request to toll the statute of limitations for 90 days when we were not required to do so.  Likewise, the Government is not required to permit Mr. Allen to inspect trial exhibits unrelated to his pending claims., but we have repeatedly indicated a willingness to

7

accommodate him if his counsel would only specify which exhibits he needs to review or which bates ranges of discovery he is missing. These conditions are not unreasonable nor is it unreasonable to require Mr. Allen to make some showing of how succh an inspection or discovery is needed to reply to the Government's response to the §2255 motion. The requests by Mr. Allen herein constitute a classic fishing expedition, an a dilatory fishing expedition as well, that has no bearing on any of the grounds raised in the pending §2255 motion and the motion should be denied. It appears that the motion is being pursued solely for delay.

**WHEREFORE,** for the reasons stated herein, the Government respectfully requests that the Court deny the petitioner's motion to inspect without further showing of good cause and denoting specific materials for inspection.

Respectfully submitted,

MICHAEL W. REAP
Acting United States Attorney

_/s/Steven E. Holtshouser_
STEVEN E. HOLTSHOUSER, #24277
Assistant United States Attorney
111 South 10th Street - 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Elizabeth U. Carlyle
P.O. Box 866
Columbus, MS 39703

Joseph M. Cleary

HAMMERLE AND ALLEN
1455 N. Pennsylvania
Indianapolis, IN 46202

Michael Wiseman
FEDERAL COMMUNITY DEFENDER OFFICE
Eastern District of Pennsylvania- Capital Habeas Corpus Unit
The Curtis Center - Suite 545 West
Philadelphia, PA 19106

                                    */s/Steven E. Holtshouser*
                                    Assistant United States Attorney