## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

BILLIE JEROME ALLEN      §

    Petitioner           §

                        §

    vs.                   §     **Cause No. 4:07-CV-27-ERW**

                        §

UNITED STATES OF AMERICA    §

    Respondent

## UNOPPOSED MOTION FOR EQUITABLE TOLLING
## OF STATUTE OF LIMITATIONS

Petitioner Billie Jerome Allen moves this Court pursuant to applicable federal authority for an order equitably tolling the one year statute of limitations period for the filing of Mr. Allen's §2255 motion in this matter. For the reasons set forth below, Mr. Paul seeks tolling for a period of 90 days, making his §2255 motion due to be filed on or before March 10, 2008. **Counsel for Mr. Allen have conferred with Asst. U.S. Attorneys Steven Holtshouser and Joseph Landolt, who represent the government in this case. They have no objection to this motion.** In support of this motion, Mr. Allen states:

Mr. Allen's petition for writ of certiorari following the affirmance of his case on direct appeal was denied on December 11, 2006, and his conviction became final on that date. Therefore, pursuant to 28 U.S.C. §2255, his motion under that section is due December 11, 2007.

**Factual basis for tolling.** A motion for appointment of counsel was filed in this matter on December 15, 2006. This Court's order appointing counsel was entered on March 1, 2007, 76 days later. On May 11, 2007, pursuant to this Court's order, counsel for Mr. Allen submitted a proposed budget for the litigation. On June 21, 2007, counsel

**EXHIBIT 4**

1

Case 4:07-cv-00027-ERW    Document 41    Filed 11/12/2007    Page 2 of 6

received a sealed order directing that a revised budget be submitted. Pursuant to that order and a subsequent telephone conference with the court, counsel submitted an amended budget on July 11, 2007. At the same time, counsel submitted a sealed application for funding for investigative and expert services. On August 28, 2007, 47 days after the amended budget was filed, the court entered a sealed order disposing of the budget issue and the funding motion.

During the available time, counsel have worked diligently on this case, reviewing trial counsel's files and trial transcripts, interviewing witnesses, consulting with experts and investigators, and researching applicable law concerning a variety of potential legal claims in the case. Despite this diligent effort, it has become apparent, due to a variety of factors over which counsel has little if any control, that they will be unable to complete the investigations, research, draft and file an adequate §2255 motion in this case within the applicable time period which currently ends on December 11, 2007.

Three major factors have affected the ability of counsel to complete this project. The first concerns the file of trial counsel. On approximately February 23, 2007, co-counsel for Mr. Allen delivered to counsel for Mr. Allen approximately 25 boxes of files, representing to co-counsel that this material represented all of trial counsel's file. After reviewing much of this voluminous material, it became clear that the entire file had not been delivered. Co-counsel then, on approximately September 25, 2007, received several additional boxes of files from trial counsel. These boxes contained critical documents concerning the fact investigation and the truncated mitigation investigation in this case. This material presented areas needing investigation which had not been previously known to counsel.

The second factor which caused the need for this request for tolling was the delay, first in appointing counsel, and second in responding to the budget filings and requests for funds. 28 U.S.C. §2255 contemplates that the petitioner will have one year to file his petition for relief. Despite a prompt request from trial counsel for the appointment of post-conviction counsel which identified counsel willing to undertake the representation, counsel was not appointed for 77 days. Moreover, during the 47 day period between June 21, when counsel learned that an amended budget would be required, and August 28, when this Court entered its order establishing a budget and responding to counsel's request for funds for expert and investigative services, counsel were unable to perform meaningful work investigating potential grounds for relief. Thus, Mr. Allen has been effectively denied 157 days, or over four months, of the year provided by statute for filing his petition.

Finally, the need to conduct an extensive mitigation investigation is clear. This case went to trial only 11 months after the death penalty was authorized, an unusually short period. As documented in the defense motion for continuance and the hearing conducted thereon, the initial mitigation investigator retained by trial counsel did not conduct an investigation. Post-conviction counsel expect to present evidence that this occurred because trial counsel failed to provide the investigator with information regarding the trial setting of the case and any information about the case until approximately 45 days before trial. The investigator who actually assisted trial counsel during the late pre-trial phase was conducting interviews and developing witnesses even as the trial began. Thus, it is clear that in order to determine whether Mr. Allen was prejudiced by his trial counsels' failure to conduct a timely and complete mitigation

3

investigation, post-conviction counsel must conduct such an investigation themselves, and they have begun to do so. Two particular aspects of that investigation, neither of which were explored by trial counsel, will require more time than is available between the filing of this motion and December 11, 2007. The first is the investigation of Mr. Allen's biological father and his relatives. The current mitigation investigator has attempted to contact Mr. Allen, Sr., but has not yet succeeded in doing so. The second issue needing further investigation is that Mr. Allen's medical records reveal that as a child, he had significantly high levels of lead in his body. This can affect many areas of development and functioning. Correlating this medical data with other aspects of Mr. Allen's life and history as well as the available research concerning the effects of lead poisoning will be a time-consuming process.

### Legal Authority

Federal courts have held that the statute of limitations period contained in the 28 U.S.C. §2255 is subject to equitable tolling under appropriate circumstances. *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998); *Hoggro v. Boone*, 150 F.3d 1223, 1225-27 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998).

More specifically, federal courts have granted equitable tolling of the statute of limitations period prior to the filing of a petition where the circumstances warrant it. See e.g. *Calderon v. U.S. District Court*, 128 F.3d 1283 (9th Cir. 1997). Counsel is aware of several unreported decisions of federal district courts granting equitable tolling in circumstances similar to those presented here. See e.g. *Anderson v. Woodford*, No. CV03-07948MMM, (C.D. Calif, 10/12/04) (Tolling granted based on replacement of

counsel six months after the limitation period commenced); *Cannady v. Cockrell*, No. 2:01-CV-00273 (S.D. Tex., Corpus Christi Div.), Order of March 11, 2002 (motion for equitable tolling granted due to delay in obtaining investigative and expert funds); *King v. Cockrell*, No. 1:01-CV-435 (E.D. Tex., Beaumont Div.), Order of March 18, 2002 (same). Should the Court desire, undersigned counsel would be happy to secure and provide copies of these orders for the Court's consideration.

Here, where counsel have been deprived of substantial time and resources in the filing of the petition, and have exercised due diligence in their efforts to present to the Court any and all legal claims in a §2255 motion, and despite such diligence it is clear they will not have sufficient time adequately to complete and file such motion, it is respectfully suggested that the Court is well within its authority to grant him the brief period of equitable tolling he seeks.

## Conclusion

For the foregoing reasons, Mr. Allen prays the court to issue its order tolling the statute of limitations and requiring him to file his petition by March 11, 2008.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 962
Columbus, MS  39701
Missouri Bar No. 41930
(816) 525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on November 12, 2007 upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE