**Holtshouser, Steven (USAMOE)**

| | |
|---|---|
| **To:** | Michael Wiseman |
| **Cc:** | Landolt, Joseph (USAMOE); elizcar@bellsouth.net; jcleary498@aol.com |
| **Subject:** | RE: Allen v. United States:  Inspection of evidence |

No, we are not convinced.  Your response suggests that you have now expanded the initial request from exhibits admitted at trial to all evidence available to trial counsel for inspection.  Your expanded request does not appear remotely tethered to the confines of the 2255 motion that has been filed.  You are correct that this request should have been made and pursued prior to filing your motion.  We will oppose the raising of new grounds as violating the one-year statute of limitations.

You have access to the discovery made available to trial counsel.  You have access to knowledge of what was made available to trial counsel to inspect.  You have access to the written record to determine what was admitted at trial.  You have access to trial counsel.  With the exception of limited physical evidence, you also have access to accurate copies of all exhibits admitted at trial.  From that, you should be able to particularize what you wish to inspect and then we can determine the logistics of that inspection.  We remain willing to cooperate with you if you can particularize your request as it relates to a ground raised in your motion.

Steve

-----Original Message-----
From: Michael Wiseman [mailto:Michael_Wiseman@fd.org]
Sent: Monday, December 29, 2008 11:08 AM
To: Holtshouser, Steven (USAMOE)
Cc: Landolt, Joseph (USAMOE); elizcar@bellsouth.net; jcleary498@aol.com
Subject: RE: Allen v. United States: Inspection of evidence

Thanks for your understanding.  So now I know that we will operate between house to house combat and a free for all -- sounds fine.

I certainly agree that the Rules trump the Standards.  I guess where we disagree is that we do not consider a review of the evidence that was available for inspection by trial counsel, to constitute discovery.  We see it as akin to making available transcripts of the proceedings.  Such materials, whether it be evidence admitted at trial, not admitted at trial but available for trial counsels' inspection, or the transcripts of a case, constitute the historical record that informs our claims of ineffective assistance of counsel.  In short, whether counsel availed themselves of the opportunity to inspect, and what actions they took, or failed to take following that inspection, are essential to support our claims of ineffective assistance, which have been pled.  Because we see this inspection as related to the historical record of the case, I cited the Standards.

Let us know if you are convinced, or if not, my colleagues and I will consider a motion.
Michael

"Holtshouser,
Steven (USAMOE)"
<Steven.Holtshous
er@usdoj.gov>                "Michael Wiseman"

**EXHIBIT 7**

To

1

<Michael_Wiseman@fd.org>

12/29/2008 11:53
AM

                                                        CC

"Landolt, Joseph (USAMOE)"
<Joseph.Landolt@usdoj.gov>

                                                    Subject

RE: Allen v. United States:
Inspection of evidence


Michael

It happens and no offense taken.

While I do not think our response suggests the need for house-to-house combat, neither will it be a free-for-all. There is a process that governs
2255 cases and we do intend to insist that it govern such matters as discovery.  The Federal Rules of Civil Procedure trump ABA "standards"
which set goals for your conduct.  You may be entitled to additional discovery on issues that you convince the court warrant a factual hearing.
If any of those issues relate to physical evidence and you can explain to us some need for a particularized inspection, we will be more than happy to accommodate you without Court intervention.

Steve

-----Original Message-----
From: Michael Wiseman [mailto:Michael_Wiseman@fd.org]
Sent: Monday, December 29, 2008 10:21 AM
To: Michael Wiseman
Cc: Stevens, Cris (USAMOE); Elizabeth Carlyle; James_Monroe@fd.org; Joseph M. Cleary; Landolt, Joseph (USAMOE); Delworth, Mary (USAMOE); Holtshouser, Steven (USAMOE)
Subject: RE: Allen v. United States: Inspection of evidence

Mr. Holtshouser and Colleagues:  As you can see, I replied to you all when I thought I was responding just to the defense team.  I apologize for this confusion and any offfense you may take from my message.  Best regards,

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West -- The Curtis Center
Philadelphia, PA  19106
215-928-0520


        Michael

                            2

Wiseman/PAEG/03/FDO

12/29/2008 11:13 AM

To
"Holtshouser, Steven (USAMOE)" <Steven.Holtshouser@usdoj.gov>

cc
"Stevens, Cris (USAMOE)" <Cris.Stevens@usdoj.gov>, "Elizabeth Carlyle" <elizcar@bellsouth.net>, James_Monroe@fd.org, "Joseph M. Cleary" <jcleary498@aol.com>, "Landolt, Joseph (USAMOE)" <Joseph.Landolt@usdoj.gov>, "Delworth, Mary (USAMOE)" <Mary.Delworth@usdoj.gov>

Subject
RE: Allen v. United States: Inspection of evidence(Document link: Michael Wiseman)

Elizabeth:  Thanks for sharing that.  Sounds like this will be house-to-house combat.  What do you think of filing a quick motion seeking an order for the inspection?  We can cite the ABA standards (Guideline 10.7
(B)(2) ("Counsel at every stage have an obligation to satisfy themselves independently tha the official record of the proceedings is complete").
While they will undoubtedly suggest that we should have done this before filing, I think that most judges would be favorably inclinded to grant such a routine request.

"Holtshouser, Steven (USAMOE)" <Steven.Holtshouser@usdoj.gov>

12/29/2008 11:03 AM

To
"Elizabeth Carlyle" <elizcar@bellsouth.net>, "Landolt, Joseph (USAMOE)" <Joseph.Landolt@usdoj.gov>

cc
<James_Monroe@fd.org>, "Joseph M. Cleary" <jcleary498@aol.com>, "Michael Wiseman" <Michael_Wiseman@fd.org>, "Delworth, Mary (USAMOE)" <Mary.Delworth@usdoj.gov>, "Stevens, Cris (USAMOE)" <Cris.Stevens@usdoj.gov>

Subject
RE: Allen v. United States:

3

Inspection of evidence

Ms. Carlyle:

First, note the correct spelling of my last name in your e-mail header.

Second, I have no problem with e-mail to handle routine communications, but to create a proper record, I would suggest that future requests such as this be in the form of a motion or letter.

Third, although Mr. Landolt is out of the office until Jan 5, 2009, I wanted to respond to your request as soon as possible so you can at least plan your schedule.  We cannot agree to your request to inspect the trial evidence in the Allen and Holder trials.  There are both practical and legal reasons for our position.  On the practical side, even if we were to agree to an inspection, much of the evidence is kept by the FBI for safekeeping.  It could not be made available by the FBI or within our schedules by Jan 16, 2009.  Legally, we do not think you are entitled to such a blanket inspection.  Mr. Allen has filed his motion, we have responded and I believe your reply is due.   It will then be up to the Court to determine if there are any issues which warrant a hearing and, if so, what additional discovery to allow in preparation for such a hearing.
You have not particularized your request to any issue raised by your motion or to any specific item of evidence.  I am not at all clear as to what you mean by "physical" evidence. I doubt any inspection could be concluded within one day due to the bio-hazards of handling some of the physical evidence and any inspection would have to be controlled by the FBI.  You have made no showing whatsoever of why you are entitled to inspect the Holder trial evidence.

Also, on an unrelated matter, I know that you have contacted Dr. Yutzy and Dr. Wetzell for their original files in the Allen case.  Dr. Yutzy has transferred his file to the Government and it has been bates-stamped and documented so there is no question as to its contents.  Dr. Wetzell is in the process of locating his file and transferring same to the Government for the same purpose.  Again, whether or not you are entitled to the contents of their files may be a matter for the Court to determine.

We look forward to your reply to our response to the motion.

AUSA Steven E. Holtshouser

From: Elizabeth Carlyle [mailto:elizcar@bellsouth.net]
Sent: Tuesday, December 23, 2008 8:05 PM
To: Holtshouser, Steven (USAMOE); Landolt, Joseph (USAMOE)
Cc: James_Monroe@fd.org; Joseph M. Cleary; Michael Wiseman
Subject: Allen v. United States: Inspection of evidence

Dear Mr. Holtzhauser and Mr. Landolt,

As  I believe you know, I represent Billie Allen in his 2255 proceedings.  My investigator, James Monroe, and I would like to inspect and review the government's exhibits, including but not limited to physical evidence, in both Mr. Allen's and Mr.

4

Holder's cases.  The district clerk has informed us that you have them.  If possible, we would like to do the inspection on Friday, January 16, in the morning.  Please let me know if this will work for you.  Thank you for your cooperation.

Elizabeth Unger Carlyle

Lawyer

PO Box 866

Columbus, MS  39703

voice 816-525-6540

fax 866-764-1249

e-mail elizcar@lawalumni.neu.edu

NOTE ABOUT E-MAIL  I love e-mail!  It's fast, easy and cheap.  However, correspondence by e-mail is not as secure as regular mail.  Therefore, in corresponding on legal matters, I try to avoid including sensitive information in e-mail.  If you choose to correspond with me by e-mail concerning my representation, you should be aware that there is some risk of interception of e-mail messages by third parties.  You should also make sure no one but you has access to your e-mail through your computer.