# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

_____

| | : | |
|---|---|---|
| BILLIE JEROME ALLEN, | : | No. 4:07-CV-27 ERW |
| | : | |
| Petitioner, | : | **Capital 2255 Case** |
| | : | |
| -v- | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

_____  :

**PETITIONER'S REPLY BRIEF IN SUPPORT OF MOTION TO INSPECT**

Petitioner, Billie Jerome Allen, through counsel, respectfully submits this reply brief in support of his motion to inspect the trial exhibits, the trial discovery, and related evidence in his case.

1.  On May 2, 2009, Petitioner filed his Motion to Inspect ("*Motion*"). After obtaining an extension from the Court, the government responded on May 21, 2009 ("*Response*"). This Reply follows.

2.  In its *Response*, the government mischaracterizes the *Motion* as one for discovery. Discovery is: "1. The act or process of finding or learning something that was previously unknown." Black's Law Dictionary 207 (2d Pocket

1

Ed. 2001).[1]  Petitioner seeks nothing of the sort.  The *Motion* simply seeks access

to the government's exhibits from Petitioner's public trial and discovery materials

previously furnished to trial counsel.  Petitioner seeks no new – or "previously

unknown" – materials.  Thus, Petitioner properly styled and argued the *Motion* as

one to "inspect," not as a motion for discovery.

3.      After miscasting the *Motion* as a discovery request, the government

cites eight cases for the undisputed proposition that a habeas petitioner must show

good cause before he is entitled to conduct discovery under the Federal Rules.

(*See Resp*. 4-5.)  All but one of the cases cited by the government, however,

involved requests for discovery of new, previously unknown, extra-record

evidence[2] – circumstances not relevant here.

---

[1]See also Kiley v. United States, 260 F.Supp.2d 248, 260 (D. Mass. 2003) (relying on the same definition of "discovery" and citing Black's Law Dictionary 478 (7th Ed. 1999)).

[2]See Bracy v. Gramley, 520 U.S. 899, 909 (1997) (overruling denial of petitioner's request for discovery about trial court's acceptance of bribes in other cases); United States v. Johnson, 2003 WL 1193257 at *5 (N.D. Ill. 2003) (denying petitioner's request for discovery concerning the confinement conditions of other federal prisoners); Lecroy v. United States, 2009 WL 973564 *1 (N.D. Ga. April 9, 2009) (denying petitioner's request for discovery as to a bald allegation of improper contact between the jurors and the prosecution's jury expert); Marshall v. Hendricks, 103 F.Supp.2d 749, 764 (D. N.J. 2000) (denying, inter alia, petitioner's request to depose all past and present personnel of the state police, the prosecutor's office, and other state or federal agencies to support a Brady claim) rev'd in part, 307 F.3d 36,

2

4.    The only case cited by the government that involved a request for materials previously provided by prosecutors to trial counsel firmly supports Petitioner's request.  In Payne v. Bell, the habeas petitioner sought "all exculpatory evidence that was furnished to [trial counsel]."  89 F.Supp.2d 967, 971 (W.D. Tenn. 2000).  The court granted the request and explained that the "request does not seek new information."  Id. at 972.  Similarly, Petitioner here seeks only to inspect the evidence furnished and available to trial counsel and the exhibits from Petitioner's public trial.

5.    In any event, even assuming that Petitioner must meet the "good cause" requirement for discovery requests, the Motion easily meets that standard. In his § 2255 motion, Petitioner raised fourteen ineffective assistance of counsel claims alleging constitutionally deficient performance by prior counsel during the guilt and penalty phases of trial and on appeal.  Petitioner cannot properly describe

117 (3d Cir. 2002) (remanding and requiring an evidentiary hearing so that a full record could be developed on petitioner's ineffective assistance of counsel claim); Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (upholding district court's denial of discovery request for unspecified documents from "the 'city jail,' the 'central jail,' the police, the postal inspector, and the FBI."); Teti v. Bender, 507 F.3d 50, 54-56 (1st Cir. 2007) (denying discovery request where the state courts made extensive factual findings regarding petitioner's conflict-of-interest claim that co-counsel had previously represented a hostile witness in an unrelated case); Brown v. United States, 583 F.Supp.2d 1330 (S.D. Ga. 2008) (summarily denying discovery request after extensively analyzing and denying petitioner's habeas claims).

3

prior counsel's deficient actions and omissions without having access to the same materials they had.  Indeed, current counsel's professional duty to Petitioner requires that they inspect the entire record.  See *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, 10.7(B)(2) (2003).

6.    The government nonetheless argues that Petitioner should obtain the requested materials directly from prior counsel and complains that the "motion to inspect makes no reference to whether [such] contact has been attempted."  (*Resp.* 7.)  In fact, the *Motion* explained that counsel has received pre-trial and trial discovery materials from prior counsel, but that those materials contain significant omissions.  (*Mot.* 2 n.1.)  Further, counsel has identified those omissions only after referring to cover letters the government sent to trial counsel enclosing discovery documents, and has no way of knowing whether additional discovery materials were turned over to trial counsel without cover letters or for which the cover letters are not in prior counsel's files.  Thus, despite the full cooperation of prior counsel, Petitioner can only obtain a complete record of the case from the government.

7.    The government does not dispute that it maintains sole possession of the requested trial exhibits and acknowledges that "petitioner has a right to inspect exhibits admitted into evidence at a public trial."  (*Resp.* 4 n.1 citing Nixon v.

4

Warner Communications, Inc., 435 U.S. 589, 597 (1978).)  The government nonetheless asks the Court to exercise its discretion to limit this right.  In Nixon, the Supreme Court explained that the right of access is presumed but may be limited where trial exhibits are sought for "improper purposes" such as to harm a business, to spite an individual, or to promote public scandal.  435 U.S. at 598, 602.  Petitioner's request obviously does not fall into any of these categories.  It is hardly improper for a capital habeas petitioner to seek access to the trial exhibits from the very case that resulted in his death sentence.

8.    Finally, the government's claim that the *Motion* is a "classic fishing expedition" that Petitioner is pursuing "solely for delay" (*Resp*. 8) is contradicted by its willingness to provide the requested inspection under its own terms.  (See *Resp*. 3, 7-8.)  Because the government has insisted on limiting the scope of the inspection and on first learning how counsel's inspection of each specific item will ultimately fit into the litigation of Petitioner's claims, Petitioner has been compelled to seek the Court's oversight of this straightforward request.

9.    Since December 2008, counsel has been, and remains, ready to accommodate the government's scheduling and logistical concerns and to complete the requested inspection in a timely manner.

WHEREFORE, for the foregoing reasons, undersigned counsel respectfully request that the Court grant Petitioner's Motion to Inspect.

Respectfully Submitted,

/s/ Elizabeth Unger Carlyle                    /s/ Joseph M. Cleary

_____          _____
Elizabeth Unger Carlyle                         Joseph M. Cleary
P.O. Box 866                                       1455 N. Pennsylvania
Columbus, Mississippi 39703                 Indianapolis, Indiana 46202
(816)525-6540                                      (317)630-0137
elizcar@bellsouth.net                            Jcleary498@aol.com


/s/ Michael Wiseman

_____
Michael Wiseman
Chief, Capital Habeas Corpus Unit
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Michael_Wiseman@fd.org


Dated:        May 29, 2009
                  St. Louis, Missouri


6

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2009, the foregoing Petitioner's Reply Brief in Support of Motion to Inspect was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Joseph M. Landolt
United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Mr. Steven Holtshouser
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102.


/s/ Michael Wiseman

_____
Michael Wiseman
Counsel for Petitioner