Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

Special Verdict Form

FILED

MAR 1 0 1998

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.                                    No. 4:97CR141ERW

BILLIE JEROME ALLEN

## SPECIAL VERDICT FORM

### COUNT I - BANK ROBBERY RESULTING IN THE DEATH OF RICHARD HEFLIN

**I. AGE OF DEFENDANT**

Instructions: Answer "YES" or "NO." Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that:

Billie Jerome Allen was eighteen years of age or older at the time of the offenses.

YES ___X___

NO _____

_____
Foreperson

1

Instructions:  If you answered "NO" with respect to the determination in this section, then stop your deliberations, cross out Sections II, III, IV, V and VI of this form, and proceed to Section VII.  Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision.  You should then advise the court that you have reached a decision.

If you answered "YES" with respect to the determination in this Section I,  proceed to Section II which follows.

## II.  REQUISITE MENTAL STATE

Instructions: Answer "YES" or "NO."

Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that Billie Jerome Allen intentionally inflicted serious bodily injury which resulted in the death of Richard Heflin.

YES   X

NO   _____

_____
Foreperson

Instructions:  If you answered "NO" with respect to the determination in this section, then stop your deliberations, cross out Sections III, IV, V and VI of this form, and proceed to

Section VII.  Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision.  You should then advise the court that you have reached a decision.

If you answered "YES" with respect to the determination in this Section II,  proceed to Section III which follows.


### III.  STATUTORY AGGRAVATING FACTORS


Instructions:  For each of the following, answer "YES" or "NO."  Do you, the jury, unanimously find that the government has established the existence of the following aggravating factors beyond a reasonable doubt:


1.  Did Billie Jerome Allen, in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly create a grave risk of death to one or more persons in addition to Richard Heflin?

YES   X

NO   _____

_____
Foreperson

3

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

2.   Did Billie Jerome Allen commit the offense in the expectation of the receipt of anything of pecuniary value?

YES    X

NO

_____
Foreperson

Instructions:  If you answered "NO" with respect to all of the Statutory Aggravating Factors in this Section III, then stop your deliberations, cross out Sections IV, V and VI of this form, and proceed to Section VII of this form.  Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision.  You should then advise the court that you have reached a decision.

If you found the requisite age in Section I, the requisite mental state in Section II and answered "Yes" with respect to one or more of the aggravating factors in this Section III, proceed to Section IV which follows.

## IV.  NON-STATUTORY AGGRAVATING FACTORS

Instructions:  For each of the following, answer "YES" or "NO."  Do you, the jury, unanimously find that the government has established the existence of the following aggravating factors

4

beyond a reasonable doubt:

1. Was Billie Jerome Allen's conduct in committing the offenses substantially greater in degree than that described in the definition of the crime, apart from the statutory aggravating factors? As you were instructed in the first phase of this trial:

The crime charged in Count I is based on federal law set forth in Title 18, United States Code, Section 2113 which states in pertinent part as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . . [shall be guilty of the offense].
> . .
>
> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.
>
> As used in this section, the term "bank" means . . . any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

YES    _X_

NO    _____

_signature_

**Foreperson**

5

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

2.   Is Billie Jerome Allen likely to commit criminal acts of violence in the future which would be a continuing and serious threat to society?

                                              YES _____

                                              NO   ___X_____

_____
Foreperson


3.   Do Richard Heflin's personal characteristics as an individual human being and the impact of the death of Richard Heflin upon his family make this crime more worthy of the death penalty than other murders?

                                              YES _____

                                              NO   ___X_____

_____
Foreperson


Instructions:   Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in this Section IV, proceed to Section V, which follows.


V.   MITIGATING FACTORS

Instructions:   For each of the following mitigating factors, indicate, in the space provided, the number of jurors who have

found the existence of that mitigating factor to be proven by a preponderance or greater weight of the evidence.

A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established in considering whether or not a sentence of death shall be imposed, regardless of the number of other jurors who agree that the factor has been established:

## A. Statutory Mitigating Factors

1. Billie Allen's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired, regardless of whether his capacity was so impaired as to constitute a defense to the charge.

Number of jurors who so find ___ZERO___.

2. Billie Allen does not have a significant prior history of other criminal conduct.

Number of jurors who so find _EIGHT_.

3. Billie Allen committed the offense under severe mental or emotional disturbance.

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

Number of jurors who so find _ONE_.


4.    Other factors in Billie Allen's background, record, or character, and any other circumstances of the offense, that mitigate against imposition of the death sentence.


Number of jurors who so find _TWELVE_.


**B.   Non-statutory Mitigating Factors**

The non-statutory mitigating factors the defendant asserts he has proved by a preponderance or greater weight of the evidence are:


1.    Billie Allen suffered brain damage that impaired his ability to focus his attention, to learn, and to use good judgment, or that impeded his personality development.


Number of jurors who so find _ZERO_.


2.    Billie Allen demonstrated severe learning problems in school, which led to academic failure, increased frustration, and eventual dropout.


Number of jurors who so find _TEN_.

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

3.   Billie Allen's family was unable to assist him in dealing with his problems in making the transition from childhood to adulthood.

Number of jurors who so find ___TWO___.

4.   Billie Allen was born with a predisposition toward alcoholism or other substance abuse.

Number of jurors who so find ___ONE___.

5.   Billie Allen has suffered from long-standing depression.

Number of jurors who so find ___FIVE___.

6.   Billie Allen has an impaired ability to cope with stress.

Number of jurors who so find ___ONE___.

7.   At the time of the offenses for which he stands convicted, Billie Allen suffered from post-traumatic stress disorder resulting from the shooting death of his best friend.

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

Number of jurors who so find _ZERO_ .

8.   At the time of the offenses of which he stands convicted, Billie Allen was abusing marijuana in an effort to self-medicate for depression or other symptoms of post-traumatic stress disorder.

Number of jurors who so find _ONE_ .

9.   Billie Allen has consistently demonstrated impaired judgment, no real leadership potential, the personality characteristics of a "follower" or an incapacity to plan an event as complicated as the offenses for which he has been convicted.

Number of jurors who so find _TEN_ .

10.   Billie Allen was only 19 at the time of the offenses of which he stands convicted.

Number of jurors who so find _ZERO_ .

11.   In the events underlying his conviction, Billie Allen was associated with an older individual at a time when he was suffering from emotional problems.

Number of jurors who so find _TWO_ .

10

12.    In the killing for which Billie Allen was convicted, the wounds to the pelvis were from bullets that struck Mr. Heflin after ricocheting off the floor.

Number of jurors who so find ~~~~ TWO.
                                            GEA

13.    Billie Allen grew up in a neighborhood that was surrounded by gang factions.

Number of jurors who so find EIGHT .

14.    Billie Allen lost several close friends to gang violence.

Number of jurors who so find ONE .

15.    The offenses for which Billie Allen has been convicted are inconsistent with his prior behavior.

Number of jurors who so find TWELVE .

16.    Billie Allen was known as a likeable, gentle, lighthearted person.

Number of jurors who so find SIX .

17.   Billie Allen was not considered aggressive or violent.

Number of jurors who so find _ELEVEN_ .


18.   Billie Allen is a creative, artistic person.

Number of jurors who so find _ONE_ .


19.   Billie Allen has demonstrated the capacity to be a loving and caring person.

Number of jurors who so find _ONE_ .


20.   Billie Allen is part of an extended family whose members will assist him in his adjustment to incarceration.

Number of jurors who so find _SIX_ .


21.   Billie Allen can be adequately managed in a prison setting.

Number of jurors who so find _NINE_ .


22.   Billie Allen will not be a threat to society if he is sentenced to life imprisonment without the possibility of

release.

Number of jurors who so find ___SIX___.

The following extra spaces are provided to write in any such additional mitigating factors that any one or more jurors find to exist.  If none, write "NONE" and line out the extra spaces with a large "X."  If more space is needed, write "CONTINUED" and use the reverse side of this page.

23. BILLIE ALLEN HAD NO STRONG GUIDING PARENTAL INFLUENCE IN THE HOME.

Number of jurors who so find TWELVE.

24. BILLIE ALLENS SOCIOECONOMIC GRADE SCHOOL ENVIRONMENT WAS INAPPROPRIATE FOR HIM

Number of jurors who so find ___NINE___.

25. SEVERAL GOVERNMENT SPONSORED SUPPORT SYSTEMS INCLUDING EDUCATION AND PROBATION FAILED TO INTERVENE IN BILLIES DOWNWARD SPIRALING PATH..

Number of jurors who so find ___FIVE___.

___.

Number of jurors who so find _____.

13

## VI. DETERMINATION

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death:

## A.  Death Sentence

We determine, by unanimous vote, that a sentence of death shall be imposed.

YES _____

NO  ____╳_____

If you answer "YES," sign your names here, and then proceed to Section VII.  If you answer "NO," the foreperson alone should sign, and you should proceed to Section VI (B):

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

FOREPERSON

Date: _March  10, 1998_

14

**B.   Sentence of Life Imprisonment Without Possibility of Release**

We determine, by unanimous vote, that a sentence of life imprisonment without possibility of release shall be imposed.

YES  ___X___

NO  _____

If you answer "YES," sign your names here, and then proceed to Section VII. If you answer "NO," the foreperson alone should sign, and you should proceed to Section VI (C):

FOREPERSON

Date: _March 10, 1998_

15

**Lesser Sentence.**

We recommend, by unanimous vote, that a sentence lesser than death or life imprisonment without possibility of release shall be imposed.

YES  _____

NO  _____

If you answer "YES," sign your names here, and then proceed to Section VII:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

FOREPERSON

Date:  _____ __, ____

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 3

## VII. CERTIFICATION

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of  the race, color, religious beliefs, national origin, or sex of the defendant, or the victim.

FOREPERSON

Date: March 10, 1998