Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
JAMES ROANE, JR., <u>et al.</u>,          )
                                    )
          Plaintiffs,               )
                                    )
          v.                        )     **Civil Action No. 05-2337 (RWR)**
                                    )
ERIC H. HOLDER, JR., <u>et al.</u>,       )
                                    )
          Defendants.               )
_____   )


<u>**MEMORANDUM OPINION AND ORDER**</u>

Six death row inmates facing execution by lethal injection
bring this action against the Attorney General and other Justice
Department officials[1] in their official and individual capacities
alleging various constitutional and statutory violations caused
by the federal government's adoption and intended use of a lethal
injection protocol that allegedly exposes the inmates to a
substantial risk of severe pain.  The defendants have renewed
their motion for judgment on the pleadings under Federal Rule of
Civil Procedure 12(c).  Because the defendants' asserted statute
of limitations defense raises a genuine factual dispute that
precludes summary judgment, the defendants' renewed motion for
judgment on the pleadings will be denied in part.  The defendants
have also renewed their motion to dismiss under Rules 12(b)(1)

---

[1]Under Federal Rule of Civil Procedure 25(d), Attorney
General Eric H. Holder, Jr. and Acting DEA Administrator Michele
Leonhart are substituted for their predecessors as parties.

Case: 4:07-cv-00027-ERW-DAR Doc. #: 94-62 Filed: 03/14/09 Page: 2 of 26 PageID
Case 1:05-cv-02337-RWR-DAR Document 206 Filed 04/20/2009 Page 2 of 26
#: 1512

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 2 -

and 12(b)(6). Because the plaintiffs do not oppose dismissal of all individual capacity claims, the defendants' motion to dismiss all individual capacity claims will be granted. In addition, because the plaintiffs do not seek to challenge 28 C.F.R. § 26.3, the defendants' motion to dismiss Count IV to the extent it challenges this regulation will be denied as moot. Because Count V challenges the defendants' general policy to not apply certain Controlled Substances Act ("CSA") provisions against individuals who participate in federal lethal injections or against the federal government's lethal injection protocol itself, but does not challenge any individual decision not to prosecute an alleged CSA violation, the defendants' motion to dismiss to Count V of the amended complaint will be denied. The defendants' motion to dismiss all official capacity claims against defendant Thomas Webster, M.D., a penitentiary Clinic Director, will be granted because Dr. Webster has exercised his right under 18 U.S.C. § 3597(b) and 28 C.F.R. § 26.5 not to participate in federal executions.

BACKGROUND

Plaintiffs James Roane, Jr., Cory Johnson, and Richard Tipton were each tried and convicted on multiple charges and "each was sentenced to death on one or more of the capital murder charges on which he was convicted." United States v. Tipton, 90 F.3d 861, 868 (4th Cir. 1996). Their convictions became final on

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 3 -

direct appeal when the Supreme Court denied certiorari for each

on June 2, 1997.  Roane v. United States, Johnson v. United

States, Tipton v. United States, 520 U.S. 1253 (1997).  Plaintiff

Orlando Hall was convicted of kidnaping resulting in death and

other crimes and sentenced to death in 1995.  United States v.

Hall, 152 F.3d 381, 390 (5th Cir. 1998).  His conviction became

final on May 17, 1999.  Hall v. United States, 526 U.S. 1117

(1999) (denying petition for certorari).  Plaintiff Bruce Webster

was convicted of kidnaping resulting in death and other crimes

and sentenced to death in 1996.  United States v. Webster, 162

F.3d 308, 317, 319-20 (5th Cir. 1998).  His conviction became

final on October 4, 1999.  Webster v. United States, 528 U.S. 829

(1999) (denying petition for certiorari).  Plaintiff Anthony

Battle was convicted of murdering a federal correctional officer

and sentenced to death in 1997.  United States v. Battle, 173

F.3d 1343, 1345 (11th Cir. 1999).  His conviction became final on

March 20, 2000.  Battle v. United States, 529 U.S. 1022 (2000)

(denying petition for certorari).  Each plaintiff also has sought

unsuccessfully to challenge his death sentence through collateral

review.  At present, each plaintiff is to be executed in the

manner prescribed by the federal government's lethal injection

protocol.

Plaintiffs Roane, Tipton, and Johnson filed this action on

December 6, 2005 against the Attorney General, the Administrator

Case 1:05-cv-02337-RWR-DAR Document 208 Filed 04/20/2009 Page 4 of 26

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 4 -

of the Drug Enforcement Administration ("DEA"), Director of the Federal Bureau of Prisons Harley G. Lappin, Medical Director of the Health Services Division of the Federal Bureau of Prisons Newton E. Kendig, M.D., Warden of the United States Penitentiary Terre Haute ("Terre Haute") Mark Bezy, and Clinical Director at Terre Haute Thomas Webster, M.D. Bruce Webster, Battle, and Hall intervened as plaintiffs in 2007. The plaintiffs' executions were stayed by consent of all parties. The plaintiffs' amended complaint alleges five claims. The plaintiffs' first claim alleges that they have been denied due process under the Fifth Amendment because the defendants "have refused to disclose the procedures that will be utilized in carrying out the plaintiffs' executions[.]" (Am. Compl. ¶ 58.) The plaintiffs' second and third claims allege that the defendants' method of carrying out the plaintiffs' executions by lethal injection violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Id. ¶¶ 61, 63-66.) The plaintiffs' fourth claim, brought under the Administrative Procedure Act ("APA"), alleges that the defendants failed to follow the APA's rulemaking procedures when promulgating their lethal injection protocol. (Id. ¶¶ 68-72.) Finally, the plaintiffs' fifth claim alleges that "the defendants have arbitrarily and capriciously failed to exercise their authority to enforce the CSA" against persons

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 5 -

dispensing one of the lethal injection drugs, sodium thiopental, without a valid registration.  (Id. ¶¶ 74-77.)

The defendants have renewed[2] their motion for judgment on the pleadings and their motion to dismiss certain claims and defendants.  The defendants contend that they are entitled to judgment because the plaintiffs' claims are barred by the applicable statute of limitations and because the plaintiffs' claims are an eleventh hour challenge filed "too late in the day."  (Defs.' Mem. in Supp. of Their Renewed Mot. for J. on the Pleadings ("Defs.' J. on the Pleadings Mem.") at 9-10.)  The defendants also contend that all individual capacity claims, the official capacity claims against the DEA Administrator and Dr. Webster, and Counts IV (in part) and V of the amended complaint should be dismissed, alleging that one claim in Count IV is barred by res judicata, that the claim against the DEA Administrator in Count V is foreclosed by the Supreme Court's decision in Heckler v. Chaney, 470 U.S. 821 (1985), and that no relief is available against Dr. Webster because he has exercised his right not to participate in federal executions.

---

[2]This action has been twice stayed pending the Supreme Court's decisions in Hill v. McDonough, 547 U.S. 573 (2006), and Baze v. Rees, 128 S. Ct. 1520 (2008).

Case 1:05-cv-02337-RWR-DAR Document 208 Filed 04/20/2009 Page 6 of 26

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 6 -

DISCUSSION

I.   RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS

A party may move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial" under Rule 12(c).  Fed. R. Civ. P. 12(c).  Under Rule 12(d), if, as here, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Summary judgment may be granted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The relevant inquiry "is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 7 -

A.    Statute of limitations

The defendants contend that the plaintiffs' method-of-execution claims are barred by the general six-year statute of limitations on lawsuits against the government.  (Defs.' J. on the Pleadings Mem. at 14 (citing 28 U.S.C. § 2401 ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.").)  A statute of limitations bar is an affirmative defense and the defendants bear the burden of proving it.  See Colbert v. Potter, 471 F.3d 158, 165 (D.C. Cir. 2006); Jones v. Ritter, 587 F. Supp. 2d 152, 159 (D.D.C. 2008.)  The defendants allege that each plaintiff's claim accrued at the time he exhausted his direct appeal, which was more than six years before each plaintiff's participation in this action.  In response, the plaintiffs contend that the general six-year statute of limitations does not apply to constitutional claims seeking injunctive relief, and that if the statute of limitations does apply, the plaintiffs' claims are timely.  (See Pls.' Opp'n to Renewed Mot. for J. on the Pleadings at 15-16.)

The six-year statute of limitations under 28 U.S.C. § 2401 applies to the plaintiffs' claims for injunctive relief.  See Kendall v. Army Bd. of Corr. of Military Records, 996 F.2d 362, 365 (D.C. Cir. 1993) (holding that § 2401(a) "applies to all civil actions whether legal, equitable, or mixed").  Section

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 8 -

2401(a) applies to "every civil action," making no distinction between legal and equitable actions. 28 U.S.C. § 2401(a); see Kendall, 996 F.2d at 365; Walters v. Sec'y of Def., 725 F.2d 107, 111-12 (D.C. Cir. 1983) (noting the Congress's choice to use "civil action" rather than "suit" "eliminat[es] any possible distinction under the statute between legal and equitable claims"). Thus, by its express terms, the six-year statute of limitations under § 2401(a) applies to all civil actions against the United States, "even [if] the relief sought . . . is purely prospective." Walters, 725 F.2d at 113. Accordingly, although the plaintiffs' claims seek injunctive relief, such claims are still subject to the six-year limitations period for claims brought against the United States.

"[I]t is the 'standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action[,]' . . . that is, when 'the plaintiff can file suit and obtain relief[.]'" Wallace v. Kato, 549 U.S. 384, 388 (2007) (internal citation omitted) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fun v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). A cause of action may accrue even if "the full extent of the injury is not then known or predictable." Id. at 391 (internal quotation marks omitted). Courts of appeals considering when a method-of-execution claim accrues have concluded that a plaintiff's claim accrues upon completion of the plaintiff's direct appeal or, if

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 9 -

the challenged protocol is not known upon conclusion of direct appeal, at the time when a plaintiff "knew or should have known based upon reasonable inquiry" about the protocol giving rise to the challenge. Cooey v. Strickland, 479 F.3d 412, 422 (6th Cir. 2007); see Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008) (holding that the statute of limitations begins to run on "the date direct review of an individual case is complete or the date on which the challenged protocol was adopted"); McNair v. Allen, 515 F.3d 1168, 1174, 1176-77 (11th Cir. 2008) (holding that a method-of-execution claim under § 1983 "accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol"); Nooner v. Norris, 491 F.3d 804, 808 (8th Cir. 2007) (concluding that the constitutionality of a lethal injection protocol can be challenged once an inmate's death sentence becomes final on direct review "as long as lethal injection is the established method of execution, the protocol is known, and no state administrative remedies are available); see also Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006) ("A challenge to a method of execution may be filed at any time after the plaintiff's conviction has become final on direct review.").

The question of when a plaintiff knew or should have known of his cause of action is a question of fact. See Jones v. Rogers Mem'l Hosp., 442 F.2d 773, 775 n.2 (D.C. Cir. 1971);

Case: 4:07-cv-02027-ERW-DAR   Doc. #: 84-62   Filed: 08/14/09   Page: 10 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 208   Filed 04/20/2009   Page 10 of 26
#: 1520

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 10 -

Cobell v. Babbitt, 30 F. Supp. 2d 24, 44 (D.D.C. 1998) ("The

question of when the plaintiffs knew or should have known of

their claim is a question of fact.").  For example, in Cooey, the

Sixth Circuit concluded that Cooey's 2004 method-of-execution

challenge was untimely under the applicable two-year statute of

limitations because, regardless of his actual knowledge, "Cooey

should have known of his cause of action in 2001 after amendments

to the law required that he be executed by lethal injection, and

the information was publicly available upon request."  479 F.3d

at 422.  Similarly, in McNair, the Eleventh Circuit held that the

plaintiff, whose conviction became final in 1990, had a method-

of-execution claim that accrued on July 31, 2002, the date the

plaintiff "selected lethal injection as the means by which he

[would] die."  515 F.3d at 1177.  The Eleventh Circuit concluded

that at the time the plaintiff selected lethal injection as the

method for his execution and made himself subject to the state's

lethal injection protocol, "the facts which would support a cause

of action [challenging the lethal injection method] should have

been apparent to any person with a reasonably prudent regard for

his rights."  Id.

Here, each plaintiff's conviction became final on direct

appeal more than six years before he filed or intervened in this

action.  However, the plaintiffs argue that the federal

government has "assiduously guarded" its protocol and the

Case: 4:07-cv-00027-ERW-DAR Doc. #: 94-62 Filed: 08/14/09 Page: 11 of 26 PageID
Case 1:05-cv-02337-RWR-DAR Document 206 Filed 04/20/2009 Page 11 of 26
#: 1521

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 11 -

government's lack of disclosure prevented the plaintiffs from having knowledge of their injury until "well within any possible limitations period." (Pls.' Opp'n to Renewed Mot. for J. on the Pleadings at 19, 21.) Plaintiffs identify facts revealing eight specific alleged constitutional defects in the defendants' execution processes. (Id. at 35-48.) Notably, the plaintiffs' amended complaint alleges that at the time this case was filed, "[t]he defendants . . . [had] refused to disclose the procedures that will be utilized in carrying out plaintiffs' executions[.]" (Am. Compl. ¶ 58.) The plaintiffs further contend that "there was no specific information . . . until November 2003" indicating that the federal government's method of execution used too little anesthetic, and that information regarding "the use of the femoral vein access and the employment of persons who are responsible" for previous serious errors in federal executions was not available until June 26, 2007, when the government produced an addendum to its protocol. (Pls.' Opp'n to Renewed Mot. for J. on the Pleadings at 20.) The defendants do not dispute the plaintiffs' allegations that they were not permitted access to the defendants' protocol. Instead, the defendants contend that there was sufficient publicly available information cited in the plaintiffs' amended complaint[3] and "published

_____

[3]The intervenor plaintiffs prepared their own complaints, but the parties stipulated that the intervenors would simply join in the original plaintiffs' existing pleading.

Case: 4:07-cv-00027-ERW-DAR   Doc. #: 94-62   Filed: 08/14/09   Page: 12 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 206   Filed 04/20/2009   Page 12 of 26
#: 1522

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 12 -

accounts of purported problems with lethal injection procedures"

known to each plaintiff at the time his conviction became final

on direct review that he should have been aware of his claims at

that time and therefore, the claims of each plaintiff accrued

more than six years before he filed or intervened in this action.

(See Defs.' Reply at 13-14.)

To show the plaintiffs knew or should have known of their

claims long ago, it is not enough to recite the amended

complaint's allegations that there were reports of problems with

federal executions for years.  The plaintiffs must or should have

known of the particular problems the plaintiffs have cited in

this case as being of actionable constitutional dimensions.  When

the plaintiffs actually knew or when they should have known about

each of their challenges to the defendants' lethal injection

protocol is a fact question that cannot be resolved as a matter

of law based on the current record.[4]  Accordingly, the

_____

[4]The plaintiffs also contend that their method-of-execution
claims have not yet accrued because a method-of-execution claim
alleges a "continuing violation."  (See Pls.' Opp'n to Renewed
Mot. for J. on the Pleadings at 15-16.).  The continuing tort
doctrine applies where "no single incident in a continuous chain
of tortious activity can 'fairly or realistically be identified
as the cause of significant harm[.]'"  Page v. United States, 729
F.2d 818, 821-22 (D.C. Cir. 1984) (quoting Fowkes v. Pa. R.R.,
264 F.2d 397, 399 (3d Cir. 1959); see Heard v. Sheahan, 253 F.3d
316, 319 (7th Cir. 2001) ("A violation is called 'continuing'
. . . when it would be unreasonable to require or even permit
[the plaintiff] to sue separately over every incident of the
defendant's unlawful conduct.").  For example, a hostile work
environment claim under Title VII alleges a continuing violation
because, unlike a discrete act of discrimination, it is based on

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 13 -

defendants' motion for judgment on the pleadings on the ground

that the plaintiffs' claims are barred by six-year statute of

limitations for civil actions brought against the government will

be denied.

   B.   Eleventh hour challenge

   The defendants allege, relying on the Supreme Court's

opinion in Hill v. McDonough, 547 U.S. 573 (2006), that the

plaintiffs' suit should be dismissed as being an "eleventh hour

challenge" to their executions that was "filed too late in the

day and can reasonably be construed as dilatory."  (See Defs.' J.

on the Pleadings Mem. at 13-14.)  In Nelson v. Campbell, 541 U.S.

641 (2004), the Supreme Court held that a stay of execution was

---

"repeated conduct . . . [that] cannot be said to occur on any particular day."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002).  In such a situation, "the cumulative effect of the conduct [is] actionable," and "'the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases.'"  Page, 729 F.2d at 821-22 (quoting Donaldson v. O'Connor, 493 F.2d 507, 529 (5th Cir. 1974), vacated on other grounds, 422 U.S. 563 (1975)).  The continuing tort doctrine "becomes relevant only when the tortious conduct is ongoing." Id. at 822 n.23.

   The plaintiffs' method-of-execution challenge does not allege a continuing violation because there is no "continuous chain of tortious activity."  Page, 729 F.2d at 821.  "The challenged protocol will affect each plaintiff but once." Walker, 550 F.3d at 417 (concluding that the continuous tort doctrine does not apply to a method-of-execution challenge). Similarly, the adoption of the challenged protocol is a discrete action that creates the alleged risk of future injury.  Although the risk of future injury for each plaintiff may continue while they are subject to the challenged protocol, there is no ongoing tortious conduct by the government giving rise to a cumulative injury.  Accordingly, the continuing tort doctrine is inapplicable to the plaintiffs' claims.

Case: 4:07-cv-02027-ERW-DAR   Doc. #: 94-62   Filed: 08/14/09   Page: 14 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 208   Filed 04/20/2009   Page 14 of 26
#: 1524

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 14 -

"an equitable remedy" that "'must take into consideration the
State's strong interest in proceeding with its judgment.'" <u>Id.</u>
at 649.  Two years later, in <u>Hill</u>, the Supreme Court reaffirmed
its position that "a stay of execution is an equitable remedy"
that is "not available as a matter of right," and that "inmates
seeking time to challenge the manner in which the [government]
plans to execute them must satisfy all of the requirements for a
stay, including a showing of a significant possibility of success
on the merits."[5]  547 U.S. at 584.  The Court further explained
that "equity must be sensitive to the [government's] strong
interest in enforcing its criminal judgments without undue
interference from the . . . courts." <u>Id.</u>  Thus, "[a] court
considering a stay [of execution] must also apply 'a strong
equitable presumption against the grant of a stay where a claim
could have been brought at such a time as to allow consideration
of the merits without requiring entry of a stay.'" <u>Id.</u> (quoting
<u>Nelson</u>, 541 U.S. at 650).  <u>Hill</u> noted that "a number of federal
courts [had] invoked their equitable powers to dismiss suits they

_____

    [5]To be entitled to preliminary injunctive relief, a
plaintiff generally must "demonstrate four things: (1) that he is
substantially likely to succeed on the merits of his suit, (2)
that in the absence of an injunction, he would suffer irreparable
harm for which there is no adequate legal remedy, (3) that the
injunction would not substantially harm other parties, and (4)
that the injunction would not significantly harm the public
interest."  Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1505-
06 (D.C. Cir. 1995).  "These factors interrelate on a sliding
scale and must be balanced against each other."  Serono Labs.,
Inc. v. Shalala, 158 F.3d 1313, 1318 (D.C. Cir. 1998).

Case: 4:07-cv-02027-ERW-DAR   Doc. #: 84-62   Filed: 08/14/09 20   Page: 15 of 26   PageID
Case 1:05-cv-02337-RWR-DAR   Document 206   Filed 04/20/2009   Page 15 of 26
#: 1525

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 15 -

saw as speculative or filed too late in the day" and concluded
that "courts can and should protect [against] dilatory and
speculative suits."  Id. at 584-85.  In addition, in Baze v.
Rees, 128 S. Ct. 1520 (2008), the Supreme Court cautioned that a
plaintiff bringing a method-of-execution challenge carries a
heavy burden to establish an Eighth Amendment violation.  Id. at
1537.  Recognizing the government's "legitimate interest in
carrying out a sentence of death in a timely manner[,]" Baze
concluded that "a stay of execution may not be granted . . .
unless the condemned prisoner establishes that the . . . lethal
injection protocol creates a demonstrated risk of severe pain.
He must show that the risk is substantial when compared to the
known and available alternatives."  Id.

Ultimately, in Nelson, Hill, and Baze, the Supreme Court has
provided a clear warning to convicted inmates facing execution
that equity weighs against those who sit on their rights and then
seek to delay timely enforcement of judgments.  See, e.g., Walker
v. Epps, 587 F. Supp. 2d 763, 773 (N.D. Miss. 2008) (applying the
"'strong equitable presumption against the grant of a stay where
the claim could have been brought'" earlier in the context of the
plaintiffs' requests for stays of execution (quoting Nelson, 541
U.S. at 650)).  However, equity's dislike of late-filed suits
requiring stays is a "presumption" and accordingly, may be
overcome in certain circumstances.  Since the defendants have

Case: 4:07-cv-02027-ERW-DAR   Doc. #: 94-62   Filed: 08/14/09   Page: 16 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 206   Filed 04/20/2009   Page 16 of 26
#: 1526

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 16 -

moved to lift the stays of execution currently in place, the defendants' argument that equity demands judgment for the defendants because the plaintiffs claims were filed too late in the day will be considered together with the motion to lift the stay.[6]  Accordingly, whether the defendants are entitled to judgment in their favor because the plaintiffs' claims are an eleventh hour challenge to their executions "filed too late in the day" will be taken up separately.

## II.  RENEWED MOTION TO DISMISS

The defendants have renewed their motion to dismiss certain claims and defendants under Rules 12(b)(1) and 12(b)(6), alleging that all individual capacity claims against the defendants and the official capacity claims against the DEA Administrator and Dr. Webster should be dismissed, that the plaintiffs' challenge in Count IV to the federal regulations authorizing lethal injection is barred by res judicata or the six-year statute of limitations, and that the plaintiffs' Count V claim challenging the defendants' alleged failure to enforce the CSA with respect to individuals who participate in federal executions is barred by Heckler v. Chaney, 470 U.S. 821 (1985).

---

[6]On a motion to lift a stay, a court must be guided by the same equitable considerations that apply when a court determines whether a stay should be issued in the first place.  See SEC v. Vision Commc'ns, Inc., Civil Action No. 94-0615 (CRR), 1995 WL 109037, at *2-3 (D.D.C. Mar. 6, 1995).

Case: 4:07-cv-02027-ERW-DAR   Doc. #: 84-62   Filed: 08/14/09   Page: 17 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 206   Filed 04/20/2009   Page 17 of 26
#: 1527

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 17 -

A.   Individual capacity claims

Plaintiffs do not oppose the dismissal of all individual capacity claims.  (Pls.' Opp'n to Renewed Mot. to Dismiss at 1 n.1.)  Accordingly, all individual capacity claims against the defendants will be dismissed.

B.   Alleged challenge to federal regulations in Count IV

The defendants contend that any challenge to the 28 C.F.R. § 26.3, the federal regulation permitting lethal injection, is barred either by the doctrine of res judicata or by the six-year statute of limitations under 28 U.S.C. § 2401.  In their opposition, the plaintiffs state that they "do not challenge the promulgation of [this] regulation[]."  (Pls.' Opp'n to Renewed Mot. to Dismiss at 10.)  Accordingly, the defendants' motion to dismiss Count IV to the extent that it challenges 28 C.F.R. § 26.3 will be denied as moot.

C.   Count V: failure to enforce the CSA

Count V alleges that "the defendants have arbitrarily and capriciously failed to exercise their authority to enforce the CSA by not requiring the persons whom the defendants intend to dispense controlled substances to the plaintiffs to apply for a registration[.]"  (Am. Compl. ¶ 77.)  The CSA requires "[e]very person who dispenses, or proposes to dispense, any controlled substance" to "obtain from the Attorney General a registration" unless the registration requirement is waived by the Attorney

Case: 4:07-cv-00027-ERW-DAR   Doc. #: 94-62   Filed: 08/14/09   Page: 18 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 206   Filed 04/20/2009   Page 18 of 26
#: 1528

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 18 -

General.  21 U.S.C. §§ 822, 829, 841(a)(1).  "The Attorney

General may, by regulation, waive the requirements for

registration of certain manufacturers, distributors, or

dispensers if he finds it consistent with the public health and

safety."  21 U.S.C. § 822(d).  The plaintiffs contend that their

claim challenges the "Defendants' long-settled position

concerning application of [the] CSA [registration] requirements

to those who carry out the federal lethal injection protocol and

their adoption of a general policy that is unlawful."  (Pls.'

Opp'n to Renewed Mot. to Dismiss at 4.)  In addition, the

plaintiffs challenge not just the defendants' adoption of an

enforcement policy, but the lethal injection protocol itself as a

violation of the CSA.  The defendants contend that these

challenges are barred by the "presumption against reviewability

for 'an agency's decision not to take enforcement action'"

established in Heckler v. Chaney, 470 U.S. 821 (1985).[7]  Crowley

Caribbean Transp., Inc. v. Pena, 37 F.3d 671, 675 (D.C. Cir.

1994) (quoting Heckler, 470 U.S. at 832).  (See Defs.' Mem. in

Supp. of Their Renewed Mot. to Dismiss at 12-15.)

---

[7]The defendants construe this claim as brought only against
the DEA Administrator.  However, the plaintiffs contend that this
claim is brought "against all defendants who have been named in
the case" because the defendants' alleged policy "is a
coordinated policy established by all Defendants."  (Pls.' Opp'n
to Renewed Mot. to Dismiss at 8.)  At this stage, it must be
presumed that the plaintiffs will be able to provide support for
their allegation of coordination among all the defendants.

Case: 4:07-cv-02027-ERW-DAR Doc. #: 94-62 Filed: 08/14/09 Page: 19 of 26 PageID
Case 1:05-cv-02337-RWR-DAR Document 208 Filed 04/20/2009 Page 19 of 26
#: 1529

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 19 -

The APA "provides judicial review to any 'person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" Webster v. Doe, 486 U.S. 592, 597 (1988) (quoting 5 U.S.C. § 702). However, under 5 U.S.C. § 701(a), judicial review under the APA is not available if the relevant statute precludes review or if the "agency action is committed to agency action by law." 5 U.S.C. § 701(a); see Webster, 486 U.S. at 599. In Heckler, prison inmates brought suit against the Food and Drug Administration ("FDA"), challenging the FDA's refusal to take enforcement action against the states for alleged violations of the Federal Food, Drug, and Cosmetic Act ("FDCA") caused by the states' use of certain drugs in administering lethal injections to carry out capital sentences. 470 U.S. at 823-24. The government argued that the FDA's decision not to apply the FDCA to drugs used in lethal injections was "'committed to agency discretion by law' under § 701(a)(2)." Id. at 828. Considering whether the FDA's determination "not to exercise its enforcement authority" with respect to the drugs used by states in lethal injections, the Supreme Court concluded that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion[,]" and is presumptively unreviewable. Id. at 831. The Court reasoned that "an agency

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 20 -

decision not to enforce often involves a complicated balancing of

a number of factors which are peculiarly within its expertise."

Id.

> [An] agency must not only assess whether a violation
> has occurred, but whether agency resources are best
> spent on this violation or another, whether the agency
> is likely to succeed if it acts, whether the particular
> enforcement action requested best fits the agency's
> overall policies, and, indeed, whether the agency has
> enough resources to undertake the action at all.  An
> agency generally cannot act against each technical
> violation of the statute it is charged with enforcing.
> The agency is far better equipped than the courts to
> deal with the many variables involved in the proper
> ordering of its priorities.

Id. at 831-32.  Further, Heckler reasoned that "when an agency

refuses to act it generally does not exercise its coercive power

over an individual's liberty . . . and thus does not infringe

upon areas that courts often are called upon to protect."  Id. at

832.  Finally, Heckler noted that an agency's decision not to

enforce "shares to some extent the characteristics of the

decision of a prosecutor in the Executive Branch not to indict --

a decision which has long been regarded as the special province

of the Executive Branch."  Id.

In Crowley, the court of appeals clarified the scope of the

Heckler presumption against judicial review, distinguishing

between a "single-shot non-enforcement decision" presumed

unreviewable and "a general enforcement policy [that] may be

reviewable for legal sufficiency where the agency has expressed

the policy as a formal regulation after the full rulemaking

Case: 4:07-cv-00027-ERW-DAR   Doc. #: 94-62   Filed: 08/14/09   Page: 21 of 26 PageID #: 1531

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 21 -

process . . . or has otherwise articulated it in some form of universal policy statement[.]" 37 F.3d at 676. The court of appeals reasoned that a reviewable policy is distinguishable from an unreviewable enforcement decision because "[b]y definition, expressions of broad enforcement policies are abstracted from the particular combinations of facts the agency would encounter in individual enforcement proceedings." Id. at 677. Further, enforcement policies "are more likely to be direct interpretations of the commands of the substantive statute rather than the sort of mingled assessments of fact, policy, and law that drive an individual enforcement decision and that are . . . peculiarly within the agency's expertise and discretion." Id. Thus, where the agency has expressed a policy "divorced from any specific . . . factual scenario, Heckler does not preclude review." Ctr. for Auto Safety, Inc. v. Nat'l Highway Traffic Safety Admin., 342 F. Supp. 2d 1, 13 (D.D.C. 2004) (reviewing the National Highway Traffic Safety Administration's 1998 letter to manufacturers stating a policy that the Safety Act "precludes regional recalls"); see OGS Bulk Ships, Inc. v. United States, 132 F.3d 808, 809, 812 (D.C. Cir. 1998) (holding that the Maritime Administration's "longstanding interpretation of the Merchant Marine Act of 1936" permitting "vessel[s] built with the aid of a 'construction-differential subsidy' from the federal government . . . [to] enter domestic trade after the statutorily

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 22 -

defined economic life of vessel expires" was reviewable as "a general enforcement policy"); cf. Crowley, 37 F.3d at 677 (finding the Maritime Administrator's denial of a waiver for a single company "unreviewable because it [was] a decision to forego enforcement in [the] one instance").

By the plaintiffs' own admission, they do not seek review of "'individual, isolated non-enforcement decisions'" presumed unreviewable under Heckler.  (Pls.' Opp'n to Renewed Mot. to Dismiss at 4 (quoting Heckler, 470 U.S. at 839 (Brennan, J., concurring).)  Instead, the plaintiffs' contend that the defendants have a general policy against applying the CSA's registration requirements to those who participate in federal lethal injections under the protocol.  To the extent the plaintiffs are claiming that the defendants have made a general statement about their policy of enforcement of the CSA with respect to federal lethal injections divorced from any fact-specific enforcement decision, the plaintiffs have stated a claim outside the scope of the Heckler presumption against judicial review.  Similarly, the plaintiffs also challenge "the lethal injection protocol itself," arguing that the protocol's "failure to require registration . . . preclud[es] enforcement of the registration requirement."  (Id. at 8.)  To the extent the plaintiffs are arguing that the lethal injection protocol itself is unlawful, such a claim is not foreclosed by Heckler.

Case: 4:07-cv-02027-ERW-DAR Doc. #: 94-62 Filed: 08/14/09 Page: 23 of 26 PageID
Case 1:05-cv-02037-RWR-DAR Document 208 Filed 04/20/2009 Page 23 of 26
#: 1533

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 23 -

Accordingly, the defendants' motion to dismiss the plaintiffs'

Count V claim and the DEA Administrator as a defendant will be

denied to the extent that Count V is a challenge to an alleged

general enforcement policy and the lethal injection protocol

itself.

    D.   <u>Defendant Webster</u>

Defendant Webster seeks dismissal of all claims brought

against him in his official capacity as clinical director at

Terre Haute because he has exercised his right under 18 U.S.C.

§ 3597(b) and 28 C.F.R. § 26.5 to be excused from attendance at

or personal participation in any execution.  Under 18 U.S.C.

§ 3597(b), no employee of

> the United States Department of Justice, the Federal
> Bureau of Prisons, or the United States Marshals
> Service . . . shall be required, as a condition of that
> employment or contractual obligation, to be in
> attendance at or to participate in any prosecution or
> execution under this section if such participation is
> contrary to the moral or religious convictions of the
> employee.  In this subsection, "participation in
> executions" includes personal preparation of the
> condemned individual and the apparatus used for
> execution and supervision of the activities of other
> personnel in carrying out such activities.

18 U.S.C. § 3597(b).  In addition, under 28 C.F.R. § 26.5,

> No officer or employee of the Department of Justice
> shall be required to be in attendance at or to
> participate in any execution if such attendance or
> participation is contrary to the moral or religious
> convictions of the officer or employee, or if the
> employee is a medical professional who considers such
> participation or attendance contrary to medical ethics.
> For purposes of this section, the term "participation"
> includes personal preparation of the condemned

Case: 4:07-cv-02027-ERW-DAR   Doc. #: 94-62   Filed: 08/14/09   Page: 24 of 26 PageID
Case 1:05-cv-02337-RWR-DAR   Document 206   Filed 04/20/2009   Page 24 of 26
#: 1534

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 24 -

individual and the apparatus used for execution and
supervision of the activities of other personnel in
carrying out such activities.

28 C.F.R. § 26.5.

In his affidavit in support of the defendants' motion,

Dr. Webster declares that he has exercised his right "not to

participate in any and all facets of the execution process" and

"absolutely no involvement in, nor control over, any facet of the

operation involving the execution process."  (Defs.' Renewed Mot.

to Dismiss, Decl. of Thomas Webster at 1.)  The plaintiffs

nonetheless contend that Dr. Webster has an affirmative duty to

involve himself in the execution process to "ensur[e] that

appropriate steps are taken to minimize pain suffered by

inmates," and that he "bears responsibility for any 'deliberate

indifference' to such pain."  (Pls.' Opp'n to Renewed Mot. to

Dismiss at 9.)  The plaintiffs' contention that Dr. Webster bears

responsibility for pain caused by the federal execution process

after he has exercised his right under 18 U.S.C. § 3597(b) and 28

C.F.R. § 26.5 not to participate is inconsistent with the clear

purpose of these provisions.  In addition, dismissal of

Dr. Webster as a named defendant will cause no prejudice to the

plaintiffs because there is no question that the relief sought

can be provided by the other named defendants in this action.

Accordingly, the defendants' motion to dismiss Dr. Webster as a

named defendant will be granted.

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 25 -

CONCLUSION

Because the defendants' statute of limitations defense raises a genuine factual dispute regarding when the plaintiffs knew or should have known of their Eighth Amendment method-of-execution claims, the defendants' renewed motion for judgment on the pleadings will be denied in part. Because the defendants' argument that the plaintiffs have filed their claim too late in the day to permit consideration raises equitable arguments, such arguments will be considered along with the defendants' motion to lift the stays of execution currently in place. The defendants' renewed motion to dismiss will be granted in part and denied in part. The defendants' motion to dismiss all individual capacity claims will be granted as unopposed. The defendants' motion to dismiss Count IV to the extent it challenges 28 C.F.R. § 26.3 will be denied as moot because plaintiffs do not purport to be challenging this regulation. Because Count V alleges an APA challenge to an alleged general nonenforcement policy and the defendants' lethal injection protocol itself, the defendants' motion to dismiss Count V and the DEA Administrator as unreviewable under Heckler will be denied. Finally, because defendant Webster has exercised his right under 18 U.S.C. § 3597(b) and 28 C.F.R. § 26.5 not to participate in federal executions and the relief sought by the amended complaint can be provided by the remaining named defendants, the defendants'

Case 1:05-cv-02337-RWR-DAR Document 206 Filed 04/20/2009 Page 26 of 26

Billie Allen v. United States of America
No. 4:07-CV-27-ERW
Exhibit 53

- 26 -

motion to dismiss Dr. Webster as a named defendant will be granted.  Accordingly, it is hereby

ORDERED that the defendants' renewed motion for judgment on the pleadings [160] be, and hereby is, DENIED IN PART insofar as it asserts a statute of limitations bar.  It is further

ORDERED that the defendants' renewed motion to dismiss [159] be, and hereby is, GRANTED IN PART and DENIED IN PART.  All individual capacity claims are dismissed and defendant Webster is dismissed as a named defendant.  The motion is denied in all other respects.

SIGNED this 20th day of April, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge