# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

**BILLIE JEROME ALLEN** §
    **Petitioner** §
  §
**vs.** §     **Cause No. 4:07-CV-27-ERW**
  §
**UNITED STATES OF AMERICA** §
    **Respondent** §

### PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT TO THE AMENDED MOTION UNDER SECTION 2255

Petitioner, Billie Jerome Allen, through counsel, moves the Court, under Fed. R. Civ. P. 15(d), for leave to supplement his *Amended Motion* under 28 U.S.C. §2255 (the "*Amended Motion*"). Mr. Allen's proposed Supplement, attached hereto, adds one ground, Ground S, based on new evidence discovered by counsel within the last year. As discussed below, the proposed supplement is proper under 28 U.S.C. §2255 (f)(4), and the Court should grant leave to file the Supplement.

1.    On February 11, 2008, Petitioner filed an *Amended Motion* under 28 U.S.C. § 2255. The *Amended Motion* raised 18 grounds for relief. The Government filed its *Response* to the *Amended Motion* on October 31, 2008. Mr. Allen's *Traverse* to the *Response* is being filed simultaneous to the instant motion.

1

2.      28 U.S.C. §2255(f)(4) authorizes a petitioner to file a claim based on new evidence within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Eighth Circuit has explained that §2255(f)(4) applies where a petitioner shows "the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006)). In addition, Fed. R. Civ. P. 15(d) allows for the Court to permit supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

3.      On February 18, 2009, the National Academy of Sciences ("NAS") issued a landmark report regarding the state of forensic science in this country. *See* NAT'L ACAD. OF SCI., STRENGTHENING FORENSIC SCIENCE IN THE UNITED STATES: A PATH FORWARD (Feb. 2009) (hereinafter "NAS Report"). The NAS is the preeminent scientific organization in the United States, and it was commissioned by Congress to study the forensic sciences and to issue the instant report.  The NAS Report undermines the reliability of critically important ballistics and fingerprint testimony presented by the Government at Mr. Allen's trial to establish Mr. Allen's participation in this crime, to portray him as the triggerman, and to obtain a sentence of death.

4.      The facts upon which this new claim is based were unknown to Mr. Allen at the time of filing the Amended Motion, which was before the publication of the NAS Report.  The NAS Report represents a new, never before available, definitive statement from the scientific community challenging the reliability of the forensic examination and testimony that was presented at trial here.  The landmark report therefore establishes "new facts" directly pertinent to Mr. Allen's case.

5.      Further, this evidence could not have been previously ascertained by the exercise of due diligence. *See Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000) (A claimant has "failed to develop" a claim only where "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). The proper inquiry in considering diligence "is to determine when a duly diligent person in petitioner's circumstances would have discovered" the new facts. *Anjulo-Lopez*, 541 F.3d at 818 (citation omitted). Mr. Allen and his counsel, like other petitioners in these same circumstances, are obviously not at fault for failing to ascertain the NAS Report before its initial publication. Indeed, due diligence "does not require a prisoner to undertake. . . exercises in futility." *Id.* Mr. Allen meets the due diligence requirement under §2255(f)(4).

6.      Finally, Mr. Allen is asserting this ground within one year of the first publication of the NAS Report, on February 18, 2009. This ground therefore meets the prerequisites of §2255(f)(4).

3

WHEREFORE, for the foregoing reasons, Mr. Allen prays for leave to file the attached *Supplement* to the *Amended Motion*.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle #51877
P.O. Box 866
Columbus, MS  39703
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
elizcar@bellsouth.net

Joseph M. Cleary #534292
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West -- The Curtis Center
Philadelphia, PA  19106
215-928-0520

ATTORNEYS FOR PETITIONER

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St.

4

Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on August 14, 2009, upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
ELIZABETH UNGER CARLYLE