UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No. S1-4:02-CR-557 (CEJ)
                                   )
ROBERT BOLDEN, SR.,                )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial motions in this case to United States Magistrate Judge Audrey G. Fleissig for determination and recommended disposition, where appropriate. On September 2, 2004, Judge Fleissig issued an "Order and Recommendation Regarding Death Penalty and Non-Evidentiary Motions" in which she recommended the denial of the motions filed by defendant Robert Bolden, Sr. to dismiss the indictment, to dismiss the notice of intent to seek the death penalty, to strike surplusage, to dismiss the prosecutor's request for the death penalty, and for discovery of information pertaining to the government's capital charging practices.[1] The defendant has filed objections to these recommendations and to the magistrate judge's order that his motion for early discovery of witness lists and witness statements be denied without prejudice. Also, the

---

[1] The magistrate judge also recommended that the defendant's motion to sever be granted. Neither party has objected to this recommendation. Additionally, the magistrate judge entered orders with respect to certain discovery issues, most of which have not been objected to by the parties.

**14**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

United States objects to the magistrate judge's recommendation that the aggravating factor of pecuniary gain be stricken from the indictment and from the notice of intent to seek the death penalty and that three incidents described in the notice of intent relating to non-statutory aggravating factors be stricken.

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the findings and conclusions of the magistrate judge to which objection is made.

## I. Background

In Count I of the superseding indictment, defendant Bolden and two co-defendants are charged with conspiring to commit the armed robbery of a federally-insured bank, by force and violence, in violation of 18 U.S.C. §§ 2113(a) and (f), and in so doing, killing a security guard. In Count II, the defendants are charged with attempting to commit bank robbery by force and violence, and in so doing, killing the security guard, in violation of 18 U.S.C. §§ 2113(a) and (e) and 2. Count III charges that the defendants with using a firearm in relation to the attempted bank robbery, in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and in so doing, committing murder, as defined in 18 U.S.C. § 1111, by willfully and deliberately killing the security guard with malice aforethought. Defendant Bolden alone is charged in Count IV with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The superseding indictment, filed on September 15, 2003, stems from an incident that occurred on October 7, 2002, in which a security guard on duty at a St. Louis branch of Bank of America was shot to death, allegedly in the course of an attempted robbery of the bank.[2]  In Count I, the conspiracy charge, a number of overt acts in furtherance of the conspiracy are alleged.  Among them is the allegation that the defendants walked to the bank's parking lot, they encountered the security guard, and that defendant Bolden shot the guard twice before all three defendants ran away.

The superseding indictment also contains "Special Findings" made by the grand jury that pertain only to defendant Bolden.  In that section, it is alleged, with respect to Count II and Count III, that Bolden:

(1) Was 18 years of age or older at the time of the offenses;

(2) Intentionally killed the guard; intentionally inflicted bodily injury that resulted in the guard's death; intentionally participated in an act, i.e., the shooting of the guard, contemplating that the life of a person, other than one of the participants in the offense, would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the guard died as a direct result of the act; and intentionally and specifically engaged in an act of violence, i.e., shooting the guard, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense;

(3) Committed the offense for pecuniary gain; and

---

[2] The original indictment, filed on November 7, 2002, did not contain a "Special Findings" section.  The original and superseding indictments are otherwise identical.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(4) Had two prior convictions for crimes involving the distribution of drugs.

On October 7, 2003, the government, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-98, filed a notice of intent to seek the death penalty with respect to Bolden in the event he is convicted under Count II or Count III. The notice sets forth the Special Findings alleged in the superseding indictment, and states that Bolden is subject to the death penalty under 18 U.S.C. § 3591(a)(2) because of those findings. The notice also sets forth the following statutory aggravating factors as justification for the death penalty: (1) the homicide of the bank guard was for pecuniary gain, 18 U.S.C. § 3592(c)(8); and (2) the defendant Bolden has two prior felony convictions for crimes involving the distribution of drugs, 18 U.S.C. § 3592(c)(10). As to the latter, Bolden was convicted in 1993 of attempted possession with intent to deliver cocaine and in 1995 of delivery of cocaine.

The notice of intent also set forth four non-statutory aggravating factors to justify the imposition of the death penalty: (1) the future dangerousness of defendant Bolden; (2) obstruction of justice by the defendant; (3) the defendant's other criminal activity; and (4) the adverse effect of the offenses on the victim, his family and his friends. See 18 U.S.C. § 3593(a)(2). The government asserts the evidence it will present to support the non-statutory aggravating factors.

## II. **Government's Objections**

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The government first objects to the magistrate judge's recommendation that the statutory aggravating factor of pecuniary gain be stricken from the superseding indictment and the notice of intent. The FDPA sets forth a list of "aggravating factors" that must be considered in determining whether a sentence of death is justified. Included among them is whether the defendant "committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." 18 U.S.C. § 3592(c)(8). The magistrate judge reasoned that this factor applies only when "'the pecuniary gain' is expected to follow as a direct result of the murder" as opposed to the underlying felony, the attempted bank robbery. Order and Recommendation, September 2, 2004, p. 39 [citing, United States v. Bernard, 299 F.3d 467, 483-84 (5th Cir. 2002) and United States v. Chanthandara, 230 F.3d 1237, 1263-64 (10th Cir. 2000)]. Finding that the government had offered "no hint of evidence that could support application of this factor," the magistrate judge recommended that it be stricken or, alternatively, that the Court reserve ruling on the issue until after completion of the liability stage of the trial. Id.

The Court agrees with the government that under the magistrate judge's analysis, the pecuniary gain factor would apply only in cases of murder for hire. The statute, however, has been interpreted as having two separate and independent prongs. The language "as consideration for the receipt" of anything of

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

pecuniary value refers to murder for hire situations while the language "in expectation of the receipt" of anything of pecuniary value refers to situations other than murder for hire. United States v. Cooper, 91 F.Supp.2d 90, 105 (D.D.C. 2000). It is the second prong on which the government relies.

Based on the Court's review of the case law cited by the parties and by the magistrate judge, it is evident that the determination of the applicability of the second prong of the pecuniary gain factor depends on the facts of the case. It cannot be said at this time that the government will be unable to prove that the pecuniary gain factor is applicable under the facts of this case. The defendant does not contend that the pecuniary gain factor is unconstitutional, nor does he assert that it has not been properly alleged in the superseding indictment or the notice of intent. Consequently, absent such a challenge, the Court believes that it would be improper to strike the factor from the superseding indictment or the notice of intent. The government's objection will be sustained.

The government also objects to the recommendation that the defendant's alleged receipt of unemployment benefits in 1999 and alleged misrepresentations he made to his employer and landlord in 2001 and 2002 be stricken from the non-statutory aggravating factors listed in the notice of intent. The Court is not persuaded by the government's contention that such evidence is relevant to

6

the issue of the defendant's future dangerousness any more so than the defendant's driving violations, which the government concedes should be stricken.  The objection will be overruled.

### III.   Defendant's Objections

The defendant asserted numerous challenges to the constitutionality of the FDPA, which were comprehensively addressed by the magistrate judge in the Order and Recommendation.  Many of the defendant's objections restate the arguments that were previously considered and rejected.  Upon reviewing the findings and conclusions *de novo,* the Court finds that the defendant's objections are without merit.  Specifically, the Court has reviewed the arguments made by the parties as well as the cases cited in their memoranda and in the Order and Recommendation and reaches the same conclusion reached by the magistrate judge, *i.e.,* that the FDPA is not unconstitutional under any of the grounds asserted by the defendant.

The defendant also moved for dismissal of the superseding indictment based on alleged improprieties in the grand jury proceedings.  Initially, the Court finds, as did the magistrate judge, that the defendant has failed to support his assertion that the government abused the grand jury process by its examination of a witness to assess the defendant's mental capacity and ability to form the requisite intent.  Although the defendant argues that the grand jury had no authority to consider his mental capacity, it

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

would have been incumbent on the government not to seek the death penalty if the evidence showed that the defendant was mentally retarded or lacked the requisite intent under the FDPA.

The defendant also asserted that the grand jury was improperly instructed on the aggravating factor of pecuniary gain. Although the magistrate judge recommended that this aggravating factor be stricken, the defendant objects to the factual finding that the government did not misrepresent to the grand jury the conduct that would suffice to establish probable cause that the pecuniary gain factor existed.

Having reviewed the portions of the grand jury transcript that relate to this issue, the Court finds that the government did not mis-instruct the grand jury. It was and continues to be the government's position that the pecuniary gain derived from the murder of the security guard. As discussed above in **Section II**, that position is consistent with the case law. The prosecutor's statements to the grand jury were not instructions on the law, but were made in explanation of the evidence the government believed supported probable cause for the pecuniary gain factor. Ultimately, the grand jury had to make the probable cause determination based on all of the evidence before it. The Court finds no basis for concluding that the grand jury's determination resulted from misleading or incorrect instructions by the government.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The defendant next argued that the grand jury was improperly instructed on the statutory aggravating factor of two prior felony drug convictions. Specifically, the defendant asserted that the grand jurors were informed only that he had "two prior felony convictions for drug offenses," but they were not told that the statute required them to find that the prior convictions were for "offenses involving the distribution of a controlled substance." See 18 U.S.C. § 3592(c)(10).

It does not appear that the magistrate judge addressed this precise argument. However, upon review of the transcript, the Court finds that the prosecutor's statement did not constitute an improper instruction to the grand jury. The grand jury was presented evidence of the defendant's prior convictions and was entitled to determine, based on that evidence, whether there was probable cause that the statutory aggravating factor existed. Additionally, as the government points out, there is no basis for concluding that the grand jury would not have returned the superseding indictment and thereby subject the defendant to the death penalty if it found probable cause as to only one statutory aggravating factor.

The magistrate judge did address the defendant's substantive argument that his 1993 conviction for attempted possession with intent to deliver cocaine was not an offense "involving the distribution of a controlled substance" as set forth in the

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

statute.   In his objections, he asserts the further argument that the language of § 3592(c)(10) is ambiguous and constitutionally vague.   The defendant cites <u>United States v. Roy Green</u>, No. CR 98-337-CBM (C.D. Ca. September 13, 1999) to exemplify his contention that "reasonable jurists could interpret Section 3592(c)(10) differently and that this ambiguity must be resolved strictly against the government and in the defendant's favor."   Objections to Magistrate's Order and Recommendation, October 4, 2004, p. 10. Contrary to the defendant's suggestion, the court in the <u>Green</u> case did not make a determination of whether or not the defendant's prior felony conviction for possession of a controlled substance with intent to distribute qualified as an offense involving the distribution of a controlled substance.   The defendant offers no legal authority to support his objection.

The Court, having reviewed the magistrate judge's findings and conclusions *de novo*, concludes that under a reasonable construction of § 3592(c)(10), the defendant's 1993 conviction for attempted possession of cocaine with intent to distribute should not be stricken as an aggravating factor.

The defendant also objects to the magistrate judge's recommended partial denial of his motion to strike the non-statutory aggravating factors set forth in the notice of intent. The Court agrees with the magistrate judge that the use of non-statutory aggravating factors is not prohibited by 18 U.S.C. § 3591

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com