does not conflict with any provision of the FDPA. See United States v. Robinson, 367 F.3d 278, 293 (5th Cir. 2004). The Court also finds that (except as discussed in **Section II** above) the circumstances alleged by the government are relevant to the non-statutory aggravating factors set forth in the notice of intent and that the factors of future dangerousness, lack of remorse, victim impact, obstruction of justice, and other criminal activity are appropriate for the jury to consider in determining whether the death penalty should be imposed. Additionally, the defendant's concern about potential duplication of evidence to support different statutory and non-statutory aggravating factors can be adequately addressed at trial.

The Court will also overrule the defendant's objection to the recommended denial of his motion to strike surplusage. Count I of the superseding indictment alleges that the defendants conspired to commit bank robbery. It is appropriate that overt acts committed in furtherance of the conspiracy be alleged. See United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990). Moreover, it is anticipated that the government will present evidence at trial about the manner in which the security guard was killed. Thus, the Court finds that the defendant is not prejudiced by the descriptive detail of the shooting in paragraphs 8 and 9 of the superseding indictment.

The defendant objects to the magistrate judge's recommendation

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that his motion to strike the mental state allegations be denied. Although four mental states are alleged, the government states that it will submit only one to the jury. The Court finds that the magistrate judge did not err in concluding, based on the case law and the provisions of 18 U.S.C. § 3591(a)(2)(A)-(D), that the allegations are not improper.

The defendant next objects to the magistrate judge's recommended denial of his motion to dismiss the government's request for the death penalty based on racial discrimination. The defendant has submitted statistical information which he believes supports his claim that black defendants in federal capital cases are disproportionately subjected to the death penalty, especially when the victim is white. To prevail in his argument, the defendant must present evidence that "the decisionmakers in his case acted with discriminatory purpose." McClesky v. Kemp, 481 U.S. 279, 292 (1987). The defendant has presented no such evidence here. Moreover, the defendant is not entitled to discovery of information from the government in an effort to establish that others similarly situated to him were treated differently in the charging decision. See United States v. Bass, 563 U.S. 862 (2002)(per curiam); United States v. Denis, 246 F.Supp.2d 1250 (S.D. Fla. 2002).

The defendant's final objection is to the magistrate judge's order denying without prejudice his motion for early disclosure by

12

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the government of its witnesses and witness statements. The defendant has not shown that the magistrate judge's ruling is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). The objection will be overruled.

## IV. Conclusion

Following de novo review, and for the reasons discussed above, the Court will accept the findings and recommendations of the magistrate judge with one exception: the statutory aggravating factor of pecuniary gain will not be stricken from the superseding indictment or the notice of intent to seek the death penalty. The objections of the United States and the defendant will otherwise be overruled.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge Regarding Death Penalty and Non-Evidentiary Motions [Doc. #240] is **rejected** only as to the recommendation that the statutory aggravating factor of pecuniary gain be stricken from the superseding indictment and the notice of intent to seek the death penalty.

**IT IS FURTHER ORDERED** that the Order and Recommendation is in all other respects **sustained, adopted and incorporated herein.**

**IT IS FURTHER ORDERED** that the motions of defendant Robert Bolden, Sr. to dismiss the superseding indictment and notice of intent to seek the death penalty because the Federal Death Penalty

13

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Act is unconstitutional [Doc. #193]; to dismiss the superseding indictment and notice of intent to seek the death penalty because the statutory aggravating circumstances do not apply [Doc. #189]; to dismiss the superseding indictment and notice of intent to seek the death penalty due to multiplicitous assertion of every mental state, denial of reasonable notice and invalidity of statutory element [Doc. #191]; to strike surplusage [Doc. #188]; to dismiss superseding indictment and notice of intent to seek the death penalty because of abuse of the grand jury process [Doc. #198]; and to dismiss the prosecutor's request for the death penalty because of racial discrimination [Doc. #194] are **denied.**

**IT IS FURTHER ORDERED** that the defendant's motion and supplementary motion to strike non-statutory aggravating factors from the notice of intent to seek the death penalty [Doc. ## 192 and 235] are **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that the defendant's motion to sever [Doc. #69] is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2005.

14

PDF created with FinePrint pdfFactory trial version www.pdffactory.com