case.

An additional aggravator that "[t]he defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. 18 U.S.C. § 3592 (c)(8)" is also not supported by sufficient evidence. Although the offense occurred contemporaneous with the theft of money from the bank, there is no evidence that the shooter or his companion committed the offense as "consideration for the receipt" of the money in question. As worded, the circumstance clearly applies only to murder-for-hire situations, not murders committed in the course of a robbery. See, e.g., United States v. Chandler, 996 F.2d 1073 (11th Cir. 1993) (applying "pecuniary gain" aggravator in murder for hire situation); Wiley v. Puckett, 969 F.2d 86, 95 n.11 (5th Cir. 1994) ("Murder for pecuniary gain [refers] to conduct different than murder committed in the course of a robbery, as the former may encompass murder-for-hire"); Heath v. Jones, 941 F.2d 1126 (11th Cir. 1991) (applying "pecuniary gain" aggravator in murder for hire situation). Second, as such, it only applies when the killer sets out with the unmistakable intent and premeditation to kill the victim. The spontaneity of this shooting belies any such intent or motivation on Allen's part.

Another possible aggravator that "the defendant committed the offense after substantial planning and premeditation to cause the death of a person, 18 U.S.C. §3592(c)(9)" is not supported by sufficient evidence. Statements made by co-defendant Holder to others are to the effect that Allen was a last-minute substitution when others refused to participate. While Holder may have planned and premeditated the robbery and shooting, Allen did not. There is plenty of doubt whether from eye-witness statements, ballistic tests and other evidence the robber presumed to be Allen was indeed the trigger-man. Clearly, Holder has much to gain by pointing the finger at Allen and was impliedly told by the authorities at the outset that if

he were to deny shooting the guard it would probably influence whether the United States Attorney would seek the death penalty against him. All contacts with the bank emanated from Holder. Clearly he is the "brains" behind the robbery. This factor, quite simply, does not apply to Allen.

## CONCLUSION

For all the foregoing reasons, counsel respectively requests that the Attorney General reject the United States Attorney's request to seek the death penalty against Billie Allen.

Respectfully Submitted,

RICHARD H. SINDEL, #23406
SINDEL & SINDEL, P.C.
8008 Carondelet, Suite 301
Clayton, MO  63105
(314) 721-6040
(314) 721-8545 Facsimile


cc:    Congressman William Clay
       Congressman Richard Gephardt
       Mr. Kevin McNally
       Mr. David Bruck
       Mrs. Juanita Allen