# GOVERNMENT'S ADDENDUM 11 - I

# (ADDENDUM TO DOCUMENT 107)

*Fingerprints*

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 02-3353

---

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * Appeal from the United States |
| | * District Court for the |
| v. | * District of Nebraska. |
| | * |
| Jeffrey H. Collins, | * |
| | * |
| Appellant. | * |

---

Submitted: February 13, 2003

Filed: August 25, 2003

---

Before LOKEN,[1] RILEY, and SMITH, Circuit Judges.

---

SMITH, Circuit Judge.

Jeffrey H. Collins raises numerous issues challenging his conviction and life sentence for conspiring to distribute and for possession with intent to distribute more than 500 grams of methamphetamine. For the reasons herein, we affirm the district court.[2]

---

[1] The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

[2] The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

**ADDENDUM 11-I**

We will apply a plain-error analysis because Collins failed to object to the admission of the fingerprint expert's testimony at trial. "Without an objection and a proper request for relief, the matter is waived and will receive no consideration on appeal absent plain error." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1407 (8th Cir. 1994) (quoting *Owen v. Patton*, 925 F.2d 1111, 1115 (8th Cir. 1991)). Under plain-error review, relief is not warranted unless the defendant demonstrates an error that is plain and that affects the defendant's substantial rights. *Jones v. United States*, 527 U.S. 373, 389 (1999); *United States v. Olano*, 507 U.S. 725, 732 (1993). The court then has discretion to correct a forfeited error if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations and alterations omitted).

There is no plain error here. Fingerprint evidence and analysis is generally accepted. *See, e.g., United States v. Havvard*, 260 F.3d 597, 600 (7th Cir. 2001).[6] We accepted the admissibility and reliability of fingerprint evidence in *United States v. Hernandez*, 299 F.3d 984, 991 (8th Cir. 2002), thus eliminating a challenge on the admissibility of such evidence on plain-error review. While such evidence may not always satisfy a *Daubert* challenge due to deficiencies in testing procedures, for example, there is no inherent fallacy in such evidence to make it inadmissible on plain-error review.

---

[6] The Seventh Circuit stated in *Havvard*, 260 F.3d at 600 (internal citations omitted):

The issue of the reliability of fingerprint evidence after *Daubert* appears to be one of first impression in this circuit, and few other courts have addressed this question. Those discussing the issue have not excluded fingerprint evidence; instead, they have declined to conduct a pretrial *Daubert* hearing on the admissibility of fingerprint evidence, or have issued brief opinions asserting that the reliability of fingerprint comparisons cannot be questioned.

-13-