# GOVERNMENT'S ADDENDUM 13

# GOVERNMENT'S RESPONSE IN
# <u>US V. COLEMAN</u>

# (ADDENDUM TO DOCUMENT 107)



RECEIVED

JAN 1 4 2002

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 4:01CR296 ERW (TIA)
                                    )
KENNETH COLEMAN,                    )
                                    )
            Defendant.              )
                                    )

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR DAUBERT HEARING ON PROPOSED GOVERNMENT EXPERT TESTIMONY

COMES NOW the United States of America, by and through its attorneys, Raymond W. Gruender, United States Attorney for the Eastern District of Missouri, Stephen R. Welby, Steven E. Holtshouser, and Julia M. Wright, Assistant United States Attorneys for said District, and for its supplemental response, as follows:

The government supplements its previous response with the following list of cases where courts have addressed and denied, defendant's motion to exclude fingerprint evidence and testimony (except for one semi-victory for the defense). Most of these cases are unpublished.

1.   U.S. v. Mitchell, U.S. District Court for the Eastern District of Pennsylvania, Case No. 96-407.

On September 13, 1999, after holding a hearing, the Court held in an oral decision, that human friction ridges are unique and permanent throughout the area of friction ridge skin, including small friction ridge areas, and friction ridge skin arrangements are unique and permanent. The Court in Mitchell denied defendant's motion to exclude fingerprint evidence and testimony and granted

1

**ADDENDUM 13**

government's motion to exclude the defendant's witnesses regarding fingerprint testimony, except defendant's witness could testify to the specific latent prints in question as to their identity with the defendant.

2.    U.S. v. Alteme, U.S. District Court for the Southern District of Florida, Ft. Lauderdale Division, Case No. 99-8131.

On April 7, 2000, after holding a hearing, the Court entered its written decision denying defendant's motion to exclude fingerprint evidence and testimony.

3.    State of Georgia v. McGee, Superior Court of Carroll County Georgia, Case No. 99-CR-277.

On October 27, 2000, after holding a hearing, the Court in a written decision denied defendant's motion to exclude fingerprint evidence and testimony stating that "... fingerprint identification of individuals has been accepted as accurate by all state and federal courts of the United States as well as by the Court throughout the entire world for at least the past 80 years, ... this Court therefore concludes that despite numerous legal challenges in state and federal courts, the courts have held that fingerprint identification has reached a scientific stage of verifiable certainty and ... this Court finds that fingerprint identification is reliable ... . "

4.    U.S. v. Obanion, Jr., U.S. District Court for the District of Maryland, Case No. DKC-98-0442.

In June of 2000, the Court in Obanion heard arguments from counsel on defendant's motion to exclude fingerprint evidence and testimony but no witnesses were called. The Court ruled from the bench that defendant's motion to exclude fingerprint evidence and testimony was denied.

5.    People v. Torres, Superior Court of the County of Los Angeles, California, Case No. BA145133. (2000)

In Torres, the defendant filed a motion *in limine* to suppress fingerprint evidence and

2

testimony. The Court denied defendant's motion without a <u>Daubert</u> hearing.

6.      <u>U.S. v. Williams</u>, Western District of Washington, Tacoma Division, Case No. 00-5263T.

On July 7, 2000, defendant filed a motion to suppress expert opinion on fingerprint identification and the court denied defendant's motion without a hearing.

7.      <u>State of California v. Nawi</u>, Superior Court of the State of California, Case No. 176527.

On October 10, 2000, defendant's motion to exclude fingerprint evidence and testimony was denied after a hearing was held. Note: The Judge denied defendant's request to subpoena and pay for expert witness fees for two witnesses in opposition to fingerprint evidence and testimony.

8.      <u>U.S. v. Rogers</u>, Eastern District of North Carolina, Case No. CR-90-1BR.

During trial, the Court received documents presented by counsel and heard oral arguments by attorneys and ruled a <u>Daubert</u> hearing was not necessary, concurred with the <u>Havvard</u> decision, 260 F.3d 597 (7th Cir. 2001) and denied defendant's motion to exclude fingerprint evidence and testimony. This decision was upheld by an appellate court. *See* <u>United States v. Rogers</u>, No. 01-4455 (4th Cir. Dec. 20, 2001, unpublished) where the Court stated that every Circuit addressing the issue of fingerprint identification admissibility both before and after <u>Daubert</u> has held fingerprint evidence admissible and many courts have even refused to conduct evidentiary hearings on the issue. Further, any error regarding admissibility of fingerprint testimony would have been harmless in that other evidence against defendant was overwhelming.

9.      <u>U.S. v. Ahmed Ressam</u>, U.S. District Court for the Western District of Washington, Case No. CR99-666C.

No hearing was held in this case. Instead, transcripts of prior <u>Daubert</u> hearings from cases

3

were submitted to the trial court for his review in Seattle, Washington. A written order by the Court denied defense motion to exclude fingerprint evidence and the Court held that fingerprint evidence had been a mainstay of identification for decades and that reliability of such evidence has never been diminished by defense attacks.

10. U.S. v. Martinez - Cintron, 136 F.Supp. 2d 17 (D.P.R. 2001)

On March 21, 2001, the Court in Martinez-Cintron made a written decision denying defense motion to exclude fingerprint evidence based on the defendant's memorandum of proffer.

11. U.S. v. Henry, U.S. District Court for the Western District of Louisiana, Shreveport Division, Case No. 00-50057-01.

In this case, no Daubert hearing was held. Defense counsel filed a motion for a Daubert hearing to exclude government's latent fingerprint identification evidence. The Court denied the motion for a Daubert hearing in a written memorandum order issued on November 20, 2001 and denied defendant's motion to exclude government's latent fingerprint identification evidence.

12. State of New York v. Hyatt, Supreme Court for the State of New York, County of Kings, October 10, 2001.

In Hyatt, a Frye hearing was conducted to determine if a defense witness could testify as an expert regarding his research and knowledge into the scientific reliability of fingerprint identification. After listening to the defense witness' testimony, the Court ruled that "even applying the federal courts Daubert standard, what the witness has offered here is "junk science"".

13. U.S. v. Llera Plaza, et al., U.S. District Court for the Eastern District of Pennsylvania, Case No. 98-362-10, January 7, 2002 (cite as 2002 WL 27305 (E.D.Pa)).

Apparently, this is the only case to date, that a Court has ruled partially in defendant's favor regarding the exclusion of expert testimony regarding fingerprint evidence and testimony. The

4

Court's decision was based upon a prior hearing, record submitted, no hearing was held. The Court in Llera Plaza took judicial notice of the uniqueness and permanence of fingerprints and held that the parties were able to present expert fingerprint testimony describing how latent and rolled prints at issue were obtained, identifying and placing before the jury such fingerprints, and any necessary magnification, and pointing out any observed similarities and differences between a particular latent print and particular rolled print alleged by the government to be attributable to the same person, but, the parties will not be permitted to present testimony expressing an opinion of any expert witness that a particular latent print matches, or does not match the rolled print of a particular person and hence is, or is not, the fingerprint of that person. The Court in Llera Plaza noted in its opinion that it derived substantial assistance from the approach taken from the Court in dealing with the comparable issue of handwriting evidence in United States v. Hines, 55 F.Supp. 2d 62 (D.Mass. 1999).

Wherefore, for the foregoing reasons the government respectfully requests the defendant's motion for a Daubert hearing on government's proposed expert testimony regarding the examination and comparison of fingerprints be denied.

Respectfully submitted,

RAYMOND W. GRUENDER
United States Attorney

JULIA M. WRIGHT, #4450
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was hand delivered to:

Ronald E. Jenkins, Esq.
10 S. Brentwood, Suite 200
St. Louis, MO 63105
Attorney for defendant Coleman

Robert Herman, Esq.
621 N. Skinker
St. Louis, MO 63130
Attorney for defendant Worthy

Peter Huber, Esq.
222 S. Central, Suite 502
St. Louis, MO 63105
Attorney for defendant Willis

This ___ day of January, 2002.

_____
Assistant United States Attorney

6