harmless error analysis, and (3) *Neder* alone establishes that the Fifth Amendment error in Mr. Allen's case is equivalent to the Sixth Amendment error in Mr. Neder's case and thus susceptible to harmless error review. Slip op. at 5-8. Rehearing should be granted because that analysis misapprehends the integral relationship between an indictment and the framework of an ensuing trial, and because it overlooks the elemental distinctions between the constitutional deprivations at issue in *Neder* and in this case.

Constitutional error is structural, and thus presumptively prejudicial and not capable of being excused by a finding of harmlessness, when it affects "the framework within which the trial proceeds, rather than simply . . . the trial process itself." *Fulminante,* 499 U.S. at 310. The framework of a federal criminal trial is pervasively informed—if not defined—by an indictment: after all, in *Bain* the Supreme Court held that a federal criminal prosecution can proceed to trial only on the charge made by the grand jury. 121 U.S. at 10-13. The Court decided *Fulminante* and *Neder* a number of years before *Ring v. Arizona,* 536 U.S. 584 (2002), and *Jones v. United States,* 526 U.S. 227 (1999), and thus would not have decided even in the abstract whether *Ring-* or *Jones*-type error should be included in the *Fulminante* and *Neder* lists of established structural errors. In any

9

event the Court did not have occasion to decide in advance every case involving a characterization of error as structural *vel non.*

Neither *Fulminante* nor *Neder* expressly repudiated *Stirone's* characterization of trial on a charge not made by the grand jury as a constitutional violation "far too serious to be . . . dismissed as harmless error." 361 U.S. at 215-17. This Court's somewhat tentative belief that those opinions implicitly did away with *Stirone's* characterization of element-omission as grave constitutional error, slip op. at 6-7, should be reconsidered because it misapprehends that unequivocal recognition of constitutional gravity: first, the enumeration of a new category of structural error in *Neder* to be added to the five identified in *Fulminante* ought to be proof enough that neither list can be considered exhaustive; second, having been characterized effectively in cases like *Bain* and *Stirone* as a bedrock guarantee, the promise that a body of citizens will review prosecutorial will should not be reduced in constitutional stature on the basis of deduction and assumption.

The present opinion should be reconsidered also because it overlooks or misapprehends the alternative characterization of structural error in *Neder* and elsewhere as error diminishing "basic protections" in criminal trials. In *Neder* as it had in *Rose v. Clark,* 478

10

U.S. 570 (1986), the Supreme Court offered the following characterization of structural error: "Put another way, these errors deprive defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function . . . and no criminal punishment may be regarded as fundamentally fair.'" *Neder*, 527 U.S. at 8-9 (quoting *Rose* at 577-78). The guarantee that a grand jury will exercise its charging authority certainly is a "basic protection." *Stirone*, 361 U.S. at 215-17; *Bain*, 121 U.S. at 10. Given the weight accorded the omission of essential allegations from an indictment in *Stirone* and *Bain*—a constitutional gap beyond "the province of a court" to fill and a "[d]eprivation . . . far too serious to be . . . dismissed as harmless error," *Stirone* , 361 U.S. at 215-17 (quoting *Bain*, 121 U.S. at 10)—such error surely can be expected to prevent a criminal trial from reliably serving its function of determining guilt or innocence.

This Court should reconsider its opinion because analogizing the Fifth Amendment violation in this case to the Sixth Amendment violation in *Neder* overlooks or misapprehends a basic and germane distinction between those two constitutional errors. The Sixth Amendment violation in Mr. Neder's case—omission of an element from the instructions provided to the petit jury--reasonably can be

11

treated as an error affecting the process of trial. *See Fulminante*, 499 U.S. at 310. The Fifth Amendment error in Mr. Allen's case determined the very parameters of the trial and enabled a punishment that concededly was beyond the scope of the indictment. *See id.*

The choice of how many capital counts to charge in an indictment in particular is a matter affecting the framework of a trial rather than merely its processes. Federal prosecutors have the expertise to parse descriptions of a single course of conduct into violations of several statutes, each of which carries the death penalty. They also have a behavioral incentive apart from the neutral application of the law: charging multiple counts eases the task of obtaining a death sentence by forcing petit jurors to run the gauntlet multiple times, a process likely to wear down the resolve of members of a death-qualified petit jury who were reluctant at first to vote for execution. Grand jurors fairly representing the conscience of the community, as distinguished from a combination of positional interest and subtle professional opportunism, are meant by the Constitution to insulate the accused *and the trial* from the latter factors. Because it affects the scope of a trial and not merely its process, the omission of that protection is structural error. *See*

12

*Fulminante,* 499 U.S. at 310. The Court's conclusion that it is not should be reconsidered because its analysis does not address the grand jury's authority to decide on the number of capital counts to charge in a particular case.

## III. Conclusion

The Court should rehear this appeal because its opinion overlooks the grand jury's vital role in deciding how many capital crimes ought to be charged against a defendant and because it overlooks or misapprehends the impact of a constructively amended indictment upon the framework of a trial.

Michael A. Gross
34 North Brentwood Boulevard
St. Louis, Missouri 63105
Telephone: (314) 727-4910

John William Simon    by MAG
Post Office Box 16005
St. Louis, Missouri 63105
Telephone: (314) 645-1776

Co-Counsel for Appellant
Billie Jerome Allen

13

## CERTIFICATE OF SERVICE

One copy of this document was sent by first class mail on May 31, 2005, to:

Joseph Landolt
Steven E. Holtshouser
Office of United States Attorney
111 South 10th Street
St. Louis, Missouri 63102

Michael A. Gross

14