**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 4:07CV0027 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **THIS IS A CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE TO ALLEN'S MOTION**
**FOR DISCOVERY AND EVIDENTIARY HEARING**

**COMES NOW** the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Joseph M. Landolt,

Steven E. Holtshouser, Carrie Costantin and Cristian M. Stevens, Assistant United States

Attorneys for said District, and responds to Allen's motion for discovery and evidentiary hearing

(Doc. 116), as follows:

### I.    Evidentiary Hearing

Allen has had three opportunities to convince this court that he is entitled to a hearing on

any of his Section 2255 motion claims.  First, he filed a Section 2255 Motion, then was

permitted to amend that motion (Doc. 60) and strategically chose to be obtuse in his description

of his claims and the factual basis for said claims.  The Government filed its Response (Doc. 79)

based upon what limited information it had concerning the nature and bases for Allen's petition.

Thereafter, Allen filed a lengthy Traverse (Doc. 94) supported by over 53 exhibits which finally

gave both the government and the court some insight into the nature of his claims.  Some of his

claims in his Traverse differed markedly from his claims in the amended 2255 motion.  The

Government has pending an argument that these recent additions to his amended Section 2255 motion are time-barred.

The parties have fully addressed in the filings to date the question whether Allen is entitled to an evidentiary hearing on any of his claims. That issue is pending before this court and is ripe for decision without further filings by the parties.  The Government was only given permission to file a Sur-Reply (Doc. 110) to the Traverse, because the precise nature of Allen's claims and the bases for his claims were so obviously withheld from the amended 2255 motion. The instant motion for an evidentiary hearing (Doc. 116) is nothing more than a thinly veiled attempt to summarily re-state Allen's positions and have the last word.  In addition, there are even new arguments in the evidentiary hearing portion of the motion.  The Government resists the impulse to provide a further blow-by-blow response to Allen's continued and mostly cumulative dialogue.  The Government rests on its Response and Sur-Reply as to the reasons why Allen is not entitled to relief or an evidentiary hearing.  For example, if prejudice is required to obtain relief and this court can conclude that prejudice is not established in the context of the trial it presided over, then there is need for a hearing on whether counsel's actions or inactions were deficient.

The bottom line is that Allen is not entitled to an evidentiary hearing on his claims if his claims are time-barred, procedurally-barred, without merit or if he was not prejudiced by any error.  More particularly, as to ineffective assistance of counsel claims, the filings of the parties and the record clearly establishes that counsel was not deficient, was not unprofessional, or that Allen was not prejudiced by any action or inaction of his counsel or both.

## II.    **Motion for Discovery**

This motion is premature.  Pending before this court is the Government's argument that Allen is not entitled to an evidentiary hearing on any of his claims, because the filings of the parties and the record in this case clearly establish that he is not entitled to relief.  If the Government's position is accepted by this court, discovery is not warranted.  If this court does not accept the Government's position as to any particular ground, then the parties can address discovery disputes[1] related to that particular ground and both parties should be given an opportunity to conduct discovery.  In the 2255 proceeding for Allen's co-defendant, Norris Holder, this court first determined which of his 2255 claims warranted an evidentiary hearing and then and only then permitted discovery as to those issues.  Holder v United States, No. 4:03CV923 ERW (E.D.Mo.), Order dated 12-2-04. There is no reason to deviate from such a procedure here.

Until the evidentiary hearing issues, if any, have been refined this court cannot determine the appropriate scope of discovery and the appropriate exercise of its discretion to limit discovery to those matters which are relevant to the issue as defined by the court.  *See*, Rule 6(a) and (b), Rules Governing Section 2255 Proceedings.  "[G]ood cause" must be shown for discovery and it is clearly a matter within this Court's discretion.  The Government also notes that Allen fails to provide reasons for his requested discovery.  The Government has and would have objections to the scope and relevance of the requests contained in the present motion and reserves the right to challenge these requests in the event that a hearing is granted on the claims

---

[1]It would be a waste of resources to permit discovery on matters which this Court ultimately determines do not warrant a hearing.  Also, the parties should attempt to resolve any discovery claims and disputes between themselves before placing such demands before this Court.  The Government is not inclined to engage in discovery discussions so long as a claim that Allen is not entitled to relief or an evidentiary hearing based on the record alone is pending.

to which they pertain.  Moreover, the Government will propound its own discovery requests as to any ground on which an evidentiary hearing is granted.

However, in this case, unlike in Holder's case, the record and filings make it so clear that Allen is not entitled to relief that no evidentiary hearing should be granted on any issue and therefore no discovery should be granted on any issue.

### III.    Conclusion

Simply put, both parties have had a sufficient period of time to set forth their various positions in writing to the court.  Additional motions and filings which serve only to regurgitate prior positions do not seem to assist this court.   Further such filings should not be permitted until this court resolves the pending arguments of the parties.  This litigation should not be used to add further delay to an already lengthy process.  It is contrary to the interests of justice and fairness to further delay consideration of the merits of Allen's claims.

**WHEREFORE**, the Government respectfully requests that Allen's motion for an evidentiary hearing and for discovery be denied.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER, #24277
CARRIE COSTANTIN, #54734
JOSEPH M. LANDOLT, #6484
CRISTIAN M. STEVENS, #98871
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63101
(314) 539-6894

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:


Elizabeth Unger Carlyle
Attorney at Law
P.O. Box 962
Columbus, MS 39701

Joseph M. Cleary
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN 46202


Michael Wiseman
Federal Community Defender Office
The Curtis Center
Suite 545 West
Philadelphia, PA 19106

*/s/Steven E. Holtshouser*