# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN | § | |
| Petitioner | § | |
| | § | |
| | § | |
| vs. | § | Cause No.  4:07-CV-27-ERW |
| | § | |
| UNITED STATES OF AMERICA | § | CAPITAL CASE |
| Respondent | § | |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL TRAVERSE

Petitioner Billie Jerome Allen files his reply to the government's response to his motion for leave to file a supplemental traverse in this matter.

The government suggests that Mr. Allen has had adequate opportunity to present his argument and authority to this Court.  One could have said the same for the government after its initial response was filed.[1]  In this district, at least, the normal pleading pattern would not include a "sur-reply" to the petitioner's traverse.[2] Nonetheless, Mr. Allen did not object to the government's request to file this document, reasoning that given the many and serious issues in this case, the court should have the benefit of each side's best research and authorities.  The government's suggestion that Mr. Allen, who has the burden of proof in this matter, should not be permitted to respond to a substantive defensive pleading by the government flies in the face of due process of law as well as normal litigation procedure.

In connection with at least three of Mr. Allen's grounds for relief, Grounds F, G and I, the government has alleged in the sur-rebuttal that Mr. Allen's traverse amounted

---

[1] Mr. Allen notes that in that pleading, the government made a similar request that he not be permitted to respond to it.

[2] And see Rule 5, Rules Governing §2255 Proceedings for the District Court, providing for a motion, a response, and a reply; no further pleadings are mentioned.

1

to an attempt to amend his petition without permission or to raise a new ground for relief.  Such assertions cannot be considered without giving Mr. Allen an opportunity to proceed.  These are, in fact, new procedural defenses not previously alleged by the government since they are based on the traverse, not the petition.

The government would deny Mr. Allen the right to rebut or discuss the government's analysis of the evidence because the trial record has been available to him throughout the proceedings.  By the same token, the government should have had no need to file a sur-rebuttal, since, it, too, has had the trial record available and could have responded to Mr. Allen's grounds for relief in its response to the petition.  But just as the government could not be expected to know in advance what arguments Mr. Allen would discuss in his traverse, so Mr. Allen cannot be faulted for not foreseeing the content of the government's sur-rebuttal.  As did Mr. Allen's traverse, the government's sur-rebuttal includes exhibits (denominated "addenda") which were not discussed by Mr. Allen in his traverse.  Mr. Allen is entitled to have the court consider his response to these documents as they relate to his grounds for relief.

For the foregoing reasons, and those discussed in his motion, Mr. Allen prays the

court for leave to file a supplemental traverse on or before June 1, 2010.

Respectfully submitted,

/s Elizabeth Unger Carlyle
Elizabeth Unger Carlyle #51877
P.O. Box 866
Columbus, MS  39703
Missouri Bar No. 41930
(816)525-6540
elizcar@lawalumni.neu.edu

Joseph M. Cleary #534292
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West -- The Curtis Center
Philadelphia, PA  19106
215-928-0520
Michael_Wiseman@fd.org

ATTORNEYS FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, Asst. U.  S. Attorney, Mr. Steven Holtshouser, Asst, U.S. Attorney, and Ms. Carrie Costantin, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded to counsel on April 12, 2010, upon the filing of the foregoing document.

/s/ Elizabeth Unger Carlyle
Elizabeth Unger Carlyle