IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Billie Allen,<br>       Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | 4:07-CV-0027 ERW |
| United States of America,<br>       Defendant. | §<br>§<br>§<br>§ | |

**PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION
FOR DISCOVERY AND EVIDENTIARY HEARING**

Petitioner Billie Allen filed a Motion for Discovery and Evidentiary Hearing on

March 29, 2010 (Doc. 116).  On April 1, 2010, the Government filed a Response to

Allen's Motion for Discovery and Evidentiary Hearing (Doc. 123), in which the

Government argued that no discovery and no evidentiary hearing should be granted.  In

this Reply, Mr. Allen clarifies that in his Motion and in other relevant pleadings he has

made the required showings for discovery and an evidentiary hearing.

**I.  Evidentiary Hearing**

The Government in its Response does not address Mr. Allen's specific proffers in

support of an evidentiary hearing.   The Government merely argues that Mr. Allen is not

entitled to an evidentiary hearing "if his claims are time-barred, procedurally-barred,

without merit or if he was not prejudiced by any error." Doc. 123 at 2.  The

Government's argument is incorrect in several respects.

First, the majority of Mr. Allen's claims are ineffective assistance of counsel

claims, which are by definition fact-intensive.  Both prongs of the *Strickland* inquiry into

ineffective assistance of counsel – deficient performance and prejudice – are fact-based

1

inquiries that will require, as Mr. Allen proffered in his Motion, the testimony of prior counsel and of relevant witnesses.   The Government's argument that this Court can make prejudice determinations without hearing Mr. Allen's evidence is wrong.  In order to determine prejudice, a court must evaluate the totality of the available evidence – both that adduced at trial and the evidence adduced in the habeas proceeding. *Williams v. Taylor*,  569 U.S. 362, 397-98 (2000).  An evidentiary hearing is necessary to review Mr. Allen's evidence.

The Government argues that Mr. Allen is not entitled to an evidentiary hearing on claims that are procedurally barred.  First, as discussed at length in the Petition and the Traverse, none of Mr. Allen's claims are procedurally barred.  This proceeding is the first opportunity for Mr. Allen to raise claims of ineffectiveness of his trial and/or appellate counsel, and as such the § 2255 proceedings are the proper place to raise those claims. *Massaro v. United States*, 538 U.S. 500 (2003).  To the extent any of Mr. Allen's claims are procedurally defaulted, this Court may still address their merits if Mr. Allen is able to establish "cause" for the default.  Ineffective assistance of counsel constitutes cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel . . . is cause for a procedural default.").  Mr. Allen has alleged ineffectiveness for the majority of his grounds for relief.

Both ineffectiveness of counsel (necessary to the cause and prejudice inquiry), and the miscarriage of justice standard are factually intensive inquiries, and can seldom, if ever, be decided without development of the facts. *See Strickland v. Washington*, 466 U.S. 668, 697, 690 (1984) (whether counsel was ineffective "is a mixed question of law and fact" and "a court deciding an actual ineffectiveness claim must judge the

2

reasonableness of counsel's challenged conduct on the facts of the particular case");

*Schlup v. Delo*, 513 U.S. 298, 331 (1995) (miscarriage of justice standard for

overcoming default is a "fact-intensive" inquiry).

The Government's position – deny any procedurally-barred claims without

permitting factual development through discovery – flouts the undisputable truth that

each basis for overcoming a procedural bar relies upon development of facts.

Application of the Government's position to Mr. Allen's claims would constitute an abuse

of discretion.

The Government, in its Sur-Reply to the Traverse, has questioned the factual

allegations underlying Mr. Allen's claims for prior counsel's deficient performance.  Mr.

Allen has proffered extensive facts in support of his claims, including Declarations from

prior counsel, prior mitigation specialists, and lay witnesses.  The Government has

proffered just one Declaration to support its version of events.  Thus, the Government's

assertion – that the record "clearly establishes" counsel was not deficient – is absolutely

false.  If anything, the record establishes that an evidentiary hearing is necessary, or

deficient performance must be presumed on the basis of Mr. Allen's pleadings and

proffer.

The Eighth Circuit recently underscored the importance of holding an evidentiary

hearing on an ineffective assistance of counsel claim in a §2255 case in circumstances

similar to this one.  *Sinisterra v. United States*, 2010 WL 1236310 (8th Cir. Apr. 1, 2010)

(remanded with instructions to hold an evidentiary hearing to determine whether

counsel were ineffective for failing to investigate and present mitigation evidence,

including evidence of Sinisterra's mental health and capacity). In that case, the Eighth

Circuit concluded that a hearing was necessary because the record "d[id] not affirmatively refute the factual assertions upon which Sinisterra's claim is based." *Id.* at *5. In *Sinisterra,* the government presented the declaration of one of Mr. Sinisterra's counsel that his decisions regarding the presentation of mitigation evidence were strategic, and that he did not believe Mr. Sinisterra was prejudiced by the failure to present the evidence developed in the habeas proceedings. The Eighth Circuit concluded that the existence of this declaration did not permit the trial court to conclude that the issue was without merit in the face of contrary declarations from Mr. Sinisterra's other counsel and the trial investigator: "The record thus leaves unanswered a number of questions related to [Sinisterra's] attorneys' performance. . . ." *Id.* at *5. The court also explained that factual development was necessary to the prejudice determination: "Without a complete record, we cannot determine whether Sinisterra was prejudiced by counsels' alleged failure to investigate and present mitigation evidence. Thus, we conclude that the case must be remanded for an evidentiary hearing." *Id.* at *6

Similarly, in Mr. Allen's case, the record does not affirmatively refute his factual allegations, and a hearing is necessary to complete the record.

## II. Discovery

The Government argues that Mr. Allen's motion for discovery is premature because, according to the Government, this Court must decide first which grounds warrant an evidentiary hearing, and permit discovery as to only those grounds. Response (Doc. 123) at 3. This is the wrong approach. First determining which grounds for relief warrant an evidentiary hearing, and only later allowing for

development of the underlying facts through discovery, would put the cart before the horse.  The Government relies upon the proceedings in *Holder v. United States*, No. 4:03CV923 ERW (E.D. Mo.), as authority for this argument.  In fact, the proceedings in Mr. Holder's case do not support this approach at all.  First of all, there was no formal discovery request in that case.  Mr. Holder's Discovery Motion, filed July 1, 2004, stated in full:

> COMES NOW movant, Norris Holder, by and through counsel, and informs the Court that there are ongoing discovery issues that the parties are attempting to resolve informally without Court intervention. Movant will file a formal motion seeking discovery in the event that the parties are unable to resolve the discovery issues.

Mr. Holder did not subsequently file a formal discovery motion.  Also, the Order of December 2, 2004, referred to by the Government in its Response does not even mention discovery.  It simply lists the claims on which an evidentiary hearing was granted.  Of course, this is not a surprise as no discovery motion was before the court. The only subsequent mention of discovery in Mr. Holder's case is in a Status Conference held on March 22, 2005. The docket text reads: "Parties agreed that they would informally proceed with depositions and other discovery."  Thus, no discovery dispute was before the court in Holder's case.

The Government also argues that discovery should be denied because Mr. Allen's claims lack substantive merit.  This approach turns the discovery standard on its head.  A post-conviction petitioner establishes "good cause" for discovery whenever "specific allegations before the court show reason to believe that the petitioner may, **if the facts are fully developed**, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (emphasis added) (quoting *Harris v.*

5

*Nelson*, 394 U.S. 286, 299 (1969)); *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) ("Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief.").

Thus, this Court must evaluate Mr. Allen's discovery requests to determine if he has made "specific allegations" that "may" entitle him to relief once those allegations are fully developed through discovery. Mr. Allen is not required to show the merit of his claims to obtain discovery; indeed, if a petitioner could do that, he would not require discovery.

The Government also urges this Court to deny Mr. Allen's requests for discovery because, it argues, Mr. Allen has failed to provide reasons for his discovery requests. This is a blatant misrepresentation of the record. In his Petition, Traverse, and in Part I of his Motion for Discovery and Evidentiary Hearing, Mr. Allen provided a detailed proffer as to each ground for relief. In Part II of the Motion, Mr. Allen provided a legal argument supporting his discovery requests and expressly incorporated by reference the arguments in Part I as to each ground for relief. *See* Doc. 116 at 17-18. Mr. Allen has met his obligation under Rule 6 of the Rules Governing Section 2255 Proceedings.

Finally, the Government states that it "has and would have objections to the scope and relevance of the requests contained in the present motion and reserves the right to challenge these requests." Doc. 123 at 3. The Government's attempt to reserve a "right" to response in more detail later to Mr. Allen's discovery request should be denied. The Government had an opportunity to respond fully now, and chose not to do so. Later briefing on this issue would only prolong these proceedings further.

6

**CONCLUSION**

For the foregoing reasons, Mr. Allen prays that the Court:

1.  Order an evidentiary hearing as requested in Mr. Allen's motion (Doc. 116), and

2.  Authorize the discovery requested in that motion (Doc. 116), to be completed a

reasonable time before the evidentiary hearing.

Respectfully submitted,

*/s Elizabeth Unger Carlyle*
Elizabeth Unger Carlyle #51877
P.O. Box 866
Columbus, MS  39703
Missouri Bar No. 41930
(816)525-6540
elizcar@lawalumni.neu.edu

Joseph M. Cleary #534292
1455 N. Pennsylvania
Indianapolis, IN  46202
(317) 630-0137
jcleary498@aol.com

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West -- The Curtis Center
Philadelphia, PA  19106
215-928-0520
Michael_Wiseman@fd.org

ATTORNEYS FOR PETITIONER

CERTIFICATE OF SERVICE

I hereby certify that it is my belief and understanding that counsel for respondent, Mr. Joseph M. Landolt, United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, and Mr. Steven Holtshouser, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102., are participants in the Court's CM/ECF program and will receive service of the foregoing document accordingly.


*/s/ Elizabeth Unger Carlyle*
Elizabeth Unger Carlyle