# Exhibit 2

Case 1:08-cr-10104-NG Document 45 Filed 03/10/2010 Page 1 of 3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**GERTNER, D.J.**

## PROCEDURAL ORDER: TRACE EVIDENCE
March 8, 2010

In the light of the 2009 report to Congress of a Committee of the National Academy of

Sciences', NATIONAL RESEARCH COUNCIL COMMITTEE ON IDENTIFYING THE

NEEDS OF THE FORENSIC SCIENCE COMMUNITY, STRENGTHENING FORENSIC

SCIENCE IN THE UNITED STATES: A PATH FORWARD (2009) [hereinafter cited as NRC

2009], this Court orders the following:

At or prior to the pretrial conference, parties are **ORDERED** to:

a)      identify whether or not they seek to introduce trace evidence;

b)      state whether or not either party seeks a <u>Daubert/Kumho</u> hearing prior to trial;

and,

c)      state the witnesses required for the <u>Daubert/Kumho</u> hearing and the exhibits that
        the parties seek to admit.

No later than two months before the pretrial conference, counsel must also indicate:

a)      if counsel is appointed, whether expert funds are sought to deal with the trace
        evidence;

b)      whether all discovery obligations under the Local Rules have been met or whether
        additional discovery required.

The NRC 2009 report, building on the writing of academic commentators, called for

sweeping changes in the presentation and production of evidence of identification involving

fingerprints, bullets, handwriting, and other trace evidence.  The report noted

> that the forensic science disciplines exhibit wide variability with
> regard to techniques, methodologies, reliability, level of error,
> research, general acceptability, and published material. . . .  Many

> of the processes used in the forensic science disciplines are . . . not based on a body of knowledge that recognizes the underlying limitations of the scientific principles and methodologies for problem solving and discovery. . . .[S]ome of these activities [encompassed by the term "forensic science"] might not have a well developed research base, are not informed by scientific knowledge, or are not developed within the culture of science.

NRC 2009 - 1-3

While the report does not speak to admissibility or inadmissibility in a given case, it raised profound questions that need to be carefully examined in every case prior to trial: "1) the extent to which a particular forensic discipline is founded on a reliable scientific methodology that gives it the capacity to accurately analyze evidence and report findings and (2) the extent to which practitioners in a particular forensic discipline rely on human interpretation that could be tainted by error, the threat of bias, or the absence of sound operational procedures and robust performance standards." NRC 2009 S- 7.

The Report noted that these fundamental questions have not been "satisfactorily dealt with in judicial decisions pertaining to the admissibility" of evidence. Id. To be sure, the court's treatment of this evidence relates directly to the adequacy of counsel's treatment. See, e.g. Sturgeon v. Quarterman, 615 F. Supp. 2d 546, 572-573 (S.D. Tex. 2009) (defense counsel's failure to prepare a witness to testify about the unreliability of eyewitness identifications prevented defendant from presenting testimony that would have called into question the only direct evidence against him and was ineffective assistance of counsel warranting habeas relief); Richter v. Hickman, 578 F.3d 944, 946-947 (9th Cir. Cal. 2009) (en banc) (defense counsel 's failure to conduct an adequate forensic investigation with respect to blood spatter, serology, and pathology comprised ineffective assistance of counsel warranting habeas relief). See also United

States v. Pena, 586 F. 3d 105 (1ˢᵗ Cir. 2009 affirmed) (the court's decision not to hold a Daubert hearing on fingerprint testimony where counsel offered no expert or evidence. affirmed

In the past, the admissibility of this kind of evidence was effectively presumed, largely because of its pedigree -- the fact that it had been admitted for decades.  As such, counsel rarely challenged it, and if it were challenged, it was rarely excluded or limited.  But see United States v.  Hines, 55 F. Supp. 2d 62 (D. Mass. 1999) and United States v. Green, 405 F. Supp. 2d 104 (D. Mass. 2005). .

The NAS report suggests a different calculus -- that admissibility of such evidence ought not to be presumed; that it has to be carefully examined in each case, and tested in the light of the NAS concerns, the concerns of Daubert/Kumho case law,  and Rule 702 of the Federal Rules of Evidence.  This order is entered to accomplish that end.

**SO ORDERED.**

**Date:  March 8, 2010**          /s/ Nancy Gertner
                                  **NANCY GERTNER, U.S.D.C.**