**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | : | |
| | : | No. 4:07-CV-27 ERW |
| Petitioner, | : | |
| | : | THIS IS A CAPITAL CASE |
| -v- | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**PETITIONER'S MOTION FOR RECONSIDEARTION OF THE COURT'S ORDER
SCHEDULING A TELEPHONE CONFERENCE WITH MR. ALLEN**

Mr. Allen, through counsel, respectfully requests that this Court cancel the telephone conference scheduled for June 24, 2010, on Mr. Allen's *Motion for Leave to Withdraw the Pro Se Motion* or, in the alternative, that the Court reschedule the conference *ex parte*, *in camera*, and on a date when Mr. Allen's counsel are available to participate.

**I.     Relevant Background**

On March 31, 2010, Mr. Allen filed a *Pro Se Motion* asking the Court "for a chance to present issues that were left out of my 2255." (Doc. # 120.) The *Pro Se Motion* was clear that Mr. Allen was "not seeking to represent [himself] in any way." *Id.*

On April 1, 2010, the Government responded, urging the Court to deny the *Pro Se Motion* and arguing that any such new issues would be time barred under 28 U.S.C. § 2255 absent an order from the Eight Circuit Court of Appeals. (Doc. # 121.) The Government's *Response* did not request a hearing or additional inquiry by the Court. *See id.*

On May 24, 2010, in a Motion approved and signed by Mr. Allen, Mr. Allen asked to

1

withdraw his *Pro Se Motion*.  (Doc. # 131.)

On June 8, 2010, the Government filed an objection to this request, fearing that Mr. Allen would make "a later challenge to the representation by habeas counsel."  (Doc. # 133.)  The Government requested "further inquiry by the Court to Mr. Allen on the record" so that "a later reviewing court will [] have a basis on which to reject a later challenge to the representation by habeas counsel." *Id.*  The Government acknowledged that its counsel "does not necessarily need to be a participant" in the requested inquiry.  *Id.*

On June 16, 2010, the Court ordered a telephone conference "with Mr. Allen and counsel for all parties" on the pending motions.  (Doc. # 135.)  The Court scheduled the telephone conference for June 24, 2010, at 10 a.m.  *Id*.

## II.      The Court Should Cancel the Telephone Conference

Mr. Allen respectfully requests that the Court cancel the telephone conference, because the Government's request for "further inquiry by the Court to Mr. Allen on the record" lacks a valid basis.  The Government based its request on speculation that, in the absence of a hearing, "a later reviewing court will not have a basis on which to reject a later challenge to the representation by habeas counsel." (Doc. # 133.)  But it is well-settled that federal law provides habeas petitioners with no basis to challenge the representation of habeas counsel, *e.g.*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010), and the Government cited no authority suggesting otherwise.

Further, even if federal law were to recognize such a right at some point in the future, an ample record exists for a later reviewing court to determine what occurred here: Mr. Allen filed a *Pro Se Motion*, and later requested to withdraw the motion.  The motion to withdraw was filed

2

by counsel with the written signature of Mr. Allen showing his approval. There is no reason for this Court to inquire further.

For these reasons, the Court should cancel the telephone conference.

### III.    Alternatively, the Court Should Reschedule an *Ex Parte*, *In Camera* Telephone Conference On a Date When Mr. Allen's Counsel Is Available to Participate

Mr. Allen requests that the Court hold any conference call *ex parte* and *in camera*. The Government's request for an inquiry specifically recognized that its counsel "does not necessarily need to be a participant." (Doc. # 133.) Undersigned counsel's duty to advise Mr. Allen about what confidential information he can safely reveal during a telephone conference would be greatly complicated by the Government's participation. An *ex parte* and *in camera* inquiry would permit more candor.

Mr. Allen also requests that the Court reschedule any telephone conference. Two of Mr. Allen's three attorneys, Ms. Carlyle and Mr. Wiseman, have previous commitments that make them unavailable on June 24. Ms. Carlyle was specifically named in Mr. Allen's *Pro Se Motion*, and her participation in any conference is therefore imperative. Ms. Carlyle is not available for a telephone conference until the afternoon of Friday, June 25. She is also available the week of June 28. Mr. Wiseman is on extended leave from June 19 until July 26, and requests that the Court schedule any conference call after his return. If that is not feasible, the Capital Habeas Unit will make another attorney available to participate.

For these reasons, Mr. Allen requests that any conference call be held *ex parte*, *in camera*, and after July 29, 2010, or at a minimum, on or after the afternoon of June 25, 2010.

WHEREFORE, for the reasons stated above, Petitioner respectfully requests that the Court

3

cancel the telephone conference with Mr. Allen, or at a minimum, reschedule an *ex parte* and *in camera* conference call for a time when undersigned counsel is available to participate.

Respectfully Submitted,

/s/ Elizabeth Unger Carlyle                    /s/ Joseph M. Cleary

_____                    _____

Elizabeth Unger Carlyle
P.O. Box 866
Columbus, Mississippi 39703
(816)525-6540
elizcar@bellsouth.net

Joseph Cleary
COLLIGNON & DIETRICK
310 N. Alabama, Suite 250
Indianapolis, IN  46204
317-637-1000
Jcleary498@aol.com

/s/ Michael Wiseman

_____

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Michael_Wiseman@fd.org

Dated: June 18, 2010
        St. Louis, Missouri

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2010, the foregoing *Petitioner's Objection to the Court's Order Scheduling a Telephone Conference With Mr. Allen* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Joseph M. Landolt
United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Mr. Steven Holtshouser
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102.


/s/ Elizabeth Unger Carlyle

_____

Elizabeth Unger Carlyle
Counsel for Petitioner