IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Billie Allen, | § | |
|     Petitioner | § | CAPITAL CASE |
| | § | |
| vs. | § | 4:07-CV-0027 ERW |
| | § | |
| United States of America, | § | |
|     Respondent | § | |
| | § | |

**PETITIONER'S RESPONSE TO GOVERNMENT'S
SUBMISSION OF ADDITIONAL AUTHORITY**

Mr. Allen, through counsel, respectfully submits this response to the *Government's Submission of Additional Authority* and states:

1.      On December 27, 2010, the Government submitted as additional authority the recent panel opinion in *Cole v. Roper*, 623 F.3d 1183 (8th Cir. 2010). *Cole* is inapposite to the issues in these proceedings under 28 U.S.C. § 2255, for at least three reasons.

2.      First, in upholding the denial of relief to a **state** prisoner in proceedings under **28 U.S.C. §2254**, the divided panel in *Cole* relied on §2254's deference provisions to state court factual findings and legal analysis. *E.g., Cole*, 623 F.3d at 1187 ("A state court decision may be incorrect, yet still not unreasonable, and we will grant relief only if the state court decision is both incorrect *and* unreasonable.… Further, [state court factual findings] shall be presumed to be correct") (internal quotations omitted).[1] The panel majority did not engage in the firsthand fact finding and analysis required in these **§2255** proceedings. *Cf. Cole*, 623 F.3d at 1196-1200 (Bye, J., dissenting) (scrutinizing the state court evidentiary record and legal analysis and finding

---

[1] *See also id*. at 1188 ("Cole's arguments… while well-presented, are not clear and convincing evidence that entitles him to overcome [the state court's] presumptively correct findings."); *id*. at 1191 (finding that the state court's denial of ineffectiveness claim was not unreasonable "under our doubly deferential standard of review"); *id*. at 1190, 1195.

1

that the state court "unreasonably concluded trial counsel made a reasonable choice of trial strategy to forgo presenting [mitigating] evidence").

3.      Second, the current posture of this case requires this Court to decide whether, and on which grounds, to hold an evidentiary hearing.  The Court's decision in this regard is governed by the statutory directive that a district court "**shall**" hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b) (emphasis added).  In other words, an evidentiary hearing is the presumptive default course of action in §2255 cases.  That is a far cry from the situation in *Cole* where the panel recognized that for state cases under §2254(e)(2), "an evidentiary hearing [in federal court] may only be held in **extremely limited circumstances**." *Cole*, 623 F.3d at 1192-93 (finding that the district court did not abuse its discretion in declining to hold an evidentiary hearing) (emphasis added).

4.      Third, Cole's ineffectiveness claims were contradicted by the sworn testimony of his trial counsel.  *See id.* at 1190-91 (citing trial counsel's testimony that presenting evidence of defendant's good prison conduct would have proved fruitless and would have overlapped with other evidence presented); *see also id.* at 1190.  Here, by contrast, Mr. Allen's trial counsel candidly admit in sworn declarations that their failure to uncover the mitigating evidence collected by current counsel was not the result of any strategic decisions made after thorough investigation.  *See Traverse* (Doc. # 94) at 138.

5.      *Cole* therefore has no bearing, and provides this Court with no guidance, on the issues in these proceedings.

6.      Although left unmentioned in the *Government's Submission of Additional Authority* (and, as to the former case, in its *Sur-Reply to the Traverse* (Doc. # 110)), two

Supreme Court cases decided since Mr. Allen filed his *Traverse* do bear on, and support Mr. Allen's request for relief with respect to, trial counsel's ineffective assistance at penalty phase. In *Porter v. McCollum*, 130 S.Ct 447, 455-56 (Nov. 30, 2009) (per curiam), a unanimous Court granted penalty phase relief on Porter's ineffectiveness claim after finding – despite AEDPA's deference provisions – that it was "unreasonable [for the state court] to discount to irrelevance the evidence of Porter's abusive childhood."

7.      This year, in *Sears v. Upton*, 130 S.Ct. 3259 (June 29, 2010) the Supreme Court again vacated the denial of a penalty phase ineffectiveness claim.  In *Sears*, as here, trial counsel failed to uncover evidence of the defendant's "substantial cognitive impairment" due to frontal lobe abnormalities.  130 S.Ct. at 3262-64.  In *Sears*, as here, trial counsel failed to uncover evidence that would have rebutted the government's claim that the defendant had willfully "rejected every opportunity that was afforded to him" – specifically, as here, evidence of his parents' abusive relationship, their verbal abuse of the defendant, their divorce, their severe "discipline" of defendant, and the defendant's introduction by family members to a life of crime at a young age.  *Id*.  The lack of a thorough investigation into these areas constituted deficient performance.  *Id*. at 3264.  The Supreme Court then squarely rejected the state court's ruling that prejudice did not ensue from counsel's inadequate investigation where trial counsel had nonetheless "put forth a reasonable [mitigation] theory with supporting evidence."  130 S.Ct. at 3264.  The Court emphasized that trial counsel's presentation of "*some* mitigation evidence" does not foreclose the fact-specific inquiry into whether trial counsel's deficient investigation prejudiced the defendant.  *Id*. at 3266 (emphasis in original).

8.      *Porter* and *Sears* are additional authority supporting Mr. Allen's request for relief, because they speak directly to the point that trial counsel's eleventh hour investigation here was

3

inadequate to uncover the evidence that, if it had been presented to the jury, "would have struck a different balance" in the weighing of aggravating and mitigating evidence. *Porter*, 130 S.Ct at 454.

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2010, the foregoing *Petitioner's Response to Government's Submission of Additional Authority* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Joseph M. Landolt
United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Mr. Steven Holtshouser
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102.


/s/ Elizabeth Unger Carlyle

_____

Elizabeth Unger Carlyle
Counsel for Petitioner