**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 4:07CV0027 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **THIS IS A CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S REPLY TO MOVANT'S RESPONSE**
**TO GOVERNMENT'S SUBMISSION OF ADDITIONAL AUTHORITY**

**COMES NOW** the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Joseph M. Landolt, Steven E. Holtshouser, Carrie Costantin and Cristian M. Stevens, Assistant United States Attorneys for said District, and replies to movant's response to Government's submission of additional authority, as follows:

The Government merely brought a recent decision to the Court's attention and did not argue the merits of its application. Movant responded by presenting legal argument as to both the recent decision as well as two Supreme Court cases, one of which is hardly of recent vintage. Accordingly, the Government submits this reply.

First, *Cole v Roper*, 623 F.3d 1183 (8th Cir. 2010), does bear on several of the claims pending before this Court.  In *Cole*, the Eighth Circuit addressed issues regarding *Batson*, failure to investigate mental health and prison behavior mitigation evidence, the use of visible leg restraints and closing argument prosecutorial misconduct.  Even though the case arose in a §2254 context, the Eighth Circuit's discussion and application of Supreme Court precedent on these topics is

1

particularly relevant to the matters before this Court.  *Cole* addressed the merits of the leg restraint issue in addition to the claim that a hearing should have been held.  The facts of the mitigation investigation and trial evidence are also similar to the facts here.  In *Cole* and in this case, there was a mitigation investigation and substantial mitigation evidence was presented.  This is why *Cole* concluded that the performance prong of *Strickland* was satisfied.  The *Cole* Court was also faced with examples of finding new experts who, in a post-trial collateral attack context, the Court found were not sufficient to establish the prejudice prong.  As in *Cole*, in this case there was "enough of an investigation" and additional investigation would not have had an effect on the outcome of the proceeding.  *Id*. at 1190.

Second, Allen attempts to distinguish *Cole* based on its state court origin but then proceeds to rely on two Supreme Court cases with state court origins.  *Porter v. McCollum*, 130 S.Ct. 447 (2009), presents an extreme case.  The defendant switched from representing himself to being represented by stand-by counsel and said counsel put on a single lay witness in mitigation.  *Porter* is an example of counsel "fail[ing] to uncover and present *any*" mitigation evidence, of which there was much.  *Id*. at 453 (emphasis added).  There was little or no question that counsel's performance was deficient and the lack of any mitigation evidence made the prejudice finding inevitable.  *Sears v. Upton*[1], 130 S.Ct. 3259 (2010), presents another example of clearly deficient performance in the mitigation investigation.  The error of the lower court was its failure to apply the correct legal standard for prejudice.  *Id*. at 3261.  More importantly for the case at bar, the *Sears* Court did not find that the prejudice prong was satisfied - it remanded the case for further consideration by the

---

[1]It is also worth noting that *Sears* was a certiorari grant from a state court's denial of state post-conviction relief, rather than an appeal from the denial of a Section 2254 petition, as in *Porter*.

2

state court.  *Id*. at 3267.

Thus, the Government respectfully submits that *Cole* provides relevant support to the Government's response and request to deny movant's claims without a hearing.  Neither *Porter* nor *Sears* provide contextual and meaningful guidance in the context of the facts of this case.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER
Assistant United States Attorney
111 South 10th Street - 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Elizabeth Unger Carlyle
Attorney at Law
P.O. Box 962
Columbus, MS 39701

Joseph M. Cleary
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN 46202

Michael Wiseman
Federal Community Defender Office
The Curtis Center
Suite 545 West
Philadelphia, PA 19106

/s/Steve E. Holtshouser
Assistant United States Attorney

3