**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | § | |
| **Petitioner** | § | |
| | § | |
| **vs.** | § | **Cause No. 4:07-CV-27-ERW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | **CAPITAL CASE** |
| **Respondent** | § | |

**MOTION FOR RECONSIDERATION OF ORDERS OF MARCH 31, 2011**
**(DOC. 146) AND MAY 10, 2011 (DOC. 147) WITH RESPECT TO**
**EVIDENTIARY HEARING AND DISCOVERY**

Petitioner Billie Allen moves the Court for reconsideration of its orders denying discovery, and denying an evidentiary hearing on all grounds for relief other than Ground J concerning ineffective assistance of counsel at the penalty phase. Mr. Allen requests discovery on Grounds A, B, C, D, E, G, I, J and S. He requests an evidentiary hearing on grounds A, B, C, D, E, F, G, H, I , K, L, N, O, P, and S. In support of this motion, Mr. Allen offers the following argument and authorities.

**Introduction.** After the filing of the traverse in this matter, Mr. Allen filed a motion for discovery and evidentiary hearing (Doc. 116). On March 31, 2011 (Doc. 146), this Court denied the order, stating,

> Because §2255(b) explicitly outlines to what extent Allen
> is entitled to an evidentiary hearing, this Motion is
> redundant to the § 2255 Motion upon which this litigation
> is based. In the Memorandum and Order addressing
> Allen's claims that will follow, the Court will specifically
> address the sufficiency of each of his claims and thereby
> determine whether he is entitled to an evidentiary
> hearing.

1

The order did not address Mr. Allen's requests for discovery. Thereafter, on May 11, 2011 (Doc. 147), this Court entered an order: 1) granting an evidentiary hearing as to Ground J, ineffective assistance of counsel at the penalty phase; and 2) denying an evidentiary hearing and relief as to all other grounds asserted except Supplemental Ground S.  The order of May 11 did not address Mr. Allen's request for discovery, and did not address Ground S.

This motion is filed to bring the Court's attention to the still-pending requests for discovery (which include discovery concerning the ground as to which an evidentiary hearing has already been granted), to address perceived errors of fact and law in the Court's ruling on Mr. Allen's request for evidentiary hearing on other grounds, and to bring the Court's attention to its failure to address Ground S in any fashion. To the extent that Mr. Allen challenges the legal rulings of this Court, this is done in an abundance of caution to allow this Court a final opportunity to hold a full evidentiary hearing before entering judgment in this matter. The failure to challenge a legal ruling in this pleading is not intended as acquiescence in that ruling; Mr. Allen reserves the right to contest any adverse findings entered by this Court in its final order and judgment and on appeal.

The question of discovery is distinct from the issue of whether an evidentiary hearing should be granted. Mr. Allen is entitled to discovery under Rule 6 of the Federal Rules on Motions Attacking Sentence Under Section 2255 when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."

*Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). For further authorities supporting the right to discovery, the Court is respectfully referred to Mr. Allen's Motion for Discovery and Evidentiary Hearing, Doc. 116, pp. 17-18. Neither this Court's order of March 31 nor this Court's order of May 11 addressed Mr. Allen's requests for discovery in any way.

**Particular grounds.** Mr. Allen renews all of the requests for discovery and evidentiary hearing in his prior motion, including Ground S which has not been addressed by this Court. This Court's factual findings and legal conclusions with respect to two of his grounds for relief require additional discussion. In making these new arguments, Mr. Allen does not waive any argument in his original motion for discovery and evidentiary hearing.

**Ground A.   Ineffective assistance of counsel in connection with the motion to suppress**

In its order denying an evidentiary hearing on this Ground, this Court found that the proffer was actually available to the magistrate judge before he issued his *amended* report and recommendations, and that Mr. Allen was therefore not harmed by trial counsel's failure to present it earlier. In so holding, this Court conceded that the proffer had been submitted after the Magistrate Judge issued his Report and Recommendations, but held that the Magistrate Judge had it available before filing his "amended report" and recommendations. But an examination of the two documents titled "Report and Recommendations" shows that, although the offer had been filed before the magistrate judge's second order, he did not consider it. The following chronology clarifies this issue:

3

| May 16, 1997 | Evidentiary hearing held, defense counsel directed to submit offer of proof |
| June 13, 1997 | Doc. 89: Order and Report and Recommendation of the United States Magistrate Judge: "IT IS HEREBY RECOMMENDED that the following motions be DENIED: . . . defendant Billie Jerome Allen's Motion to Suppress Statements [Doc. 71]." |
| June 23, 1997 | Doc. 92 Offer of proof entered on docket |
| January 12, 1998 | Doc. 202: Order and Report and Recommendation of the United States Magistrate Judge: "In addition to the foregoing considerations, this Court has previously ruled on statements made by Defendant. . . . . Those rulings stand. Accordingly, insofar as Defendant's motion raises issues not previously addressed, the motion is denied." p. 18 |

The order of January 12, 1998 (Doc. 202) did *not* address the motion to suppress statements, but instead related to other, subsequent motions filed by Mr. Allen because of *identification* procedures which were not considered in the first evidentiary hearing: "A previous evidentiary hearing on these two motions was held on May 16, 1997. Thereafter, the Assistant United States Attorney advised Defendants and the Court that three additional identification procedures occurred after the May 16 evidentiary hearing, thereby requiring another evidentiary hearing." Doc. 202, p. 1, n.1.

The only findings of fact made in the January 12, 1998 order concern the new *identification* evidence. There is no mention of Mr. Allen's offer of proof regarding the admissibility of his *statements.* The magistrate judge's statement in the January 12, 1998 order makes clear that he did not reconsider the motion to suppress *statements* in light of Mr. Allen's offer of proof. Instead, as he was within his right to do since the offer was submitted late, he simply ignored it. Mr. Allen

4

was harmed by trial counsel's failure to  submit the offer of proof in a timely manner. An evidentiary hearing is required to resolve issues of any trial strategy relating to this default, and to allow this Court to consider the motion in light of the offer of proof, something which has never been done.

This Court further held, in its order denying an evidentiary hearing as to this ground, that there was no violation of Fed. R. Evid. 104 and *Simmons v. United States*, 390 U.S. 377 (1968). Specifically, this Court held that the only dispute at the hearing was as to the scope of cross-examination that would be permitted *on issues relevant to the motion to suppress.* Doc. 147, p. 11. If that is the Court's finding, then it is clear that trial counsel rendered ineffective assistance by not presenting Mr. Allen's testimony at the hearing, and instead presenting a belated offer of proof. Mr. Allen risked nothing by testifying at the motion to suppress hearing. He would have contradicted the testimony of the agents, and, under *Simmons*, his testimony could not have been used against him at trial unless he testified there and contradicted it. This Court needs an evidentiary hearing on this issue to hear from trial counsel what strategic basis they had for not presenting the testimony of Mr. Allen. If that decision stemmed from their erroneous (under this Court's current ruling) belief that the scope of cross-examination that would be permitted exceeded that permitted under Rule 104, then it is clear that the strategy was not reasonable. And, in order to determine whether Mr. Allen suffered prejudice from this error, this Court must hear what his testimony would have been, and that also requires

5

an evidentiary hearing. Finally, the discovery requested in connection with this Ground has the potential to support his testimony, and should therefore be granted.

### Ground I.  Ineffective assistance of counsel for failure to present guilt phase evidence:  bloody strap

With respect to the bloody strap found at the robbery scene, Mr. Allen requested specific discovery concerning any DNA testing performed on the bloody strap, as well as the opportunity to have the strap tested for DNA evidence if it has not been tested previously. For the specific requests, the Court is respectfully referred to pp. 22-24 of his previous motion for evidentiary hearing and discovery (Doc. 116).

This Court denied an evidentiary hearing because the court found that there is no "colorable" evidence that Jerry Bostic committed this crime. Of course, a DNA profile on the strap matching Mr. Bostic would provide such evidence, but Mr. Allen cannot provide it to the court without testing of the strap. Thus, the discovery requested above pertaining to the strap is necessary to allow Mr. Allen to present facts which, if true, would require relief. This Court's finding that evidence that blood was that of Mr. Bostic "still would not undermine the Court's confidence in the accuracy of the outcome" (Order, p. 40), misstates the standards both for discovery and for relief from ineffective assistance of counsel.

The discovery rule does not require a finding that the evidence sought would, by itself undermine confidence in the outcome of the proceeding. Instead, it requires discovery if the information would help to establish that the petitioner is entitled to

relief. But to obtain relief under the *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), standard, Mr. Allen must simply establish a "reasonable probability" that the outcome would be different. This, as the United States Supreme Court has stated, requires *less* than a preponderance of the evidence. [nc] Simply put, Mr. Allen does not have to convince this Court that he is innocent in order to obtain discovery.

## CONCLUSION

For the foregoing reasons, Mr. Allen prays the Court to grant discovery and to expand the scope of the evidentiary hearing in this matter as requested in this motion.

Respectfully submitted,

/s Elizabeth Unger Carlyle
Elizabeth Unger Carlyle #41930MO
P.O. Box 30418
Columbus, MS  39703
(816)525-6540
elizcar@lawalumni.neu.edu

Joseph M. Cleary
Collignon & Dietrick
310 N. Alabama, Ste. 250
Indianapolis, IN  46202
(317) 637-1000
jcleary498@aol.com

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West -- The Curtis Center
Philadelphia, PA  19106
215-928-0520
Michael_Wiseman@fd.org

ATTORNEYS FOR PETITIONER

8

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served upon counsel for respondent, Mr. Joseph M. Landolt, Asst. U. S. Attorney, Mr. Steven Holtshouser, Asst, U.S. Attorney, and Ms. Carrie Costantin, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, by filing with the Court's electronic filing system on June 14, 2011.

/s/ Elizabeth Unger Carlyle
Elizabeth Unger Carlyle