**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:07CV0027 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **THIS IS A CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE TO ALLEN'S MOTION
FOR RECONSIDERATION OF COURT ORDERS**

**COMES NOW** the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Joseph M. Landolt, Steven E. Holtshouser, Carrie Costantin and Cristian M. Stevens, Assistant United States Attorneys for said District, and responds to Allen's motion for reconsideration (Doc. 149) of this Court's orders concerning Allen's Section 2255 claims and need for a hearing (Doc. 147) and discovery (Doc. 146), as follows:

**1. Discovery As To Grounds Other Than J:**

This Court denied relief to Allen on his grounds other than J.  In its Memorandum and Order dated May 10, 2011 (Doc. 147), this Court did not limit its ruling to the question whether an evidentiary hearing was necessary to resolve the claims.  It affirmatively denied Allen relief on his grounds other than J.  Accordingly, there is no basis on which Allen is entitled to conduct discovery on said grounds.  His opportunity to develop his right to relief or an evidentiary hearing has passed and his remedy is direct appeal following resolution of Ground J.  Allen fails to cite any authority supporting his right to discovery on grounds which have been denied on the merits.

1

**2. Discovery As To Ground J:**

This Court granted a hearing on Allen's ground J concerning the mitigation investigation. The Government agrees that Allen may be entitled to appropriate discovery in anticipation of the hearing. In communications between the parties Allen indicated that he does desire any discovery from the Government at this time, but the Government will consider future requests if they arise. Given the present posture of the case, Allen should reassert his discovery requests as modified by the limitations of the Court's Memorandum and give the Government an opportunity to respond. The parties may be able to narrow the scope of issues informally before Court's intervention is necessary.   Alternatively, Rule 6(a) of the Rules Governing Section 2255 Proceedings specifically requires that "good cause" must be shown for discovery, which is a matter within the discretion of the courts. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter or ordinary course." *Bailey v. United States*, 2007 WL 2137808 at 1 (E.D.Mo.), *citing Bracy v. Gramley*, 520 US 899, 904 (1997)). *See also*, *United States v. Harris*, 2007 WL 2071656 at 6 (N.D.Ia.), (citing *Barron v. Keohane*, 216 F.3d 692, 693 (8th Cir. 2000)). Discretion and a showing of good cause is also codified in Rule 6(a) and (b) of the rules governing Section 2255 proceedings. To establish good cause, a party requesting discovery must provide specific reasons for the request and provide specific allegations which give the court "'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Harris*, 2007 WL 2071656 at 6, *(quoting Bracy*, 520 U.S. at 908-09). *Fischer v. United States*, 2010 WL 411118 at 1 (E.D.Mo.)(Hon. Charles A. Shaw)(discussing Rules 6(a) and (b)). Because Allen's previous

discovery request was premature, disputed discovery requests should now be subjected to "good cause" review.

### 3.  Ground S:

Allen is correct that this Court has not ruled on Ground S.  However, before considering the merits of Ground S, the Government has pending its objection, as untimely and barred by the statute of limitations, to Allen even being permitted to raise Ground S.  If Allen is not permitted to add Ground S, there is no need to reach the merits of the claim or consider whether to allow an evidentiary hearing.  If Allen is permitted to assert Ground S, the Government's position on his right to relief has already been addressed.  (Doc. 107).  If, for some reason, a hearing is granted on the issue, the parties have not discussed the impact of such a ruling on being ready to proceed on November, 29, 2011.

### 4. Reconsideration:

Allen requests this Court to reconsider its rulings on all Grounds but only addresses A and I.  Allen persists in his requests for discovery even though the merits of his claims have been rejected.  None of the information contained in the requests warrants reconsideration of the Court's determinations.

### A.  Ground A: Motions to Suppress

As to Ground A, the Court's conclusion that the proffer was available to the Magistrate before issuing his amended report and recommendation, is not altered by the sequence cited in Allen's motion for reconsideration.  On May 16, 2007, the evidentiary hearing was held.  The initial Magistrate's Report and Recommendation was filed on June 13, 1997.  On June 18, 2007, the Government filed objections to the Report and Recommendation.  On June 19, 2007, Allen filed a

motion to supplement the record and attached the offer of proof.  On June 26, 2007, Allen filed

objections to the Report and Recommendation.  On July 8, 2007, the Magistrate formally granted

the motion to supplement the record and accepted the offer of proof.  On July 8, 2007, the Magistrate

issued his Supplemental Order and Amended Findings.  Thus, the offer of proof was available to the

Magistrate and this Court was entitled to conclude that the Magistrate considered all evidence

available to it regardless of whether the Magistrate specifically referred to it in his amended

recommendation.  Allen's statement that the record "makes clear that he *did not* reconsider the

motion to suppress" is inaccurate.  Doc. 149 at 4 (emphasis added).  The record merely fails to

specifically state that he *did* consider it, which does not advance Allen's cause.

Moreover, the argument ignores the fact that the ultimately arbiter of the motions to

suppress, including motions to suppress statements, was this Court, not the Magistrate.  This Court

accepted the recommendation on August 13, 2007, and clearly had available to it <u>all</u> of the evidence

available to the Magistrate.  Thus, the record clearly contradicts the claim that this Court did not

consider the proffer in accepting the Magistrate's recommendation and denying the motions to

suppress statements.

Allen's further claims that trial counsel was ineffective for not calling Allen as a witness at

the evidentiary hearing.  This claim should be denied on two grounds.  First, Allen's testimony

would have subjected to him to cross-examination concerning the circumstances of the arrest, line-

up and statement.  This testimony would have been admissible as impeachment evidence if he

testified at trial.  The rule of *Simmons v. United States*, 390 U.S. 377, 394 (1968), is limited to

subsequent use of the testimony as evidence of *guilt*.  Federal Rule of Evidence 104(d), does not

address the subsequent use of testimony given at a preliminary hearing.  "Prior inconsistent

4

suppression hearing testimony may properly be used to impeach a defendant during trial." *United States v. Jaswal,* 47 F.3d 539, 543 (2nd Cir. 1995). Counsel would have taken a risky path by placing Allen on the stand at the evidentiary hearing. Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it was not successful. *Graham v. Dormire*, 212 F.3d 437, 440 (8th Cir. 2000).

Second, and more importantly, there is no basis to conclude that the Magistrate Judge would have ruled differently on the motions to suppress if Allen had testified. Allen's offer of proof states that he was not advised of his *Miranda* rights when he was arrested, that he was not advised of his *Miranda* rights by Detective Nickerson, Lt. Henderson or two other detectives, that he was not advised that he had the right to counsel at the line-up, that the witness identified another person at the line-up and that he repeatedly asked for an attorney. At the evidentiary hearing, the Magistrate Judge heard extensive testimony from Detectives Carroll and Harper and Lt. Henderson that defendant had repeatedly been advised of his *Miranda* rights at his arrest and at the station, that he was advised of his right to an attorney at the line-up, that he was identified at the lineup by several witnesses, that he had asked to speak to Lt. Henderson after the lineup, and that he subsequently made admissions to Lt. Henderson. There is no reason to conclude that the Magistrate Judge, or ultimately this Court, would have reached a different decision if Allen had testified at the hearing. Allen has not established that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

### B.  Ground I: The Strap

Movant's Motion for Reconsideration requests discovery concerning DNA testing on a strap. The motion repeats the incorrect claim that a bloody strap was found at the robbery scene. In fact,

as fully explained in the Government's Response, pp. 102-4, the "white velcro strip/body armor with blood spattering" was found where the getaway van was abandoned.  The strap was not subjected to DNA testing, although its location is consistent with the source being co-defendant Holder, who was arrested at the burning van.  This Court concluded that even if the blood was from Jerry Bostic, it would not undermine the Court's confidence in the outcome because of the overwhelming evidence of Allen's guilt.   The Court found that there was no prejudice to Allen from counsel's failure to pursue DNA testing even if the outcome of that testing were as Allen's posits it might have been.  Thus, his contention that discovery should be conducted on the strap is mooted by the Court's finding that there was no prejudice from the lack of DNA testing.

WHEREFORE, the Government respectfully requests that Allen's motion for reconsideration be denied with prejudice and that Allen's motion for discovery be denied subject to submitting appropriately justified discovery requests pertaining to Ground J.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER, #24277
CARRIE COSTANTIN, #54734
JOSEPH M. LANDOLT, #6484
CRISTIAN M. STEVENS, #98871
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63101
(314) 539-6894

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Elizabeth Unger Carlyle
Attorney at Law
P.O. Box 962
Columbus, MS 39701

Joseph M. Cleary
Attorney at Law
1455 N. Pennsylvania
Indianapolis, IN 46202

Michael Wiseman
Federal Community Defender Office
The Curtis Center
Suite 545 West
Philadelphia, PA 19106

*/s/Steven E. Holtshouser*