**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | § | |
| Petitioner | § | |
| | § | |
| vs. | § | **Cause No.  4:07-CV-27-ERW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | **CAPITAL CASE** |
| Respondent | § | |

**REPLY IN SUPPORT OF MOTION**
**FOR RECONSIDERATION OF ORDERS OF MARCH 31, 2011 (DOC. 146)**
**AND MAY 10, 2011 (DOC. 147) WITH RESPECT TO EVIDENTIARY**
**HEARING AND DISCOVERY**

Petitioner Billie Allen files this reply in support of his motion. He relies on all of the contentions and arguments in his original motion; this reply simply addresses issues raised in the government's response.

**1. Discovery**

The government argues that Mr. Allen is not entitled to discovery on grounds as to which this Court has denied relief on the merits. However, as to several grounds, this Court found that Mr. Allen had not pled sufficient facts to warrant relief. Mr. Allen submits that, if his requests for discovery were granted, he could adduce additional facts which *would* warrant relief. He is entitled to have this Court consider each of his discovery requests in that light *before* determining whether the relevant ground for relief has merit. See Motion for Discovery and Evidentiary hearing, pp. 17-18.

1

## 2.  Ground A.  Ineffective assistance of counsel in connection with the motion to suppress

The government suggests that trial counsel's decision not to present Mr. Allen's testimony was reasonable trial strategy because Mr. Allen's pretrial testimony could have been used to impeach his trial testimony. The record suggests, however, that trial counsel did not understand the limitations that would be placed on cross-examination of Mr. Allen. At a minimum, Mr. Allen is entitled to present evidence from trial counsel concerning their reasoning for their decision not to allow Mr. Allen to testify at the pretrial hearing, since he did not testify at trial.

The government suggests, at p 2 of the response, that Mr. Allen's testimony would have had no reasonable probability of affecting the outcome of the proceeding, citing the government's evidence at the hearing. Any such judgment is premature without this Court's hearing Mr. Allen's testimony, which, as the Court indicated in its order, would have substantially contradicted that of the officers. May 11 Order, p. 9.  Petitioner maintains the officers' testimony was materially false. This Court may not decide the credibility or effect of witness testimony based on affidavits or proffers. *Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001); *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000). Mr. Allen's testimony will be presented at the evidentiary hearing on this issue, and after that testimony, there is a reasonable probability of a different outcome.

2

## CONCLUSION

For the foregoing reasons and those in the motion, Mr. Allen prays the Court to grant discovery and to expand the scope of the evidentiary hearing in this matter as requested in this motion.

Respectfully submitted,

/s Elizabeth Unger Carlyle
Elizabeth Unger Carlyle #41930MO
P.O. Box 30418
Columbus, MS  39703
(816)525-6540
elizcar@lawalumni.neu.edu

Joseph M. Cleary
Collignon & Dietrick
310 N. Alabama, Ste. 250
Indianapolis, IN  46202
(317) 637-1000
jcleary498@aol.com

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West -- The Curtis Center
Philadelphia, PA  19106
215-928-0520
Michael_Wiseman@fd.org

ATTORNEYS FOR PETITIONER

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served upon counsel for respondent, Mr. Joseph M. Landolt, Asst. U. S. Attorney, Mr. Steven Holtshouser, Asst, U.S. Attorney, and Ms. Carrie Costantin, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, by filing with the Court's electronic filing system on July 5, 2011.

/s/ Elizabeth Unger Carlyle
Elizabeth Unger Carlyle