UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BILLIE JEROME ALLEN,             )
                                       )
     Movant,                     )
                                       )  NO.  4:07 CV 27 ERW
        v.                  )
                                       )
UNITED STATES OF AMERICA,   )
                                       )
     Respondent.             )

## GOVERNMENT'S MOTION FOR IN CAMERA EXAMINATION OF REDACTED DOCUMENTS

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Richard G. Callahan,  and Carrie Costantin, Steven E. Holtshouser, and Joseph Landolt, Assistant United States Attorneys for said district, and files its Motion for an In Camera Examination of Redacted Documents.

On May 10, 2011, this Court granted an evidentiary hearing on movant's claim that his trial counsel were ineffective for their failure to investigate and present evidence at the penalty phase of the trial.  Movant claimed generally "that they were ineffective in failing to make timely preparations for the proceedings and in failing to properly investigate and present evidence of his abusive childhood." Order, p. 45 [Document 147].  The evidentiary hearing is set for November 29, 2011.

Petitioner's counsel has provided discovery to the Government.  The discovery included certain documents that were redacted by petitioner's counsel.  Seven pages of documents were redacted.  After discussions with petitioner's counsel, they provided unredacted copies of two of those pages.  Those two pages were the notes of Dr. Cuneo's interview of petitioner.

Petitioner's counsel has informed the Government that BA_3724, BA_3725, BA_3726,

BA_3727 and BA_3730  are notes of trial counsel's conversations with petitioner.[1]  Ms. Carlyle stated that their position is that the redacted portions concern matters not relevant to the ground for relief as to which the hearing has been granted and that they are protected by the attorney-client privilege.

The  Government respectfully requests that the Court examine the five pages to determine if unredacted versions should be provided to the Government.  An evidentiary hearing has been granted on the issue of whether trial counsel were deficient in their investigation and presentation of mitigation evidence.  Specifically, petitioner asserts that physical and emotional abuse of petitioner, including beating him repeatedly and throwing him out of the house as a young boy for days at a time transformed him into a violent drug user and seller by the age of fourteen.  Order, p. 53.  Petitioner claims that these circumstances caused him to suffer from post-traumatic stress disorder, chronic dementia, recurrent major depressive disorder, recurrent substance abuse, and borderline personality disorder.  Order, p. 54.  Petitioner has alleged that a reasonable investigation would have found this evidence.

Trial counsel's communications with petitioner are critical to determining the effectiveness of their assistance.  For example, petitioner's communications to his counsel concerning his childhood or  any drug dealing with his father or uncle are directly relevant to his claim of ineffective assistance for failure to investigate these matters.  Petitioner's veracity in his dealings with his lawyers also is relevant to their ability to conduct a reasonable mitigation investigation.  Current counsel has provided the Government with records of other communications from petitioner where he lied to or misled a mitigation investigator, Ms. Caspari.  Petitioner's own actions may have

---

[1]The redacted versions of these five pages are attached as exhibits.

obstructed trial counsel's investigation.

Petitioner has waived his attorney-client privilege for matters related to his ineffective assistance claim.   "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.2003).   A party may not use the privilege "as both a shield and a sword." *Id.* at 719. "Substantial authority holds the attorney-client privilege to be impliedly waived where the client asserts a claim or defense that places at issue the nature of the privileged material." *Id.* at 719 (citations and quotations omitted). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Id.*

Of course, the waiver is not absolute.   "[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 720. "Second, the holder of the privilege may preserve the confidentiality of privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721 (citing *Lyons v. Johnson*, 415 F.2d 540, 541–42 (9th Cir.1969)).

Here, petitioner has waived his privilege for all matters relevant to his claim that trial counsel were ineffective in investigating and presenting mitigation evidence.  The Government respectfully requests that the Court conduct an in camera review of the five pages of redacted documents to determine if the communications are relevant to his claim.

For the foregoing reasons, the Government respectfully requests that this Court conduct an

in camera examination of the redacted documents, specifically BA_3724, BA_3725, BA_3726,

BA_3727 and BA_3730.

Respectfully submitted,
RICHARD G. CALLAHAN
United States Attorney


 *s/Carrie Costantin*
CARRIE COSTANTIN #54734
STEVEN E. HOLTSHOUSER #24277
JOSEPH LANDOLT #6484
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2309 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on  August 22, 2011, the foregoing was filed electronically with the Clerk of the Court and was served electronically on the following:

Elizabeth U. Carlyle
P.O.Box 30418
Kansas City, MO 64112

Joseph M. Cleary
COLLIGNON AND DIETRICK
310 N. Alabama
Suite 250
Indianapolis, IN 46204

Matthew Lawry
FEDERAL COMMUNITY DEFENDER OFFICE
Eastern District of Pennsylvania- Capital Habeas Corpus Unit
The Curtis Center - Suite 545 West

Philadelphia, PA 19106


Michael Wiseman
FEDERAL COMMUNITY DEFENDER OFFICE
Eastern District of Pennsylvania- Capital Habeas Corpus Unit
The Curtis Center - Suite 545 West
Philadelphia, PA 19106



s/*Carrie Costantin*
CARRIE COSTANTIN  54734
Assistant United States Attorney