UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV00027 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Billie Jerome Allen's ("Movant") Motion for Reconsideration of Orders of March 31, 2011 and May 10, 2011 with respect to Evidentiary Hearing and Discovery [ECF No. 149].

In the March 31 Memorandum and Order [ECF No. 146], the Court denied Movant's requests for discovery in advance of the Court's ruling on whether he might be entitled to an evidentiary hearing on any of the claims he asserts under 28 U.S.C. § 2255.  In the May 10 Memorandum and Order [ECF No. 147], *Allen v. United States*, 2011 WL 1770929 (E.D. Mo. 2011), the Court concluded that Movant is only entitled to an evidentiary hearing on one of those claims – alleging ineffective assistance of counsel based on counsel's failure to investigate and present mitigating evidence at his sentencing hearing – and denied the remainder of Movant's claims.  In this Motion, Movant contends that the Court erred (1) in the March 31 Order, by not granting him discovery on certain claims that were subsequently denied in the May 10 Order, specifically claims A, B, C, D, E, G, I, and J, (2) in the May 10 Order, by not granting him an evidentiary hearing on certain claims, specifically claims A, B, C, D, E, F, G, H, I, K, L, N, O,

and P, and (3) in the May 10 Order, by not considering Movant's claim S, which was raised in a supplemental filing.

As for the first point, the Court finds that Movant is not entitled to conduct discovery, except on the claim for which he is entitled to an evidentiary hearing.  Rule 6(a) of the Rules Governing Section Section 2255 Proceedings for the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  This "good cause" standard is satisfied "where specific allegations before the court show reason to believe that the [movant] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (internal quotations and citations omitted).  In denying all but one of Movant's claims in the May 10 Order, the Court expressly concluded that those claims were either facially insufficient or affirmatively refuted by the record.  There were no allegations incorporated into those claims that give the Court reason to believe that further discovery might enable Movant to demonstrate that he is entitled to relief.  Thus, Movant has failed to establish the "good cause" required for discovery under Rule 6(a), and his Motion will be denied on this point.

Movant's second argument is that the Court should reconsider its denial of an evidentiary hearing on certain claims; his Motion lists numerous such claims, but it only specifically addresses his ground A, concerning counsel's failure to submit an offer of proof of Movant's testimony in support of his motion to suppress evidence, in advance of the magistrate judge's ruling on that motion, and his ground I, related to counsel's failure to procure DNA evidence on a bloody strap found in the course of the criminal investigation.

2

"Motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotations and citations omitted). Rule 60(b) provides that a court may reconsider a prior ruling for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b) relief is an "extraordinary remedy" that is justified only in "exceptional circumstances," *Prudential Ins. Co. of America v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005), and "[e]xceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted). In the context of a motion under Rule 60(b)(6) – the catch-all provision applicable to Movant's Motion – relief will only be granted where the "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *See Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The Court declines to reconsider its rulings on these claims because Movant's Motion does nothing more than rehash issues that have already been fully presented and considered,

3

which is insufficient under Rule 60(b)(6).  *See Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity.  This is not the purpose of Rule 60(b)(6). . . . It is not a vehicle for simple reargument on the merits.).  In the May 10 Order, the Court rejected Movant's argument with respect to claim A, because although counsel did fail to submit the offer of proof before the magistrate judge's ruling, it was available for consideration when the magistrate judge issued an amended ruling and when this Court adopted the magistrate judge's conclusions.  As to ground I, the Court likewise considered and rejected Movant's argument that counsel performed deficiently by not seeking DNA testing of the bloody strap, because there was nothing more than speculation indicating that such testing would have suggested that a third party, Jerry Bostic, was involved with the crime, and that any such speculation was refuted by the other evidence that supported the jury's guilty verdict.  Movant has had a full and fair opportunity to present these grounds for relief, and he has not offered any compelling justification for the Court to revisit its conclusions.

As for Movant's third point, the Court did, through an oversight, fail to address his ground S, and it will therefore do so in this Memorandum and Order.  In this claim, Movant contends that a report issued by National Academy of Sciences in February 2009 demonstrates that the ballistics and fingerprint evidence used against him at trial was unreliable, and that basing his conviction and death sentence on such evidence violates his Fifth and Eighth Amendment rights.  *See* National Research Council of the National Academies, *Strengthening Forensic Science in the United States: A Path Forward* (The Nat'l Academies Press 2009) (hereinafter, "the NAS Report").  Somewhat more specifically, Movant claims that the NAS Report establishes that it was scientifically unjustified for (1) the Government's expert to testify

without equivocation as to which bullets recovered from the crime scene were fired from which firearm; and (2) the Government's fingerprint experts to testify that a fingerprint recovered from the intended getaway vehicle matched Movant's fingerprints, based on a technique or process known as "friction ridge analysis."  The Government responds that this claim must be rejected because it is barred by the statute of limitations and has been procedurally defaulted, and because the NAS Report, assuming it may properly be considered, does not seriously call into question the ballistics and fingerprint evidence at issue, which was also merely cumulative of other evidence.

28 U.S.C. § 2255 provides an avenue for a federal prisoner who seeks relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," to file a motion requesting that the court vacate, set aside, or correct his sentence.  *See* § 2255(a).  To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) ("This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. . . . . [T]he appropriate inquiry [is] whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also, e.g.*, *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003); *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989).

Claims brought under § 2255 may also be limited by procedural default.  A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).  Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

As noted above, Movant claims that the evidence at issue may not be used to support his conviction and death sentence, under the Fifth Amendment's Due Process Clause and the Eighth Amendment.  In order for a § 2255 movant to succeed on a due process claim based on the use of allegedly unreliable evidence, he "must establish that the evidence was so arbitrary that 'the factfinder and the adversary system [were] not . . . competent to uncover, recognize, and take due

6

account of its shortcomings.'" *United States v. Berry*, 624 F.3d 1031, 1040 (9th Cir. 2010)

(citing and quoting *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983), *superseded in part on other*

*grounds by* 28 U.S.C. § 2253(c)(2)).  As for the Eighth Amendment, it requires that a criminal

defendant not be sentenced to death based on "materially inaccurate" evidence.  *Johnson v.*

*Mississippi*, 486 U.S. 578, 590 (1988).

Leaving aside the difficult questions of timeliness and procedural default – the difficulty

being based on determining whether the NAS Report is a new "fact" for purposes of the statute

of limitations, and whether the information and arguments contained in the NAS Report could

have been raised on direct appeal, notwithstanding the non-existence of the Report at that time –

Movant's claim plainly fails under the applicable due process and Eighth Amendment standards.

The NAS Report, at most, calls into question whether the techniques used by ballistics and

fingerprint experts to generate their conclusions can be counted on, in all circumstances, to

produce totally reliable, unequivocal findings.  It does *not* indicate that the conclusions of the

experts in *this* case were wrong; the NAS Report does not suggest that the recovered bullets were

not actually discharged from the firearm associated with Movant, or that the fingerprint matched

to Movant was not actually Movant's.  *See Berry*, 624 F.3d at 1040 ("[I]t is not enough," to

succeed on a § 2255 due process claim, "that the evidence introduced against [the movant] was

of low probative value or was of questionable reliability.").  As such, the NAS Report also does

not demonstrate that this evidence was "materially inaccurate," such that its use would violate the

Eighth Amendment.  Furthermore, as the Government notes persuasively, this evidence was

cumulative of and corroborated by a large amount of other evidence at trial – including Movant's

confession – placing Movant at the scenes of the crime and the failed getaway, and connecting

him with his co-defendant, with the firearm he was found to have used, and with the vehicles

used in the course of the robbery.

The Court therefore concludes that Movant's ground S will be denied without an evidentiary hearing because it is insufficient on its face.  The NAS Report does not seriously undermine the reliability of the expert ballistics and firearm evidence used against Movant, to the point that the use of such evidence could be considered a "miscarriage of justice," and there is also no reason to believe that this evidence was critical either to the jury's finding of guilt or its imposition of the death penalty.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Reconsideration [ECF No. 149] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's ground S, raised in his Supplement to Amended Motion under 28 U.S.C. § 2255 [ECF No. 98], is **DENIED**.

Dated this 29th Day of August, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

8