IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Billie Allen, | § | |
| Petitioner | § | CAPITAL CASE |
| | § | |
| vs. | § | 4:07-CV-0027 ERW |
| | § | |
| United States of America, | § | ORAL ARGUMENT REQUESTED |
| Respondent | § | |
| | § | |

**PETITIONER'S PARTIAL OPPOSITION TO GOVERNMENT'S MOTION
FOR AUTHORIZATION TO CONDUCT DEPOSITIONS AND INDEPENDENT
EXAMINATIONS AND TO REQUIRE IDENTIFICATION OF HEARING
WITNESSES AND SHARING DEPOSITION EXPENSES**

Petitioner, Billie Jerome Allen, through counsel, respectfully submits this partial

opposition to the government's discovery motion (the "Motion").1

### I.    Introduction and Relevant Background

Mr. Allen filed a motion pursuant to 28 U.S.C. §2255 on December 10, 2007, and an

amended §2255 motion on February 11, 2008.  The government filed an answer on October 31,

2008.  Mr. Allen filed a traverse and supplement to the amended motion on August 14, 2009.

The government filed a sur-reply on March 19, 2010.

On May 10, 2011, the Court ordered an evidentiary hearing on Ground J of the amended

motion, which alleges that trial counsel provided ineffective assistance at the penalty phase in

their investigation and presentation of mitigating evidence.  After reviewing much of the

extensive factual proffer set forth in witness declarations, expert reports, and other records

appended to Mr. Allen's traverse, the Court ruled that "An evidentiary hearing is necessary to

permit the Court to assess the credibility of this evidence and to determine the extent to which it

---

1 Because this motion requires the resolution of factual and procedural issues, Mr. Allen believes oral argument by

1

is relevant to whether counsel fulfilled their obligation to conduct a thorough investigation of the defendant's background." Order of May 10, 2011, Doc. # 147 at 61 (internal quotation omitted).

Following the Court's Order, counsel for Mr. Allen have provided the government with extensive discovery  in addition to the extensive factual proffer previously filed with the Court. This discovery included more than 5,000 pages of materials from the files of the trial defense team; the background materials Mr. Allen provided to his retained experts; and the testing results, raw data, and notes of the retained experts.  Counsel for Mr. Allen have further informed the government that the witnesses Mr. Allen currently expects to call at the hearing submitted sworn declarations or reports attached to Mr. Allen's traverse, but that counsel's investigation is ongoing and that if new witnesses are identified, counsel will so apprise the government.

The government has yet to identify the expert(s) it will call at the hearing; identify any other witnesses it intends to call; or provide Mr. Allen with any other information regarding any evidence it will present at the hearing.

The government now moves the Court for an order granting depositions of eleven witnesses who submitted sworn declarations and reports in support of Mr. Allen's amended motion.  The witnesses include the four members of the trial defense team, Mr. Allen's two retained experts, and five lay witnesses.  The government additionally seeks to depose Mr. Allen himself.  The government also requests that the Court order Mr. Allen's court-appointed counsel to bear significant costs and witness expenses of these twelve government depositions.

Good cause does not exist for the government's requests, as discussed below.  The requested depositions are unnecessary, duplicative, and burdensome, and they promise only to

---

telephone conference would assist the court.

deliver the government a tactical advantage at the hearing.  The depositions would also greatly increase the likelihood that a continuance of the hearing will become necessary.  Mr. Allen therefore requests that the Court deny the government's requests.  If the Court grants the government some or all of the depositions, Mr. Allen requests that the Court order the government to pay the costs and expenses.

The government makes two additional requests.  First, the government requests an order directing Mr. Allen to provide his final witness list by September 29, 2011, but does not propose to provide a list of its own witnesses on that, or any other, date.  This request should be denied, at least in part, as discussed below.

Second, the government seeks permission for its mental health experts to examine Mr. Allen. Mr. Allen has no objection in principle to such examinations, but the scope and conditions of the examinations should be limited by the Court, as explained below.

## II.    The Requested Witness Depositions

Rule 6 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("§2255 Rules") provides, in relevant part:

> (a) Leave of Court Required.  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with practices and principles of law. . . .
>
> (b) Requesting Discovery.  A party requesting discovery must provide reasons for the request.

"The 'good cause' standard set forth in Rule 6 restrains a party litigant from unbridled entitlement to discovery."  *Lott v. Bradshaw*, No. 1:04-CV-822, 2005 WL 3741492 at *2 (N.D. Ohio 2005).  Indeed, "'At the very least, it is clear that there was no intention to extend to habeas

3

corpus, as a matter of right, the broad discovery [afforded in] ordinary civil litigation.'" *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)).

The government has failed to show "good cause" for any of the requested depositions. The government's motion merely recaps Mr. Allen's factual allegations and summarizes how the information contained in each witness's sworn declaration relates to those allegations. The government then closes with bald assertions that deposing these witnesses is necessary "to test" their "veracity" and "to explore" the "basis" of their sworn statements. Motion at 5, 6, 10. But that is precisely why the Court ordered an evidentiary hearing on this claim. *See* Order of May 10, 2011, Doc. # 147 at 61. The hearing itself will provide the government ample opportunity to test the veracity of Mr. Allen's witnesses through cross-examination. The government has made no argument explaining why it needs *both* a deposition and a hearing to cross-examine each witness, especially when each witness has already signed a sworn declaration setting forth his or her expected testimony. The government's motion does not identify any information that it hopes to "discover" in the depositions that it could not just as easily elicit at the hearing. The requested depositions would be unnecessary and duplicative, and the government will suffer no prejudice by posing its questions at the hearing.

As this Court is aware, depositions are permitted in federal *criminal* cases only to preserve testimony. *See* Fed. R. Crim. P. 15(a). Had these witnesses been listed as defense witnesses at the penalty phase of Mr. Allen's trial, the government would have had to cross-examine them without benefit of depositions. In this proceeding, among other issues, this Court must evaluate the extent to which the testimony of these witnesses would have had a reasonable probability of affecting the outcome of Mr. Allen's trial. Mr. Allen submits that allowing these depositions in this proceeding gives the government an unfair advantage in the resolution of that

4

issue.

The government's requests are also burdensome.  Even the Federal Rules of Civil Procedure restrict a party's right to depose more than 10 witnesses, Fed. R. Civ. Pro. 30(a)(2)(A)(i), and habeas proceedings are not meant to entail even that "broad discovery." *Harris*, 394 U.S. at 295.  Here, the government seeks to depose twelve witnesses.  Further, all of Mr. Allen's counsel reside outside the Eastern District of Missouri, and at least three of the proposed deponents do as well – Drs. Martell (California), Randall (Hawaii), and Stewart (California).  Regardless of whom the Court decided must bear those costs—and Mr. Allen respectfully submits it should be the government—the monetary costs of the depositions would be quite significant.

The time constraints are likewise significant.  The government proposes to conduct all of the depositions in October and November, and the hearing is set to begin on November 28.  It is highly unlikely that all of the depositions could be conducted and all of the transcripts completed in time for the parties to litigate any associated objections and motions before the hearing. Further, if the Court grants the government's request to depose Mr. Allen's experts, Mr. Allen will seek leave to depose the government's experts as well,[2] and may also seek to depose the FBI Agents who conducted the government's penalty phase investigation before trial.  *See* Gov't Sur-Reply to §2255 Motion, Doc. #110 at 79 & n.13 (Mar. 19, 2010) ("The FBI had conducted interviews which had been disclosed in discovery and many of these were interviews with friends and acquaintances who provided information relevant to both the guilt and penalty phases.").  And, as the Court is aware, if another hearing continuance becomes necessary,

---

[2] *See Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (rules governing expert discovery and disclosure aim to prevent unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby

counsel for the government have stated that they will not be available again until the late spring of 2112.[3]

### III.    The Requested Deposition of Petitioner Billie Jerome Allen

The government also requests that the Court order a deposition of Petitioner Billie Allen. The government claims that "Petitioner made his testimony and deposition necessary by supplying his declaration and by his statements to his past and present experts."  Motion at 14. The first contention is incorrect, and the second is misplaced.  First, Mr. Allen, unlike the other proposed deponents, did not submit a declaration in support of the allegations regarding trial counsel's performance at penalty phase and is not expected to testify at the hearing.  Second, Mr. Allen's statements to mental health experts justify the government's request to have its experts examine Mr. Allen, *see* below at 10-11, but do not make a deposition necessary or appropriate.

In *Wessinger v. Cain*, No. 04-637-JJB-SCR, 2009 WL 111735 (M.D. La. 2009), a case relied upon by the government, *see* Motion at 11, 14, the court denied a similar government motion to depose the petitioner.  The court reasoned that the government could not establish good cause for the deposition because:

> [N]owhere in the respondent's answer to the petitioner's ineffective assistance of counsel claims is there any indication that the petitioner's trial counsel based any strategic trial decision on information provided by the petitioner. Nor does the answer assert, or even infer, that any of trial counsel's strategic trial decisions were made after consulting with the petitioner, informing him of

---

potentially depriving a party-opponent of an equal opportunity to "depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery.")

[3] To the extent that the submitted witness declarations do not address issues or details about which the government seeks information (although it has yet to identify any such issues), 28 U.S.C.A. §2246 contemplates that the government propound interrogatories of the witnesses.  Interrogatories could thus satisfy the government's need for any additional information, without imposing the costs, time constraints, and tactical inequities that would inevitably coincide with the government's requested depositions.

> counsel's proposed course of action, or communicating with the petitioner in any way.

*Wessinger*, 2009 WL 111735 at *2. The same reasoning applies here.

Further, Mr. Allen retains his Fifth Amendment rights in this proceeding. The right against self-incrimination is "accorded liberal construction" and may be asserted whenever a person "has reasonable cause to apprehend danger" from answering the government's questions. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "Reasonable cause" exists whenever the person's statements possibly may be used against him in a future prosecution, even where that possibility is "remote" or "speculative" or "slight." *See, e.g., Resnover v. Pearson*, 965 F.2d 1453, 1462 (7th Cir. 1992) ("We cannot agree that a witness' constitutional privilege against self-incrimination depends upon a judge's prediction of the likelihood of prosecution"); *United States v. Sharp*, 920 F.2d 1167, 1171 (4th Cir. 1990) ("[O]nce incriminating potential is found to exist, courts should not engage in raw speculation as to whether the government will actually prosecute"); *United States v. Cuthel*, 903 F.2d 1381, 1384 (11th Cir. 1990) (witnesses can properly invoke privilege "even if the risk of prosecution is remote"); *United States v. LaCoste*, 721 F.2d 984, 987 (5th Cir. 1983) (privilege upheld even if likelihood of prosecution "remote"); *United States v. Miranti*, 253 F.2d 135, 139 (2nd Cir. 1958) (privilege upheld where likelihood of prosecution was "slight").

Mr. Allen's death sentence and/or convictions may be vacated and he may face retrial at some point in the future. He remains in jeopardy of charges in state court for the conduct for which he was prosecuted in federal court. *See Johnson v. United States*, No. 09-CV-3064-MWB, 2010 U.S. Dist. LEXIS 25347, at *39 (N.D. Iowa Mar. 18, 2010). Under these circumstances, Mr. Allen "has reasonable cause to apprehend danger" from being deposed by the

government, and his right against self-incrimination thus attaches. *See Hoffman*, 341 U.S. at 486. Because Mr. Allen is not expected to testify at the hearing, and because his Fifth Amendment rights attach, the government cannot show good cause for its requested deposition. *See Wessinger*, 2009 WL 111735 at \*2-\*3.

### IV. The Costs and Expenses of the Depositions

Pursuant to Rule 6(a) of the §2255 Rules and Fed. R. Civ. P. 26(b)(4)(E), Mr. Allen requests that the government be required to pay for the time and expenses of any of Mr. Allen's experts whose depositions are authorized by this Court. Fed. R. Civ. P. 26(b)(4)(E) provides, "Unless manifest injustice would result, the court must require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Rule 26(b)(4)(A) provides for depositions of experts.

Further, pursuant to Rule 6(c) of the §2255 Rules, Mr. Allen requests that the Court "require the government to pay the travel expenses, subsistence expenses, and fees of [Mr. Allen's] attorney to attend the deposition." At the inception of this matter, this Court expressed concern about the burden on CJA funds associated with this case. Under seal, initial counsel provided a budget which did not include deposition costs or fees, and which was reduced by the Court. Counsel then attempted to reduce the cost to the CJA system of this case by obtaining the assistance of an independent governmental agency to bear some of the fees and expenses. However, given the continuing financial stress on the CJA compensation system as well as on the federal defender system, it is appropriate for the U.S. Attorney to pay the costs associated with its requested depositions.

## V.  Witness Lists

As noted above, Mr. Allen, through counsel has informed the government that the witnesses Mr. Allen expects to call at the hearing have submitted sworn declarations or reports attached to Mr. Allen's traverse.  Counsel has further informed the government that their investigation is ongoing and that if new witnesses are identified, counsel will so apprise the government.  In its Motion, the government nonetheless seeks a Court order requiring Mr. Allen to disclose its hearing witnesses and exhibits on September 30, 2011, two months before the hearing.  The government makes no proposal to disclose its own witnesses and exhibits on that or any other date.  The government's proposal is unequal and unnecessary.

The Federal Rules of Civil Procedure require all parties to disclose witnesses 30 days before trial.  *See* Fed. R. Civ. Pro. 26(a)(3).  The government offers no persuasive explanation as to why such a reasonable and balanced procedure would be inappropriate here.  Mr. Allen thus requests that the Court order the parties to exchange witness lists on October 28, 2011, thirty days before the hearing.[4]

## VI.  Government Examinations of Mr. Allen

The government requests that its mental health experts be permitted to examine Mr.

---

[4] Although the government argues that Mr. Allen's "claim has been known to him for years," the government has likewise known it for years; Mr. Allen filed his traverse over two years ago on August 14, 2009.  Further, as the pretrial discovery in this case made clear, the government began investigating Mr. Allen's life history and mitigation evidence in 1997. *See Gov't Sur-Reply to §2255 Motion*, Doc. # 110 at 79 & n.13 (Mar. 19, 2010).  Tellingly, the government also asserts that it needs Mr. Allen's witness and exhibit lists disclosed in September in order to "permit sufficient time before the November hearing to conduct any depositions" and further asserts that "Depositions of witnesses that Allen does not intend to call would be a substantial waste of resources."  Motion at 15.  These assertions reveal that the government is seeking depositions, not to uncover information in support of its factual assertions, but merely to have two opportunities to cross examine Mr. Allen's hearing witnesses.

Allen.  Mr. Allen agrees that the government is entitled to a mental health examination of Mr. Allen to the extent that the §2255 motion has placed Mr. Allen's mental health at issue in these proceedings.

The government's motion, however, does not identify the experts it will use, the scope and type of testing that they seek, or the conditions under which they seek to examine Mr. Allen.  This Court should delineate the "scope" and "conditions" of the government's examinations. *See* Fed. R. Civ. Pro. 35(a)(2)(B).  As explained below, the Court should limit the scope of the government examinations to mental health issues relevant to mitigating evidence and not permit the examinations to delve into guilt phase issues.  Mr. Allen further requests that one of his attorneys be present to observe the examinations or, at a minimum, that the examinations be recorded.

Mr. Allen has a continuing Fifth Amendment right against self-incrimination in the proceedings.  *See* pp. 7-8 above.  He has waived those rights only to the extent that he has placed his mental condition "in controversy." Fed. R. Civ. Pro. 35(a)(1).  It is plain from the pleadings in this case that Mr. Allen's mental health evidence is relevant only to Ground J, alleging ineffective assistance of counsel at the penalty phase of trial.  Mr. Allen has not relied on mental health evidence to challenge his convictions.  The scope of the government's evaluation should be limited accordingly, and to the extent that the evaluation delves into guilt phase issues, Mr. Allen's right against self incrimination will be implicated.

Given Mr. Allen's Fifth Amendment rights, the Court should also permit one of Mr. Allen's attorneys to observe the examinations and/or require the government experts to record the examinations.  In another §2255 case, the government  moved to require the videotaping of its own forensic mental health evaluation and agreed to permit defense counsel to be present,

albeit outside the examination room.  *See United States v. Nelson*, No. 04-8005-CV-W-FJG, No. 99-00303-01-CR-W-JFG (W.D. Mo. 2010) (*Government's Motion to Establish Procedures by Which a Mental Health Examination of Movant Will Be Conducted*, attached as an Exhibit 1). Mr. Allen requests that the Court order the same conditions here.  *See also United States v. Bourgeois*, 02-cr-0216, Doc. Nos. 498 & 502 (S.D. Tex. May 6, 2010) (ordering that the government's mental health examinations be videotaped) (attached as Exhibits 2 and 3); *Vreeland v. Ethan Allen*, 151 F.R.D. 551, 551 (S.D.N.Y. 1993) ("the presence of the attorney is more likely to produce a higher quality of justice and fairness in the ensuing trial and permit more cogent cross-examination of the expert."); *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635, 636 (E.D. Wis. 1984) ("in the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert.").

Finally, Mr. Allen requests that the government provide, at least two weeks in advance, notice of the specific dates on which its experts will conduct their examinations, and the location at which the evaluations will be conducted.  *See* Fed. R. Civ. Pro. 35(a)(2).  This will permit Mr. Allen to have reasonable access to counsel before the government examination.

## CONCLUSION

For the reasons stated above, Mr. Allen respectfully requests that the Court deny the government's request for depositions, order the government to cover all costs and expenses if depositions are granted, order both parties to exchange witness lists on October 28, 2011, and limit the scope and conditions of the government experts' examinations of Mr. Allen.

Respectfully submitted,

/s Elizabeth Unger Carlyle
Elizabeth Unger Carlyle #41930MO
P.O. Box 30418
Columbus, MS  39703
(816)525-6540
elizcar@lawalumni.neu.edu

Joseph M. Cleary #534292
Collignon & Dietrick
310 N. Alabama, Ste. 250
Indianapolis, IN  46202
(317) 637-1000
jcleary498@aol.com

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served upon counsel for respondent, Asst. U.S. Attorneys. Joseph M. Landolt, Mr. Steven Holtshouser, and Ms. Carrie Costantin, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102, by filing with the Court's electronic filing system on August 30, 2011.

/s/ Elizabeth Unger Carlyle
Elizabeth Unger Carlyle