Allen v. United States 4:07-CV-27-ERW
Case: 4:07-cv-00027-ERW Doc. #: 166-3 Filed: 08/30/11 Page: 1 of 2 PageID #: 2610
Petitioner's Response to Motion for Discovery
Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-02-216 |
| | § | |
| ALFRED NMI BOURGEOIS | § | |

## ORDER

On May 6, 2010, this Court entered an order addressing the Government's upcoming testing of the movant Alfred Bourgeois for mental retardation. (DE 498). The Order allowed for videotaping of the testing and required the Bureau of Prisons to provide access for the videotaping. In that Order, the Court invited the Government to submit a proposed protective order that would protect the integrity of the testing.

The Government filed a motion to reconsider the Order allowing for videotaping. (DE 503). The Government's motion stated that their expert witnesses had voiced concerns about having the examination videotaped. Also, the motion stated that Bureau of Prisons officials were concerned that the examination would pose a security concern. In a June 7, 2010, telephonic hearing, the Government expressed a desire to call witnesses to support its motion for reconsideration. On this date, the Court held a telephonic conference and heard testimony from Dr. Jack Randal Price and Dr. Roger Moore, expert witnesses for the Government, and from Captain Hector Joyner, a chief correctional supervisor with the Bureau of Prisons in Terra Haute, Indiana.

Testimony from the witnesses clarified their concerns, but proved them to be baseless. Captain Joyner's testimony reduced the Bureau of Prisons' position to a concern that a videotape of the examination would eventually be available in a publicly assessable forum. This Court's Order, however, allows the Government to propose a protective order that will prevent dissemination of the resultant videotape. Questioning of the expert witness discussed ethical concerns about recording the examination. The questioning, however, showed no direct prohibition on videotaping by the governing professional organizations and only identified concerns that would be ameliorated by any protective order. The experts' greatest concern seemed to be the possibility that the presence of an observer, either physical or represented by electronic recording, would affect Bourgeois' performance in testing. Captain Joyner, however, explained that in this, as in all other examinations, a guard would observe the examination through a window. A guard has observed the earlier examinations in this case. The experts' concerns about the presence of third parties, therefore, cannot prevent videotaping of their examination. No basis exists for this Court to reconsider its earlier Order.

The Government's motion for reconsideration is **DENIED**.

SIGNED and ORDERED this 9th day of June, 2010.

_____
Janis Graham Jack
United States District Judge