**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:07CV0027 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **THIS IS A CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE TO ALLEN'S MOTION FOR**
**RECONSIDERATION OF ORDER**
**AUTHORIZING DEPOSITION OF ALLEN (Doc. 188)**

Comes now, the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Steven E. Holtshouser

and  Carrie Costantin, Assistant United States Attorneys for said District, and responds to

Allen's Motion To Reconsider this Court's Memorandum and Order granting, in part, the

Government's request to depose Allen, as follows:

Allen requests this Court to reconsider its prior ruling granting, in part, the Government's

request to depose Allen concerning his mitigation communications with his trial counsel.  Allen

argues that the Government should not be permitted to depose him, that this Court should extend

the restrictions on the Government's inquiry or permit Allen to seek an interlocutory appeal

under 28 U.S.C. §1292(b).

Allen's motion fails to present any new arguments or authorities which support his claim

that Allen's Fifth Amendment rights would be violated by compelling him to be deposed on the

subject of his communications with his counsel concerning his life history and mitigation

1

information. The Government provided this Court with authorities which support the Government's request and this Court cited several other authorities in it *Memorandum and Order*. Doc. 188 at 10. On the other hand, Allen fails to cite a single authority prohibiting the Government from deposing a habeas petitioner claiming ineffective assistance of counsel concerning his interaction with his counsel on the very topic raised by such a petitioner's claim.

Allen's argument fails to recognize the purpose of the contextual purpose of the Fifth Amendment privilege - to ensure that the Government meets its burden of proof in a criminal case without the benefit of compelling the defendant to testify against himself. *Bean v. Calderon*, 166 F.R.D. 452, 454 (E.D.California 1996)(federal habeas review of state capital conviction). In this civil habeas proceeding, Allen bears the burden of proving that his conviction and/or sentence should be set aside. Other constitutional protections are not applicable in the habeas context to the same extent as in a criminal proceeding. *Coleman v. Thompson*, 501 U.S. 722, 755-56 (1991)(counsel); *Wade v. Calderon*, 29 F.3d 1312, 1325 (9th Cir. 1994)(presence at hearings). Thus, "[i]t is not at all untoward" to require a capital habeas petitioner to give testimony about "facts that are within his knowledge, and which are pertinent to the claims that he has made in habeas" or, if he refuses, to draw an adverse inference. *Bean*, 166 F.R.D. at 455.

Allen's reliance on the uncontested principle that the Fifth Amendment privilege applies to criminal sentencing facts is misplaced. In that context, the Government bears the burden of proof. All of Allen's authorities also involve pre-sentencing circumstances. Allen has been convicted, has had his sentencing phase trial, has been sentenced and has exhausted his direct appellate remedies. He should have no remaining Fifth Amendment privilege as to either the

offense for which he was convicted or his sentence, but the Government does not quarrel with the limitation placed on the deposition by the Court[1].

Allen's argument hypothesizes that he will prevail in his 2255 motion and be entitled to a new sentencing phase trial.  Such hypothetical scenarios do not determine the scope of the Fifth Amendment. Concern about the possibility of state prosecution, which has not occurred in the 13 years since the offense, is not a basis for assertion of the Fifth Amendment in this federal proceeding and Allen fails to support any authority to support his claim.  If needed, this Court could limit use of Allen's deposition answers to his Section 2255 hearing only to prevent any state criminal exposure.  Such a limitation would be akin to the limited use nature of testimony in a suppression hearing.  *See, Federal Rule of Evidence* 104(a).  *See also, Simmons v. United States*, 390 U.S. 377, 394 (1968).

Also, Allen overlooks another obvious difference - he has, in effect, already given testimony in this matter and thereby waived his Fifth Amendment privilege, at least as to the matters raised by him in his habeas petition.  His petition, Doc. 47, filed December 10, 2007, contained a verification on his behalf by his counsel.  In *Bean*, the Court stated that "[b]y filing a verified petition, testimony has been received on the merits."  *Bean*, 166 F.R.D. at 455 and n.6. *Accord*, *Lott v. Bradshaw*, 2005 WL 3741492 at 8n.6 and 10 (N.D.Ohio 2005).  It does not matter that the verification was made by counsel on his behalf.  *Bean*, 166 F.R.D. at 455n.5. Because this is a claim brought by Allen and he has the burden to prove the claim, the situation

---

[1]This Court granted Allen wider protection than he may be entitled to, but the Government does not need to question Allen about his guilt or innocence to determine what information Allen provided his counsel about his background and thereby determine the adequacy of Allen's counsel's mitigation investigation and preparation.  Even the cases cited by the Court in support of limiting the deposition of Allen to matters other than guilt did not involve post-conviction circumstances.

is analogous to a claim of insanity in a criminal case - the Fifth Amendment privilege is deemed waived to the extent of the insanity issue and must give way to the ability of the Government to obtain an independent examination. *Bean*, 166 F.R.D. at 455.

In addition, the deposition that the Government requests is not that different from the extensive interview that Allen underwent as part of the independent neuro-psychological examination by Dr. Galit Askenazi. In addition to the most recent examination, the Government has the full benefit of the tape-recorded and transcribed examination by Dr. Sean Yutzy in 1998. The focus of the deposition will necessarily be the relevant topics - his actual life history and what he told his trial counsel about his potential mitigation evidence. Questions about his life history would be redundant of the histories taken by Drs. Askenazi and Yutzy and would not be incriminating. *See, Detrich v. Schriro*, 2007 WL 177831 at 2 (D.Ariz. 2007)("nothing inherently incriminating in answering questions regarding mitigating evidence and communication with counsel about such evidence.") If there ever is a new sentencing trial, the product of the mental examinations will be far more relevant than the product of an inquiry into Allen's conversations with his trial counsel.

Allen next argues that a deposition of Allen would violate his Fifth Amendment rights, because his answers could be used against him at a sentencing phase re-trial. This is a different way of re-stating his first argument, but it also lacks merit. The future use of Allen's deposition should be left to a Court faced with such a re-trial. Allen fails to persuasively argue that the Government could develop aggravation evidence from a deposition of Allen about his communications with his counsel. Regardless, a future court would be in the best position to determine whether the circumstances warrant admission or use of Allen's. For example, the

4

Government may not be able to introduce it to aggravate punishment but might be able to use it to impeach Allen or to cross-examine an expert witness. Whether the Government can exploit Allen's answers to develop leads to new evidence previously unknown is certainly something a future Court would be capable of determining in a *Kastigar*-type hearing. *Kastigar v. United States*, 406 U.S. 441 (1972). It would be up to the Government, if required to do so, to establish that aggravation or mitigation rebuttal evidence did not have its source in the deposition of Allen. Moreover, if this Court is tempted by Allen's argument, it has the power to limit the future use of the deposition answers. This Court could order that the deposition be limited to use in the Section 2255 hearing only.

Allen also challenges the finding that good cause supports the deposition of Allen. The discovery obtained by the Government contains several examples of trial counsel and trial team members communicating with Allen about a variety of topics, including his life history and background. A document prepared by Ms. Supranovich called into question the veracity of the information given by Allen to his counsel. The information given by Allen to Dr. Yutzy, one of the Government's experts, directly contradicted the factual claims made by Allen concerning his relationship with his mother and his background. More recently, the Government obtained tape-recordings of conversations between Mr. Simon and Allen in early December, 1997 and early January, 1998, which appear to be additional examples of Allen providing conflicting versions of his past. In one, Simon told Allen that they were going to put the "who-shot-the-guard" issue aside and focus on Allen's life. Simon advised that he was going to focus on everything in Allen's life so that if he was found guilty they could do the best job for him in the penalty phase. Simon then questioned Allen, *inter alia*, about his father, his sisters, his parents' relationship, his

church, his extended family, his participation in the Boy Scouts, his education, his softball team, his teachers, his music plans, his accomplishments, his employment, his sale of drugs, his leaving home when his house was shot up, his social life, his alcohol and drug use, the death of his friends, and his visits to Metropolitan Psychiatric Center.  The Government is entitled to examine Allen in advance of the hearing on the claims made by him.  *Wessinger v. Cain*, 2009 WL 111735 at 2 (M.D.La. 2009)("an inquiry into the petitioner's conversations with trial counsel may be critical to a proper assessment of counsel's investigation decisions"); Detrich v. Schriro, 2007 WL 177831 at 1 (D.Ariz. 2007)(Government "not required to accept without examination Petitioner's allegations and trial counsel's representations regarding the performance prong of the IAC claim").

Finally, Allen requests that this Court certify this issue for an interlocutory appeal.  Title 28, United States Code, Section 1292(b), authorizes an interlocutory appeal under the following circumstance:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a <u>controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,</u> he shall so state in writing in such order.

28 U.S.C. §1292(b)(emphasis added).  Allen fails to cite any authority supporting his claim that he should be entitled to an interlocutory appeal of an order that he be deposed.  Discovery orders are not generally appealable under §1292(b).  *Pang-Tsu Mow v. Republic of China*, 201 F.2d 195 (D.C.Cir. 1952).  If Allen's deposition is a factor in this Court's ultimate decision, Allen has an adequate remedy in appellate review of this Court's order.  If a higher court were to hold that the deposition should not have been taken or violated Allen's Fifth Amendment rights, no

irrevocable harm could result.  The fruits of the deposition would have to be suppressed in any future proceeding.  That this is not an appealable decision explains why the primary authorities cited by this Court authorizing a deposition of the petitioner in a capital habeas matter were district court opinions with no further history.

Allen also fails to establish that there is "substantial ground for difference of opinion." Every Court that has considered the question has held that the Fifth Amendment is not a bar to a deposition and ordered a deposition.  Allen cites no authority to the contrary.  Allen's disagreement with this Court's decision does not constitute a "substantial ground."  Lastly, any appeal would serve only to further and unnecessarily delay the disposition of this case.  The parties are endeavoring to complete depositions and discovery to be ready for the hearing.  An appeal would distract the parties from this effort and further delay a petition that is now almost 4 years old where the underlying offense was committed 14 years ago.

Allen fails to provide this Court with a meritorious basis to reconsider its ruling and his motion should be denied.  Further, the Government respectfully requests this Court to deny the motion to certify the deposition order for interlocutory appeal.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER, #24277
CARRIE COSTANTIN, #54734
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63101
(314) 539-6894

## CERTIFICATE OF SERVICE

7

I hereby certify that on October 27, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Elizabeth Unger Carlyle
Attorney at Law
P.O. Box 30418
Kansas City, MO 64112

Joseph M. Cleary
Collignon & Dietrick
310 N. Alabama, Ste. 250
Indianapolis, IN 46202

James Henry Moreno
Eric John Montroy
Assistant Federal Defenders
Capital Habeas Corpus Unit
Federal Community Defender Office for
the Eastern District of Pennsylvania
Suite 545 West - The Curtis Center
Philadelphia, PA 19106

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER

8