**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | § | |
| **Petitioner** | § | |
| | § | |
| **vs.** | **Cause No.  4:07-CV-27-ERW** | |
| | § | |
| **UNITED STATES OF AMERICA** | § | **CAPITAL CASE** |
| **Respondent** | § | |

**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE**
**TO PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner, Billie Jerome Allen, through counsel, moved for reconsideration in part of this Court's Order of October 7, 2011, granting the government leave to depose Petitioner Allen. *See* Petitioner's Motion for Reconsideration of Order Authorizing the Deposition of Petitioner, or, in the Alternative, for Order Certifying Interlocutory Appeal ("Motion for Reconsideration") [ECF No. 194].  The Government responded on October 27, 2011. *See* Government's Response to Allen's Motion for Reconsideration of Order Authorizing Deposition of Allen ("Response") [ECF 197].  In reply, Petitioner states the following:

The Government, in its response, states:  "Questions about [Mr. Allen's] life history would be redundant to the histories taken by Drs. Askenazi and Yutzy and would not be incriminating." Response at 4.  Assuming without conceding that Mr. Allen's answers to life history questions, posed after the fact, are relevant to the Court's inquiry into the reasonableness of trial counsel's performance, the Government has conceded that further questioning of Mr. Allen on this topic is "redundant."  The Government has already had two opportunities to question Mr. Allen at length about his life history through its experts. Therefore, the Government cannot show good cause to pose "redundant" questions to Mr. Allen.  This Court should amend

1

its Order to make clear that the Government is barred from asking any questions about Mr. Allen's life history.

The Government's assertion that questions about life history "would not be incriminating" reveals a misunderstanding of Mr. Allen's contention in the Motion for Reconsideration.  As Mr. Allen has argued, the Fifth Amendment privilege extends to any fact that could be used by the prosecution in support of a death sentence, *i.e.*, any fact that could be used in support of a statutory or non-statutory aggravating factor, or any fact that could be used to rebut mitigating factors.  Thus, questions about life history could be incriminating.  The Government argues that the question of the future use of any incriminating statements "should be left to a Court faced with such a re-trial," *Response* at 4, thus making clear that the Government contemplates using this deposition to make Mr. Allen "the deluded instrument of his own execution," in violation of the Fifth Amendment. *See Estelle v. Smith*, 451 U.S. 454, 462-63 (1981).

The Government also argues that "good cause" exists for questioning Mr. Allen about his communications with trial counsel based on "a document prepared by Ms. Supranovich" and "tape-recordings of conversations between Mr. Simon and Allen."  *Response* at 5.  As Mr. Allen has argued, the Government's allegations of factual dispute are vague and conclusory, and it will not be clear whether there is any factual dispute about counsel's communications with Mr. Allen until Ms. Supranowich and Mr. Simon are deposed. *See* Motion for Reconsideration at 6-7.

Moreover, a deposition of Mr. Allen regarding his communications with trial counsel is not necessary to adjudicating the claim of ineffective assistance of counsel.  This Court relied upon *Strickland v. Washington*, 466 U.S. 668, 691 (1984), for the proposition that "Allen's communications and interactions with his counsel are highly relevant and probative of his claim

2

of ineffective assistance of counsel. . . . taking the Supreme Court's language in *Strickland* together with Allen's allegations, the United States is 'entitled to discover not only counsel's version of what was said, but also petitioner's version as well.'" Order at 12-13.

While the communications between Mr. Allen and his counsel may be relevant, the government has not shown "good cause" for taking Mr. Allen's deposition. The vast majority of courts that adjudicate claims of ineffective assistance of counsel in habeas proceedings do so without taking the deposition of the petitioner. The passage from *Strickland* relied upon by this Court has generally been interpreted to indicate that trial counsel, not the petitioner, may be asked about those communications. *United States v. Marks*, 764 F.Supp.2d 585 (W.D.N.Y. 2011); *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009); *Laborde v. Virginia*, 2011 WL 2358510, *2 (E.D.Va. Jun 09, 2011); *Giordano v. United States*, 2011 WL 1831578 (D. Conn. 2011); *Stone v. UNITED STATES*, 2011 WL 2194415 (D. Me. 2011); *Nelson v. United States*, 2010 WL 3398791 (W.D Mo. 2010); *Belton v. United States*, 2010 WL 703102 (D.N.H. Feb. 23, 2010). In *Strickland* there was no testimony by the petitioner; trial counsel testified at the evidentiary hearing regarding his investigations into mitigating circumstances, and his conversations with the defendant and his family about mitigation. *Strickland*, 466 U.S. at 678. The Supreme Court relied upon that testimony to hold that trial counsel's performance was not deficient, because "[t]rial counsel could reasonably surmise from his conversations with respondent that character and psychological evidence would be of little help." *Id.* at 699.

The language from *Strickland* relied upon in this Court's Order has generally been interpreted to mean that when a petitioner raises an allegation of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to communications with trial counsel about the challenged issue. *See, e.g., United States v. Pinson*, 584 F.3d 972, 978 (10th

3

Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."). With very few exceptions, courts have not interpreted *Strickland* to require deposition of a habeas petitioner. *Bean v. Calderon*, 166 F.R.D. 452 (E.D. Cal. 1996) and *Lott v. Bradshaw*, 2005 WL 3741492 (N.D. Ohio 2005), relied upon by the Court and by the government, are the only two habeas cases known to Mr. Allen in which a district court, over objection, ordered the deposition of a habeas petitioner.

The Government also argues, unpersuasively, that this Court's order is not the proper subject of an interlocutory appeal. While other bases for review of this order exist under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); or the All Writs Act, 28 U.S.C. §1651, Mr. Allen contends that this order *also* meets the requirements for an interlocutory appeal under 28 U.S.C. §1292(b), and requests that the Court so certify if it allows the deposition of Mr. Allen to go forward.

The Sixth Circuit Court of Appeals confronted a similar question when the District Court refused to certify for appeal its order granting document production and a deposition of trial counsel related to a capital habeas petitioner's claim of actual innocence. The petitioner argued that the discovery order should be reversed due to attorney-client privilege. The court of appeals established jurisdiction through 28 U.S.C. §1651, the All Writs Act, finding that there was "extraordinary need for the review of the order before final judgment." Although the court did not decide the case based upon the collateral order doctrine, the court strongly suggested that such an order would be an appealable collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), explaining:

It should be noted that some courts of appeals have found that orders compelling discovery over a claim of privilege are immediately appealable under the collateral order doctrine. *United States v. Philip Morris*, 354 U.S. App. D.C. 171, 314 F.3d 612, 617 (D.C. Cir. 2003); *In re Ford Motor Co.*, 110 F.3d 954, 964 (3d Cir. 1997). This doctrine permits an appeal to lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). While discovery orders such as the one at issue will satisfy most of the Cohen elements, there is some question as to whether the "importance" element of the second prong will be met in every appeal of a privilege issue. See *Johnson v. Jones*, 515 U.S. 304, 315, 132 L. Ed. 2d 238, 115 S. Ct. 2151 ("We of course decide appealability for categories of orders rather than individual orders. Thus, we do not now in each individual case engage in ad hoc balancing to decide the issues of appealability"). There is some question as to whether each and every privilege ruling by a district court necessitates appellate review. This is an area of the law where the use of discretion inherent in our mandamus jurisdiction is more appropriate. As the criteria for mandamus relief are clearly met and our jurisdiction under §1651 is proper, we see no need to rule on whether or not the District Court's order is collateral.

*In re Lott*, 424 F.3d 446, 448-49 (6th Cir. 2005) (vacating and remanding order granting deposition of trial counsel in *Lott v. Bradshaw*, 2005 WL 3741492 (N.D. Ohio 2005)).

For the reasons stated above and for all the reasons stated in the Motion for Reconsideration, Mr. Allen respectfully requests that the Court reconsider in part its Order of October 7, 2011, to either deny the Government's request to depose Petitioner Allen, or to recognize the full scope of his Fifth Amendment privilege, which extends to any questions the Government may ask that would produce answers that could be used to impose a sentence of death. At a minimum, if the Court orders the deposition to go forward, Mr. Allen requests that it be limited to questions regarding his communications with trial counsel about mitigation, and, as suggested by the Government, that this Court limit the use of the deposition to his Section 2255

5

proceedings only.  In the alternative, this Court should amend its order to certify that this issue

meets the requirements of 28 U.S.C. §1292(b) for an interlocutory appeal.


                                        Respectfully Submitted,

/s/ Elizabeth Unger Carlyle              /s/ Joseph M. Cleary

_____          _____


Elizabeth Unger Carlyle #41930MO          Joseph Cleary
P.O. Box 30418                            COLLIGNON & DIETRICK
Kansas City, MO  64112                    310 N. Alabama, Suite 250
(816) 525-6540                            Indianapolis, IN  46204
elizcar@lawalumni.neu.edu                 (317) 637-1000
                                          Jcleary498@aol.com


/s/ James H. Moreno

_____

James H. Moreno
Eric J. Montroy
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut St., Suite 545W
Philadelphia, PA 19106
(215) 928-0520
James_Moreno@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2011, the foregoing *Reply* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Carrie Constantin
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Mr. Steven Holtshouser
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102.


/s/ Elizabeth Unger Carlyle

_____

Elizabeth Unger Carlyle
Counsel for Petitioner