UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV00027 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Billie Allen's ("Movant") Motion for Reconsideration of Order Authorizing the Deposition of Movant or, in the Alternative, for Order Certifying Interlocutory Appeal. [ECF No. 194]. Movant asks the Court to reconsider the portion of its October 7, 2011 Order ("Order") that authorizes Respondent the United States to depose Movant. [*See* ECF No. 188]. The United States has filed a Response, [ECF No. 197], and Movant has filed a Reply. [ECF No. 199].

**I.   BACKGROUND: MOVANT'S § 2255 MOTION, THE COURT'S ORDER AND MOVANT'S MOTION TO RECONSIDER**

Movant was convicted of two criminal counts, and has been sentenced him to life imprisonment on one count and to death on the other. *See generally United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) (en banc). These sentences were affirmed on appeal. *Id*. Movant then challenged his sentences in a Motion under 28 U.S.C. § 2255 on numerous constitutional grounds. [ECF No. 60]. The Court denied each of Movant's allegations without an evidentiary hearing, with the exception of Ground J. [ECF No. 147]. In Ground J, Movant alleges that he received ineffective assistance of counsel because -- among other reasons -- his trial counsel failed to investigate, discover and present evidence of the harrowing abuse and neglect he

experienced as he grew up in a dysfunctional home. The Court ruled that Movant was entitled to an evidentiary hearing on Ground J.

The United States then moved the Court for authorization to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings ("Rule 6"), which permits discovery only upon a showing of "good cause." [ECF No. 162]. The Court issued an Order granting the United States's discovery request, including -- as is relevant here -- its request to depose Movant. [ECF No. 188]. In that Order, the Court concluded that the Fifth Amendment privilege against self-incrimination was not an absolute bar to Movant's deposition, but that Movant did "retain his Fifth Amendment rights when being questioned by the United States[.]" [ECF No. 188 at 11]. The Court stated that Movant retained his Fifth Amendment rights during his deposition, "particularly if he were to be questioned as to his guilt," *id*., and that Movant may "raise the Fifth Amendment privilege in response to specific questions as is necessary to protect his rights concerning his guilt." *Id*. at 12. Next, the Court found that the United States had shown good cause under Rule 6, and thus it authorized Movant's deposition. *Id*. at 13. However, the Court limited the scope of that deposition "to facts and claims alleged in Ground J[.]" *Id*. In addition, the Court instructed that "[t]he questions posed by the United States must be phrased so that they are directly linked to the allegations of Ground J," and that "any questioning that addresses Allen's guilt or innocence is prohibited." *Id*.

Movant now urges the Court to reconsider its Order. First, Movant asks the Court to prohibit Movant's deposition because the United States has failed to show "good cause." Next, Movant asks the Court to recognize the full scope of Movant's Fifth Amendment privilege, based on a contention that the Court's Order implies that Movant's privilege extends only to questions concerning his guilt. Finally, if the United States is authorized to depose Movant, then Movant

also asks the Court to limit the questioning to Movant's communications with trial counsel about mitigation, to limit use of Movant's deposition to only the instant § 2255 proceedings, and to amend its Order so that it is certified for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. "GOOD CAUSE" FOR MOVANT'S DEPOSITION

First, Movant argues that the United States has failed to show "good cause" under Rule 6 for Movant's deposition. Movant does not provide any new authority, but rather continues to rely upon a passage from *Wessinger v. Cain*, No. 04-637, 2009 WL 111735 (M.D. La. Jan. 15, 2009). The Court has already considered and distinguished this passage, because in the instant case the United States has made a showing that trial counsel and Movant communicated and consulted about mitigation evidence. Movant has provided nothing that casts doubt on this conclusion. Accordingly, the Court declines to reconsider its finding of "good cause" to depose Movant.

## III. SCOPE OF MOVANT'S FIFTH AMENDMENT PRIVILEGE

Next, Movant asks the Court to recognize the full scope of Movant's Fifth Amendment privilege. Movant evidently interprets the Court's order to mean that during deposition questioning, he is entitled to raise this privilege only when questioned "as to his guilt" -- that is, whether or not Movant is culpable for the charged criminal offense conduct. If so, and if Movant is ultimately granted a new sentencing hearing, then Movant claims he could be questioned as to matters that would furnish evidence the United States could use to establish statutory or non-statutory aggravating factors under the death penalty statute, 18 U.S.C. § 3592(c), or to rebut the mitigating factors he presents. In addition, Movant notes that he remains subject to prosecution for his actions under Missouri state law.

Movant has misinterpreted the Court's Order. As the Court wrote, Movant "does retain his Fifth Amendment rights when being questioned by the United States[.]" [ECF No. 188 at 11].

3

It is undisputed that the Fifth Amendment privilege applies to both the guilt and penalty phases of a criminal trial. *See Estelle v. Smith*, 451 U.S. 454 (1981). Furthermore, Supreme Court precedent is clear that the Fifth Amendment applies beyond a criminal prosecution:

> The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.

*Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

Accordingly, the Court will note with specificity that Movant may invoke his Fifth Amendment privilege as is necessary during his deposition to protect his rights should a future criminal proceeding occur. *See, e.g.*, *Lott v. Bradshaw*, No. 1:04-cv-822, 2005 WL 3741492 at *10 (N.D. Ohio Mar. 29, 2005) ("As with the *Bean* petitioner, [Petitioner] may at any point during the deposition assert his Fifth Amendment right against self-incrimination, thereby protecting his interests in any subsequent criminal proceedings.") (referencing *Bean v. Calderon*, 166 F.R.D. 452 (E.D. Cal. Feb. 15, 1996)). Invocation of the Fifth Amendment privilege, however, permits a court to draw an adverse inference against one invoking the privilege. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("the prevailing rule is that the Fifth Amendment does not forbid adverse inferences against parties to civil actions ..."). This position is consistent with all authorities that have considered the issue known to this Court. *See, e.g.*, *Bean*, 166 F.R.D. at 457; *State ex rel. Myers v. Sanders*, 526 S.E.2d 320, 326 (W. Va. 1999).

## IV.  LIMITATION OF DEPOSITION QUESTIONING

Next, Movant asks the Court to prohibit United States from inquiring about his life history during his deposition. Movant's argument is based on a purported admission in the United States' Response, which stated that questioning Movant about his life history would be

"redundant" to the questioning of two expert witnesses who conducted independent neuro-psychological examinations of Movant.

In its Order, the Court limited the scope of deposition discovery to "the facts and claims alleged in Ground J[.]" [ECF No. 188 at 13]. Movant's life experiences form the foundation of his allegations in Ground J and they are uniquely within Movant's own personal knowledge. Therefore the United States is entitled to depose Movant about them. *Cf. Detrich*, No. CV 03-299, 2007 WL 177831 at *1 (D. Ariz. Jan. 23, 2007) ("Not only is Petitioner a central witness, albeit not the only one, regarding much of the alleged mitigation, but also he is uniquely knowledgeable about Respondents' intended inquiry regarding how his past experiences impacted his behavior and the information he relayed to others including the expert witnesses."). Accordingly, the Court will decline Movant's request to further limit the scope of Movant's deposition.

## V. LIMITATION OF DEPOSITION TO THE INSTANT PROCEEDING

In its Response, the United States suggested that the Court could address Movant's Fifth Amendment privilege concerns by exercising its power to limit Movant's proceeding to the instant § 2255 proceeding. Movant requested that the Court adopt this suggestion in his Reply. Accordingly, at the suggestion of the parties and in light of Movant's Fifth Amendment rights, this Court will enter a Protective Order pursuant to Fed. R. Civ. Pro. 26(c). This Protective Order will be entered separately and it will limit the use of Movant's deposition to the instant § 2255 proceeding.

## VI. INTERLOCUTORY APPEAL

Finally, Movant asks the Court to amend its Order by certifying the issue of whether the United States may depose Movant for an interlocutory appeal under 28 U.S.C. § 1292(b). Section

1292(b) establishes three criteria for certification of an interlocutory appeal: "(1) the order 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (citing 28 U.S.C. § 1292(b)).

Movant cannot meet this standard. First, discovery is a discretionary matter for the trial court, and "the discretionary resolution of discovery precludes the requisite controlling question of law." *Id*. Next, "[t]he little existing authority on this issue makes clear that a habeas court may, with good cause, order the deposition of a habeas petitioner," and thus Movant cannot show there is a substantial ground for a difference of opinion as to whether a § 2255 may be deposed. *Lott*, No. 1:04-cv-822, 2005 WL 3741492 at *8. Finally, because Movant has already been granted an evidentiary hearing and the parties have already engaged in extensive discovery in preparation for that hearing, there is no basis for finding that an appeal of Movant's deposition would materially advance the termination of the entirety of Movant's pending § 2255 litigation. Accordingly, the Court will decline Movant's request for certification for an interlocutory appeal under § 1292(b).[1]

## VII. CONCLUSION

Movant's primary concern appears to be that there is "no assurance that a statement by Mr. Allen in these proceedings would not be used against him" in future criminal proceedings. [ECF No. 194 at 4]. In its original Order, the Court ruled that Movant could exercise the privilege against self-incrimination during his deposition, limited the scope of Movant's deposition to Ground J, and required that all questions be phrased so that they are directly linked to the allegations of Ground J. In the instant Order, the Court reaffirms its ruling that Movant

---

[1] Movant's Motion and Reply could also be interpreted as asking the Court to certify the scope of Movant's Fifth Amendment privilege as an issue for interlocutory appeal. If so, this request is moot. *See* Section III, *supra*.

may exercise his privilege against self-incrimination during his deposition. Furthermore, the Court has also indicated it will enter a Protective Order limiting the use of Movant's deposition. The Court intends these Orders to be read together, and accordingly, Movant has the "assurance" that he seeks. Movant has been ordered to submit to deposition, questioning the allegations he made in Ground J, and he must answer those questions. If Movant exercises his Fifth Amendment rights in inappropriate or unwarranted fashion, the Court may draw an adverse inference against him and take other measures as necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Billie Allen's Motion for Reconsideration of Order Authorizing the Deposition of Movant or, in the Alternative, for Order Certifying Interlocutory Appeal [ECF No. 194] is **DENIED**. The Court will, however, enter a forthcoming separate Protective Order with respect to Movant's Depostion.

Dated this 15th day of November, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE