**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **No. 4:07CV0027 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **THIS IS A CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO UNSEAL DOCUMENTS**

**COMES NOW** the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, Steven E. Holtshouser and Carrie Costantin, Assistant United States Attorneys for said District, and in response to defendant's motion to unseal documents states, as follows:

Allen requests copies of tapes that have been in existence since October, 2011. He also acknowledges that his alleged need for the copies has been known to him for at least 2 weeks. His request comes 1 working day before the initiation of a hearing that is expected to involve a large number of witnesses and exhibits over the course of several weeks. The witness for whom the tapes are relevant, Dr. Askenazi, is scheduled to testify, by agreement of the parties, on June 8, 2012. Allen has a team of at least 5 attorneys amongst whom the task of reviewing the tapes in question can be delegated. It is not at all feasible for the Government's 2 legal representatives to review the tapes in question by the date Dr. Askenazi is scheduled to testify. The impracticalities of reviewing approximately 8 hours of tapes on such short notice would significantly prejudice the Government's

1

ability to prepare for the testimony of numerous other witnesses, many of whom have hundred of pages of prior testimony.  Dr. Askenazi submitted a detailed report, 21 pages in length, which clearly sets out the statements purportedly made by Allen during the examination.  Thus, her account of what he said during the interview is not news to Allen or his counsel.

Aside from the impracticality and prejudice of granting Allen's request at this time, the "good cause" or conflict that Allen alleges is illusory.  A review of his answers to the excerpted questions from his deposition reveals that he did not once question what Dr. Askenazi's report claimed he told her during the examination.  The questions in the excerpts concerned the reasons why he was expelled from Sumner High School and his experience in prison.  He agreed with what Dr. Askenazi put in her report.  Similarly, Dr. Yutzy's reliance on a statement in Dr. Askenazi's report does not implicate a need to determine the precise words used by Allen in answering Dr. Askenazi's questions.  Finally, there is nothing contained in the deposition excerpt for Dr. Askenazi which warrants unsealing the tapes at this late date.

Although there is already a multitude of statements by Allen on a multitude of topics, the Government has no opposition to the tapes being transcribed and provided to the parties and the Court for later review and use.  There is no need to keep the record open at the conclusion of the hearing, but if either party believes the transcript useful in the post-hearing briefing process it could be referred.  If something does appear in the transcript which warrants re-opening the hearing, Allen could be free to do so upon a showing of good cause.  Moreover, Dr. Askenazi should be given an opportunity to proofread any such transcript and correct inaudibles and speaker attributions where appropriate.  A draft transcript may be prepared by a court reporter, but no court reporter was present to authenticate the accuracy of any such draft.

As stated during the telephone conference in this case, there is a double standard here which is unwarranted.  Allen has succeeded in having the Government's experts' examinations of

2

him recorded, whereas there is no similar record of Allen's experts' clinical examinations (of which there have now been at least 4).  The Government is required to stop at a report of Allen's experts.  But, in the case of Dr. Stewart, a psychiatrist who is a key witness for Allen's habeas petition, not only did he not prepare a report, he did not preserve any notes of his examinations.  His present position is that his notes are "lost" despite the fact that in his deposition he testified that such notes did exist.  His "declaration" contains little more than conclusory statements without any degree of specificity regarding Allen's statements to him during the examinations.  Dr. Stewart's failure to provide the basis for his opinions is a significant issue that can be dealt with on cross-examination.  The Government is left without any basis to question or verify whether statements which Dr. Stewart may attribute to Allen were actually made by Allen.  The contrasting detail in Dr. Askenazi's report, which will be exhibited to the Court at the hearing, is a more than adequate basis to cross-examine her about Allen's statements.

WHEREFORE, the Government respectfully requests that Allen's motion be denied.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Steven E. Holtshouser*
STEVEN E. HOLTSHOUSER, #24277
CARRIE COSTANTIN, #54734
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63101
(314) 539-6894

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Elizabeth Unger Carlyle
P.O. Box 30418
Kansas City, MO 64112

Eric John Montroy
Assistant Federal Defenders
Capital Habeas Corpus Unit
Federal Community Defender Office for
the Eastern District of Pennsylvania
Suite 545 West - The Curtis Center
Philadelphia, PA 19106

 /s/ Steven E. Holtshouser
STEVEN E. HOLTSHOUSER, #24277

4