UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
|     vs. | ) | Case No. 4:07CV00027 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion to Disclose Recordings [ECF No. 237].

In its Order dated October 5, 2011, the Court approved the Parties' Joint Stipulation Regarding Conduct of Mental Health Examination of Billie Allen, in which the parties jointly stipulated and agreed that government expert Galit Askenazi, PhD, could perform a complete neuropsychological examination and evaluation of Movant, subject to certain conditions and agreements, including that the evaluation would be video- and audio-taped, the tapes would not be copied, the tapes would be filed under seal by the Government, and the tapes could not be viewed by either party or their experts except by Court Order upon a showing of good cause [ECF No. 186].

Movant asserts that good cause now exists to permit Movant to review the recordings of the neuropsychological evaluation because, in the course of depositions conducted in May, it became clear that the Government intended use statements Movant purportedly made to Dr. Askenazi in Movant's § 2255 proceeding. Movant further claims that there are factual disputes regarding the content of those statements and the questions Dr. Askenazi asked Movant.

The Government has objected to Movant's Motion as untimely.  In its Response, the Government states that Dr. Askenazi is scheduled to testify during Movant's evidentiary hearing on June 8, 2012, and asserts that the impracticalities of reviewing approximately eight hours of recordings on short notice would significantly prejudice the Government's ability to prepare for the testimony of numerous other witnesses.  The Government further states that Movant's "good cause" is illusory.

Having reviewed Movant's Motion and supporting exhibits, the Court finds that the Movant has not made the requisite showing of good cause to release the recordings for viewing.  However, Movant has also requested that the recordings be transcribed for later review by the Court and counsel, and that the record be kept open for evidence from the recordings, as well as additional testimony and evidence that may be needed after the transcripts are reviewed.  The Government has objected to Movant's request to keep the record open at the conclusion of the hearing, but does not oppose Movant's request for the recordings to be transcribed.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion is **GRANTED in part,** and **DENIED in part.**

Movant's request that the recordings of Dr. Askenazi's neuropsychological evaluation of Movant be released for viewing is **DENIED.**

Movant's request that the recordings be transcribed for later review by the Court and counsel is **GRANTED.**

**IT IS FURTHER ORDERED** that the recordings of Dr. Askenazi's evaluation of Movant be transcribed for later review.  If the transcription is not expected to be available prior to trial in the normal due course, the Government can expedite the transcription request.

Movant's request that the record be kept open for evidence from the recordings and any additional testimony or evidence that may be needed after review will be taken under advisement.

**Dated this  1st  day of June, 2012.**

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**