IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE J. ALLEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:07 CV 27 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

GOVERNMENT'S RESPONSE TO
PETITIONER'S RESPONSE TO COURT'S MEMORANDUM AND ORDER

COMES NOW the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Carrie Costantin and

Joseph M. Landolt, Assistant United States Attorneys for said District, and files this response to

Petitioner's *pro se* Response to Court's Memorandum and Order.

Petitioner presents four claims in his supplemental *pro se* motion [Document 363] filed in

response to the Court's Memorandum and Order dated December 11, 2013 [Document 361].

Petitioner asserts 1) fraud on the court; 2) conflict of interest; 3) further DNA testing to prevent a

miscarriage of justice; and 4) cumulative effect of trial counsel's ineffectiveness.   All these claims

should be denied.

I.       Petitioner's Claim that There Was Fraud on the Court Fails Because the Motion To

          Suppress Claim was Decided on Direct Appeal and His Claim is Untimely and

          Fails to Meet the Rule 60(b)(3) Standards

Petitioner's first claim is that there was a fraud on the Court because, he asserts, the police

officers lied about whether he had waived his *Miranda* rights.   The validity of his waiver was

1

fully litigated during the criminal case.   The Court of Appeals affirmed the denial of his motion to suppress statements.   *United States v. Allen,* 247 F.3d 741, 764-7 (8th Cir. 2001), *vacated on other grounds,* 536 U.S. 953, 122 S. Ct. 2653, 153 L.Ed.2d 830 (Mem. 2002).   Because his claim was considered and rejected on appeal, it is not cognizable in a Section 2255 motion.   *Thompson v. United States*, 7 F.3d 1377 (8th Cir. 1993) .

Petitioner also couches his first claim as one under Fed. R. Civ. P. 60(b)(3), asserting that there was fraud by the Government.     "Generally, Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances."   *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995).   Relief under Rule 60(b)(3) requires that the petitioner prove fraud or misrepresentation by the opposing party, i.e., the Government, by "clear and convincing evidence."   *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 722 (8th Cir. 2010).   Petitioner has failed to show any fraud or misrepresentation by the Government, let alone by clear and convincing evidence.   Petitioner simply cites portions of the motion hearing transcript with supposedly inconsistent statements of witnesses.   This transcript was reviewed by the Magistrate Judge and the District Judge when each denied his motion to suppress statements.   Their ruling was upheld on appeal.

Moreover, petitioner's Rule 60(b)(3) claim is untimely.   Relief under Rule 60(b)(3) is limited to "no more than a year after the entry of the judgment or order or the date of the proceeding."   Fed. R. Civ. P. 60(c)(1).   This motion was filed well over a year from the date of the judgment.     "Rule 60(b)(6)... empowers the court to reopen a judgment even after one year has passed for 'any other reason justifying relief from the operation of the judgment.'"   *Pioneer Inv. Services Co. v. Brunswick*, 507 U.S. 380 (1993) citing Fed. R. Civ. P. 60(b)(6).   However, "(t)o

justify relief under subsection (6)..." so that the one year filing limitation of Rule 60(c)(1) for Rule 60(b)(1)-(3) does not apply, "...a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Services Co.*, 507 U.S. at 393 citing *Ackerman v. United States*, 340 U.S. 193, 197-200 (1950) and *Klapprott v. United States*, 335 U.S. 601, 613-614 (1949).   Petitioner cannot show such extraordinary circumstances for the delay.   His claim rests on citations from a transcript of the motion to suppress hearing that occurred in 1997—over fifteen years ago.

Petitioner's first *pro se* supplemental claim should be denied.   It is not cognizable in a Section 2255 motion because it was heard and denied on direct appeal.   As a Rule 60 (b)(3) motion, it is untimely and does not demonstrate exceptional circumstances.

II.      Petitioner's Claim of Conflict of Interest is Conclusory and Untimely and Fails to Relate Back to the Timely Filed Section 2255 Motion

Petitioner claims that he received ineffective assistance of counsel and his Sixth Amendment rights were violated because there was a conflict of interest between petitioner and trial counsel Richard Sindel.   Petitioner does not describe the so-called "conflict of interest."   His claim is conclusory and should be denied.   Furthermore, his "conflict of interest" claim is untimely because it fails to relate back to claims within his timely filed Section 2255 petition.

In *Morelos v. United States,* 709 F.3d 1246, 1252 (8th Cir. 2013), the Court stated:

> Under *Cuyler* [*v. Sullivan,* 446 U.S. 335, 100 S.Ct.1708, 64 L.Ed., 333 (1980)] a defendant must prove the existence of an actual conflict of interest. 446 U.S. at 348, 100 S.Ct. 1708. "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Noe [v. United States*, 601 F.3d 784, 790 (8th Cir.)], (quoting *Mickens [v. Taylor]*, 535 U.S. at 174–75, 122 S.Ct. 1237). "The effect must be actual and demonstrable, causing the attorney to choose to engage or not to engage in particular conduct." *Id.* (quoting *Covey [v. United States]*, 377 F.3d at 908). To prove a conflict produced an adverse effect, a defendant must "identify a plausible alternative

3

defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir.2006) (quoting *Covey*, 377 F.3d at 908) (internal quotations omitted).

Petitioner has failed to state the nature of the conflict of interest, to identify a plausible alternative defense strategy or tactic defense counsel might have pursued, or to establish that a conflict of interest caused defense counsel to fail to pursue such alternative strategy or tactic. Petitioner refers to the "Court's First Notice of Conflict" which were two letters that he wrote to the Magistrate Judge requesting a new lawyer in 1997.   In those letters, petitioner never described a conflict of interest between himself and his counsel; he merely requested that the counsel meet with him more often, talk to him on the telephone more frequently, and arrange for his release on bond. [4:97 CR 141 ERW, Documents 95, 96].   This does not describe a *conflict of interest*.   The Magistrate Judge denied the request.   [4:97 CR 141 ERW, Document 98].

Petitioner further claims that the "Court's Second Notice of Conflict" was in trial counsel's Motion for New Trial.   The only relevant statement in the Motion for New Trial was the assertion that "The District Court erred, clearly erred or abused its discretion in denying the defendant's motion for appointment of different counsel (Doc. Nos. 95 & 97) [sic], in violation of the First, Fifth, Sixth and Eighth Amendments."   Nothing in the Motion for New Trial delineated any conflict of interest between petitioner and counsel.   [4:97 CR 141 ERW, Document 421].

Petitioner's claim of a "conflict of interest" with his counsel is conclusory and devoid of a factual basis.   "A Section 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or

4

conclusions rather than statements of fact.'"   *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)), cert denied, 540 U.S. 1199 (2004).   Petitioner's claim should be dismissed.

In addition, petitioner's claim of a so-called conflict of interest is untimely.   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that all motions pursuant to Section 2255 must be filed within a one-year period which begins to run, with certain exceptions, after the petitioner has exhausted direct appeals.   Petitioner's original complaint, filed in 2007, was timely filed.   His recently-filed conflict-of-interest claim is untimely unless it is deemed to relate back to the timely filed motion under Federal Rule of Civil Procedure 15(c). None of the claims in his timely filed motion concern any alleged conflict-of-interest.   His new claim should therefore be dismissed as untimely.

III.      Petitioner's Claim that the White Strap Should be Subjected to Additional DNA Testing Was Considered by the Court and Rejected

Petitioner claims that further DNA testing is required to prevent a miscarriage of justice. Specifically, he requests further testing of a white strap from Holder's bullet-proof vest that was found at the scene of the van crash.   The strap was previously tested for the blood of petitioner and the victim and both were excluded.   Petitioner claims that further testing would find the "actual 'second suspect.'"   [Document 363, p. 14].   This Court has previously considered this claim and rejected it.

In its Memorandum and Order of May 20, 2011, this Court stated:

Allen first claims that counsel should have further investigated evidence from a June 5, 1997 DNA report indicating that blood from item Q-4, a white strap found in the course of the police investigation, did not match that of Allen or Mr. Heflin, the individual Allen was found guilty of murdering. Allen claims that counsel was ineffective in not seeking further

5

testing because such testing could have revealed that the blood was from one Jerry Bostic, who according to Allen may have been the individual who carried out the robbery with Holder. This claim is entirely speculative and insufficient to warrant an evidentiary hearing, given the lack of any colorable allegations linking Bostic to the crimes for which Allen was convicted.

Memorandum and Order, p. 40 [Document 147].

This claim was considered by the Court and denied. Petitioner's *pro se* claim should also be denied.

IV.     Petitioner's Claim that the Cumulative Effect of Counsel's Errors Created

        Ineffective Assistance of Counsel Was Considered by the Court and Rejected

Petitioner claims that the cumulative effect of trial counsel's alleged ineffectiveness denied him a fair trial and resulted in a miscarriage of justice. This Court has considered this argument and rejected it.

In the Court's Memorandum and Order of May 10, 2011, this Court stated:

> In his last claim for relief, Allen contends that his sentence should be vacated based on the cumulative effect of the instances of prosecutorial misconduct and ineffective assistance of counsel alleged in his Amended Motion.
> This claim will be denied as insufficient on its face because cumulative error cannot give rise to a finding of prejudice, as the Eighth Circuit has clearly held:
>> We repeatedly have recognized [that] "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) (citation omitted); see, e.g., *United States v. Robinson*, 301 F.3d 923, 925 n.3 (8th Cir. 2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine); *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation." (citation omitted)); *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990) (holding "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own" (citation omitted)).
> *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). With the exception of his ineffective assistance claim concerning his sentencing presentation, the Court has concluded that none of Allen's allegations of constitutional violations were sufficient to

6

undermine the Court's confidence in the outcome of his trial, and *Middleton* and the cases cited therein make clear that Allen cannot obtain relief on a cumulative error theory. Accordingly, there is no need to hold an evidentiary hearing on this claim.

Memorandum and Order, p. 87 [Document 147].

The Court has considered the cumulative errors argument and rejected it.   Petitioner's *pro se* version should also be denied.

For the foregoing reasons, the Government respectfully requests that the Court deny all claims raised in Petitioner's *pro se* Response to Court's Memorandum and Order.

Respectfully submitted,

RICHARD G. CALLAHAN.
United States Attorney

*/s/   Carrie Costantin*
CARRIE COSTANTIN #35925MO
JOSEPH M. LANDOLT, #27509 MO
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63101
(314) 539-2200
carrie.costantin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record and a copy was mailed to Billie Allen, 26901-044, USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808.

*s/Carrie Costantin*
Carrie Costantin   #35925 MO
Assistant United States Attorney

7