**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BILLIE JEROME ALLEN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:07CV00027 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Billie Jerome Allen's Pro Se Response to

Court's Memorandum and Order [ECF No. 363] and Movant's Pro Se Supplement [ECF No.

370].

**I.      DISCUSSION**

On November 25, 2013, Movant filed a Letter to the Court requesting permission to file a

pro se motion raising additional grounds for his pending Amended Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under a Sentence

of Death (Amended Motion) [ECF No. 60].   The Court, although recognizing it had no

obligation to entertain pro se filings while Movant is represented by counsel, permitted Movant

to state his additional grounds for relief.   The Court allowed Movant to "submit only those

filings necessary to apprise the Court of (1) the substance of his additional grounds for relief, and

(2) whether such grounds have been procedurally defaulted."   ECF No. 361 at 2.

In his Response to Court's Order and Memorandum [ECF No. 363], Movant alleges four

additional grounds for relief.   For reasons stated *infra*, the Court denies relief.

### A.     Fraud on the Court

In his first argument, Movant contends police officers committed a fraud on the Court when they testified they honored Movant's request for counsel, and only spoke to him after he initiated contact.   Movant's allegations arise out of certain testimony taken at a hearing concerning his motion to suppress statements made to law enforcement officers.   Specifically, Movant alleges one officer, Detective Harper, testified another officer, Lieutenant Henderson, gave instructions not to ask Movant any questions, because Movant had invoked his right to counsel.   Movant asserts Lieutenant Henderson later contradicted this testimony at trial when he admitted he was unaware Movant had invoked his right to counsel to another officer, Special Agent Hartman.

As an initial matter, even accepted as true, the allegations proffered by Movant fail to amount to a fraud on the Court.   According to Movant, Lieutenant Henderson testified as follows:

> Q.     Listen to my question.  I don't care if you spoke with Agent Hartman or not.  What I want to know is at the time you interviewed Mr. Allen,[1] were you aware that he had told Agent Hartman [about the request for counsel?]
>
> A.     No.  No, I was not sir.

ECF No. 363 at 4.  Nothing in this testimony contravenes the notion Mr. Allen's *Miranda* rights were scrupulously honored.   To the extent Movant points out a minor discrepancy between Lieutenant Henderson's testimony and Detective Harper's testimony,[2] the Court is not convinced this slight inconsistency amounts to a fraud on the Court, or otherwise affects the credibility of the officers so deeply as to change the outcome of the motion to suppress.

---

[1] Pretrial testimony established Movant requested to speak with Lieutenant Henderson, after invoking his *Miranda* rights.
[2] The Court by no means concludes these statements, as alleged by Movant, are inconsistent.

In any event, on direct appeal, the Eighth Circuit discussed the validity of Movant's *Miranda* waiver at length, and ultimately affirmed the denial of his motion to suppress statements. *U.S. v. Allen*, 247 F.3d 741, 764-67 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953 (2002). To the extent Movant's instant argument is new, it could have been raised on direct appeal, but was not. In such circumstances, claims under 28 U.S.C. § 2255 are procedurally defaulted. *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994). Nor has Movant shown cause for default, actual prejudice, or actual innocence. *U.S. v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Relief under § 2255 must be denied.[3]

Aside from asserting entitled relief under § 2255, Movant claims relief under two subsections of Federal Rule of Civil Procedure (FRCP) 60. First, Movant seeks relief under FRCP 60(b)(3), which allows a court to vacate a judgment on the basis of "fraud . . . , misrepresentation, or misconduct by an opposing party[.]" Movant does not qualify for relief under FRCP 60(b)(3), however, because motions brought under FRCP 60(b)(3) must be filed within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

Second, Movant seeks relief under FRCP 60(d)(3). Under FRCP 60(d)(3), a court may "set aside a judgment for fraud on the court," without a specific time bar. *Williams v. Dormire*, No. 4:10CV1413 CAS, 2010 WL 3270111, at *2 (E.D. Mo. Aug. 17, 2010). The standard for showing fraud on the court is "demanding." *Jackson v. Thaler*, 348 Fed. Appx. 29, 34 (5th Cir. 2009). "Only the most egregious misconduct, such as bribery of a judge or members of a jury, or

---

[3] Movant briefly attempts to couch his allegations as an ineffective assistance of counsel claim, as well. Movant states trial counsel should have renewed their objection to the admission of his confession when Lieutenant Henderson testified as set forth above. Movant has failed to show trial counsel's conduct, accepted as true, fell outside the strong presumption of reasonable professional assistance. *Delgado v. U.S.*, 162 F.3d 981, 982 (8th Cir. 1998). Additionally, Movant has not met his burden in adequately alleging prejudice, as he has merely made a conclusory statement the outcome of his proceedings would have been different. *See id.* at 983.

the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)) (internal adjustments omitted). To obtain entitlement to relief under FRCP 60(d)(3), Movant must show the following elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud . . . which prevented the [movant] . . . from obtaining the benefit of his [position]; (4) the absence of fault or negligence on the part of [movant]; and (5) the absence of any adequate remedy at law.

*Williams*, 2010 WL 3270111, at *2 (quoting *Bankers Mortg. Co. v. U.S.*, 423 F.2d 73, 79 (5th Cir. 1970)).

In light of this stringent standard, relief under FRCP 60(d)(3) is inappropriate. Even accepted as true, Movant's allegations do not rise to the level of egregious misconduct within the meaning of FRCP 60(d)(3). Movant has not even alleged the remaining elements of a fraud on the court. Furthermore, based on Movant's arguments, the Court is not convinced the purported "fraud" affected the outcome of Movant's criminal proceedings. Movant's first asserted ground for relief is denied.

### B.    *Conflict of Interest*

In his second argument, Movant contends he received ineffective assistance of counsel because he had a conflict of interest with his trial counsel, Rick Sindel. Movant does not state the nature of this purported conflict of interest.

Movant's second claim will be denied. First, it is untimely, because it fails to relate back to his timely filed Motion under 28 U.S.C. § 2255. *Mandacina v. U.S.*, 328 F.3d 995, 1000 (8th Cir. 2003) ("[O]nly if . . . the ineffective counsel claims alleged in [the] supplemental section 2255 motion can be said to have arisen out of the same set of facts as [the] original claims will they relate back for purposes of deeming the claims timely filed."). Second, Movant's conflict of

interest claim is conclusory; Movant does not define a conflict, but merely states he made requests to have Mr. Sindel removed from his case.[4]  Movant has failed to allege the nature of the supposed conflict, an "actual and demonstrable" effect on counsel's performance, and an objectively reasonable, "plausible alternative defense strategy or tactic that defense counsel might have pursued[.]"[5]  *Morelos v. U.S.*, 709 F.3d 1246, 1252 (8th Cir. 2013) (internal quotations omitted).  Where a motion under § 2255 alleges conclusions rather than facts, the Court may deny the motion without an evidentiary hearing.  *Thomas v. U.S.*, 737 F.3d 1202, 1206-07 (8th Cir. 2013).  Accordingly, Movant's second claim for relief is denied.

### C.  *Additional DNA Testing*

In his third ground for relief, Movant claims counsel was ineffective for failing to further investigate a potential "second suspect."  Specifically, Movant claims he is entitled additional DNA testing of a white strap from codefendant Norris Holder's bulletproof vest.  The strap was previously tested, and results were negative for both Movant and the victim, Richard Heflin.  Movant argues additional testing would show DNA belonging to another individual, Jerry Bostic.

As the Government points out, the Court has already considered and rejected this claim in its Memorandum and Order dated May 10, 2011 [ECF No. 147].  The Court stated,

> Allen first claims that counsel should have further investigated evidence from a
> June 5, 1997 DNA report indicating that blood from item Q-4, a white strap found

---

[4] Movant contends, based on these requests, the Court had a duty to inquire whether a conflict of interest existed.  Merely requesting a new attorney, however, did not put the Court on notice of a conflict of interest.

[5] This burden of proof, which stems from *Cuyler v. Sullivan*, 446 U.S. 335 (1980), is lower than the burden set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), because it presumes prejudice.  Here, the Court need not decide which standard applies, because it concludes Movant has failed to meet his burden under either standard.  *Morelos v. U.S.*, 709 F.3d 1246, 1252 (8th Cir. 2013) ("[W]e decline to decide the issue here because we conclude Morelos's claims would fail under the standards of either *Cuyler* or *Strickland*.").

in the course of the police investigation, did not match that of Allen or Mr. Heflin, the individual Allen was found guilty of murdering. Allen claims that counsel was ineffective in not seeking further testing because such testing could have revealed that the blood was from one Jerry Bostic, who according to Allen may have been the individual who carried out the robbery with Holder. This claim is entirely speculative and insufficient to warrant an evidentiary hearing, given the lack of any colorable allegations linking Bostic to the crimes for which Allen was convicted. Even if the blood were Bostic's, moreover, the evidence still would not undermine the Court's confidence in the accuracy of the outcome, given Allen's confession, extensive evidence concerning Allen and Holder's planning of the robbery, and the numerous eyewitness reports describing the robber ultimately found to be Allen as 5'8" to over 6' tall, in contrast to Bostic's undisputed height of 5'5."

ECF No. 147 at 40. Thus, for reasons previously stated, the Court rejects Movant's third claim for relief.[6]

### D.    *Cumulative Effect of Trial Counsel's Performance*

Finally, Movant alleges the cumulative effect of trial counsel's performance fell below the standards of the Sixth Amendment and prejudiced him. Movant raises a number of supposed deficiencies, some of which have been previously discussed, and none of which the Court finds convincing or otherwise within the ambit of the Sixth Amendment. Moreover, as the Government states, the cumulative effect of trial counsel's alleged ineffectiveness was rejected by this Court in its Memorandum and Order dated May 10, 2011:

> In his last claim for relief, Allen contends that his sentence should be vacated based on the cumulative effect of the instances of prosecutorial misconduct and ineffective assistance of counsel alleged in his Amended Motion.
>
> This claim will be denied as insufficient on its face because cumulative error cannot give rise to a finding of prejudice, as the Eighth Circuit has clearly held:
>
> > We repeatedly have recognized [that] "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers*, 296 F.3d

---

[6] The basis for rejecting Movant's "damp cloth" argument is identical. *See* ECF No. 363 at 15, 367 at 11-12.

> 685, 692 (8th Cir. 2002) (citation omitted); *see, e.g.*, *United States v. Robinson*, 301 F.3d 923, 925 n.3 (8th Cir. 2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine); *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation." (citation omitted)); *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990) (holding "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own" (citation omitted)).

> *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). With the exception of his ineffective assistance claim concerning his sentencing presentation, the Court has concluded that none of Allen's allegations of constitutional violations were sufficient to undermine the Court's confidence in the outcome of his trial, and *Middleton* and the cases cited therein make clear that Allen cannot obtain relief on a cumulative error theory. Accordingly, there is no need to hold an evidentiary hearing on this claim.

ECF No. 147 at 87. Likewise, Movant's last pro se claim for relief is denied.

## II. MOVANT'S PRO SE SUPPLEMENT

In his Pro Se Supplement [ECF No. 370], Movant asks the Court to compel the Government to turn over audio recordings of witnesses' interviews with law enforcement. Movant contends these recordings contain exculpatory evidence intentionally withheld by the Government.

The Court finds this filing to be wholly without merit. On the basis of Movant's Supplement, it is not clear such audio recordings ever existed. Liberally construing Movant's Supplement as asserting a *Brady* violation, the Court still finds Movant's claim to be conclusory and insufficiently pled. Movant has not pled facts establishing (1) the supposedly withheld evidence was favorable to him, (2) the Government suppressed evidence, and (3) the evidence was material to guilt. *U.S. v. Barraza Cazares*, 465 F.3d 327, 333 (8th Cir. 2006). Rather, he merely speculates the Government has retained audio recordings for nearly 17 years, and alleges

they contain exculpatory evidence.  Relief is denied.

## III.    RIGHT TO EVIDENTIARY HEARING

The Court concludes Movant's "allegations, accepted as true, would not entitle [him] to relief[.]"  *Tinjero-Ortiz*, 635 F.3d 1100, 1105 (8th Cir. 2011).  His allegations are "contradicted by the record," "inherently incredible," or "conclusions rather than statements of fact," or a combination of these categories.  *Id.*  In particular, review of the record establishes Movant was assisted effectively by counsel and received a reasonable defense.  As Movant has failed to sufficiently allege entitlement to habeas relief, an evidentiary hearing is not required.

## IV.    CERTIFICATE OF APPEALABILITY

The Court finds Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Therefore, the Court shall not issue a certificate of appealability as to any claims in Movant's pro se filings.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Billie Jerome Allen's Pro Se Response to Court's Memorandum and Order [ECF No. 363] is **DENIED.**

**IT IS FURTHER ORDERED** that Movant Billie Jerome Allen's Pro Se Supplement [ECF No. 370] is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability will issue, as Movant Billie Jerome Allen has not made a substantial showing of the denial of a federal constitutional right.

Dated this 25th Day of June, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE