# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3495

_____

Billie Jerome Allen,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2016
Filed: July 20, 2016

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Billie Jerome Allen was convicted on two charges arising from an armed bank robbery that resulted in the death of a bank security guard, and he was sentenced to death. He later moved to vacate his sentence under 28 U.S.C. § 2255 on several

grounds. The district court[1] denied Allen's motion. We granted a certificate of appealability on one question: Whether Allen was denied effective assistance of counsel when his trial counsel failed to object to the empaneling of an anonymous jury. We conclude that counsel's failure to argue for an extension of the law to forbid the jury procedures in Allen's case did not constitute ineffective assistance of counsel, and we therefore affirm.

In 1997, a grand jury charged Allen with killing a bank security guard in the course of an armed bank robbery, *see* 18 U.S.C. § 2113(a), (e), and using and carrying a firearm during and in relation to an armed bank robbery that resulted in a death by murder. *See* 18 U.S.C. § 924(c)(1), (j)(1). The government filed a timely notice of intent to seek the death penalty.

Before jury selection, in accordance with 18 U.S.C. § 3432, the district court ordered disclosure of the names and addresses of all venirepersons to Allen's counsel and the government. Each venireperson was given an identifying number, but the parties did not know which number was assigned to which name. The parties also received detailed questionnaires that the prospective jurors completed. On those documents, the jurors were identified only by number. Before *voir dire*, the court informed the prospective jurors that they would be identified only by number during court proceedings. The parties then addressed the prospective jurors by number and professed ignorance of their names. A jury was seated based on the use of numbers, and the case proceeded to trial in February 1998. The jury ultimately convicted Allen on both counts, and he was sentenced to death.

This court affirmed Allen's convictions and sentences on direct appeal. *United States v. Allen*, 406 F.3d 940, 942 (8th Cir. 2005) (en banc). Allen sought relief under

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

-2-

28 U.S.C. § 2255, and the district court denied the motion. *Allen v. United States*, No. 4:07CV00027 ERW, 2014 WL 2882495, at *160-61 (E.D. Mo. June 25, 2014). This court then granted a certificate of appealability on the question raised here.

Allen contends that his counsel was ineffective under the Sixth Amendment for failing to object to the empaneling of an anonymous jury. He argues that the district court erred in denying the claim and, at a minimum, should have held an evidentiary hearing to inquire into counsel's thought process. We review the district court's legal conclusions *de novo*. The decision to resolve a § 2255 motion without a hearing is reviewed for abuse of discretion, but whether a hearing was necessary depends in part on our *de novo* review of the court's ruling on the merits of the claim. *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013).

To establish a violation of the Sixth Amendment right to effective assistance of counsel, Allen must show that his trial counsel's performance was deficient and that Allen suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our scrutiny of counsel's performance is "highly deferential," *id.* at 689; the movant must show that counsel's performance fell "outside the wide range of professionally competent assistance" that is sufficient to satisfy the Sixth Amendment. *Id.* at 690. The failure of counsel to anticipate a rule of law that has yet to be articulated does not render counsel's performance professionally unreasonable. *Fields v. United States*, 201 F.3d 1025, 1027-28 (8th Cir. 2000); *see New v. United States*, 652 F.3d 949, 952 (8th Cir. 2011); *Anderson v. United States*, 393 F.3d 749, 754-55 (8th Cir. 2005).

The dispute in this case centers on whether counsel should have objected to the empaneling of an "anonymous" jury. This court has approved the use of anonymous juries in certain circumstances and set forth factors to guide a determination about whether such a procedure is warranted. *United States v. Darden*, 70 F.3d 1507, 1532-33 (8th Cir. 1995). Allen argues that his counsel should have objected to the use of

-3-

numbers to identify the jury on the ground that the procedure made the jury "anonymous," and that the circumstances of this case did not justify the procedure. He contends that the use of numbers prejudiced his defense because the practice led the jury to believe that he was dangerous.

To examine the reasonableness of counsel's performance, we must consider the state of the law at the time of trial concerning whether a jury was properly characterized as "anonymous." The two leading cases in the area were *United States v. Lee*, 886 F.2d 998 (8th Cir. 1989), and *Darden*, decided in 1995. In *Lee*, the trial judge assigned numbers to each member of the venire during jury selection and said that all references to the jurors would be by numbers. The defense possessed the names of the jurors, but it is unclear from the decision whether counsel knew which number corresponded to which name. On appeal, the defendants argued that the use of numbers to identify the jurors was an unconstitutional "anonymous" jury. This court rejected the claim, holding that there was "no prejudice in the court's procedure" because "defendants' counsel were provided with the names of the jurors." *Id.* at 1001-02. The court in *Darden* then ruled that a jury was "anonymous" when a trial judge refused to disclose the names of the venirepersons to the parties. 70 F.3d at 1532.

Given the state of the law at the time of trial, it was not professionally unreasonable for counsel to forego an objection to the district court's procedure for identifying the jurors. *Lee* held that where a district court disclosed the names of jurors to defense counsel, but then identified the jurors in court only by number, there was "no prejudice in the court's procedure." 886 F.2d at 1001-02. It was unsettled whether *Lee* should be limited to a case where the court also provides defense counsel with a list that shows which number has been assigned to which named juror. The opinion in *Lee* did not explain whether counsel possessed that information. Allen's counsel might have urged the district court to construe *Lee* narrowly and to extend *Darden* to a case where counsel was provided with the names of jurors but did not

-4-

know which name matched which numbered juror in the courtroom. But the failure of counsel to argue for an extension of the law or a novel interpretation of circuit precedent is not constitutionally deficient performance. *New*, 652 F.3d at 952-53; *Anderson*, 393 F.3d at 754-55; *Fields*, 201 F.3d at 1027-28.

Allen complains that the district court at least should have held an evidentiary hearing to determine why trial counsel declined to object to the jury procedure. A petitioner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). But "no hearing is required where the claim is inadequate on its face." *New*, 652 F.3d at 954 (quotation omitted).

"The *Strickland* test . . . is an objective one; as long as counsel performed as a competent lawyer would, his or her detailed subjective reasoning is beside the point." *Cofske v. United States*, 290 F.3d 437, 444 (1st Cir. 2002); *see Thomas v. Varner*, 428 F.3d 491, 500-01 & n.10 (3d Cir. 2005); *Chandler v. United States*, 218 F.3d 1305, 1315 & nn. 16-17 (11th Cir. 2000) (en banc); *Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). In light of the circuit precedent in *Lee* and *Darden*, it was objectively reasonable for trial counsel to acquiesce in the district court's jury procedure. As in *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002), where a movant unsuccessfully attacked counsel's performance for failing to anticipate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), no evidentiary hearing was necessary to resolve the claim.

The judgment of the district court is affirmed.

_____

-5-

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 20, 2016

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE:  14-3495  Billie Allen v. United States

Dear Sirs:

    A published opinion was filed today in the above case.

    Counsel who presented argument on behalf of the appellant was Timothy P Kane, AFPD, of Philadelphia, PA.

    Counsel who presented argument on behalf of the appellee was Carrie Costantin, AUSA, of Saint Louis, MO.

    The judge who heard the case in the district court was Honorable E. Richard Webber. The judgment of the district court was entered on August 22, 2014.

    If you have any questions concerning this case, please call this office.

        Michael E. Gans
        Clerk of Court

SRD

Enclosure(s)

cc:  MO Lawyers Weekly

    District Court/Agency Case Number(s):   4:07-cv-00027-ERW

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 20, 2016

Mr. Timothy P Kane
FEDERAL COMMUNITY DEFENDER OFFICE
545W The Curtis Center
601 Walnut Street
Philadelphia, PA  19106-0000

     RE:  14-3495  Billie Allen v. United States

Dear Counsel:

     The court today issued an opinion in this case. Judgment in accordance with the opinion was also entered today. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 45 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant, for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 45 day period for filing permitted by FRAP 40 may be denied as untimely.

                              Michael E. Gans
                              Clerk of Court

SRD

Enclosure(s)

cc:     Mr. Billie Jerome Allen
        Ms. Carrie Costantin
        Mr. Joseph M. Landolt
        Mr. Gregory J. Linhares
        Mr. Eric John Montroy

        District Court/Agency Case Number(s):   4:07-cv-00027-ERW